UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN PARROTT AND LAURIE PARROTT, Derivatively on Behalf of BIOPURE CORPORATION, | ) ) ) | Civil Action No. 1:04-cv-10177-NG |
| | ) | Assigned to: Judge J. Nancy Gertner |
| Plaintiffs, | ) ) | Magistrate Judge Alexander |
| vs. | ) ) ) | |
| THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON and J. RICHARD CROUT, M.D., | ) ) ) ) ) | DERIVATIVE ACTION |
| Defendants, | ) ) | |
| -and- | ) ) ) | |
| BIOPURE CORPORATION, a Delaware Corporation, | ) ) ) ) | |
| Nominal Defendant. | ) ) | |

[Caption continued on next page]



RICH REINISCH, Derivatively on Behalf of        )        Civil Action No. 1:04-cv-10215-NG
BIOPURE CORPORATION,                            )
                                                )        Assigned to: Judge J. Nancy Gertner
                       Plaintiff,               )
                                                )        Magistrate Judge Alexander
         vs.                                    )
                                                )
THOMAS A. MOORE, CARL W. RAUSCH,                )        DERIVATIVE ACTION
DAVID N. JUDELSON, CHARLES A.                   )
SANDERS, M.D., C. EVERETT KOOP, M.D.,           )
DANIEL P. HARRINGTON and J. RICHARD             )
CROUT, M.D.,                                    )
                                                )
                       Defendants,              )
                                                )
         -and-                                  )
                                                )
                                                )
BIOPURE CORPORATION, a Delaware                 )
Corporation,                                    )
                                                )
                       Nominal Defendant.       )
                                                )

# [PROPOSED] PRETRIAL ORDER NO. 1

## I.    CONSOLIDATION

The above-captioned shareholder derivative actions and all other cases that relate to the
same subject matter that are subsequently filed in or transferred to this Court are hereby
consolidated into one action (hereinafter, the "Consolidated Derivative Action") for all purposes,
pursuant to Fed. R. Civ. P. 42.  This Order (the "Order") shall apply as specified to the
Consolidated Derivative Action and to each case that relates to the same subject matter that is
subsequently filed in this Court or transferred to this Court and is consolidated with the
Consolidated Derivative Action.

## II.   MASTER DOCKET AND MASTER FILES

(1)     A Master File is hereby established for this proceeding.  The Master File shall be Civil Action No. 1:04-cv-10177-NG.  The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

(2)     An original of this Order shall be filed by the Clerk in the Master File.

(3)     The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Derivative Action.

## III.   CAPTION OF THE CASE

Every pleading filed in the Consolidated Derivative Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION DERIVATIVE LITIGATION | ) ) ) ) ) ) | Master Docket No. 1:04-cv-10177-NG<br><br>Assigned to: Judge J. Nancy Gertner<br><br>Magistrate Judge Alexander |

## IV.   NEWLY-FILED OR TRANSFERRED ACTIONS

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Derivative Action.

When a case that arises out of the same subject matter of the Consolidated Derivative Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court

2

shall:

(1)     File a copy of this Order in the separate file for such action;

(2)     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(3)     Make the appropriate entry in the Master Docket for the Consolidated Derivative Action.

Each new case that arises out of the subject matter of the Consolidated Derivative Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Derivative Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within 10 days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

## V.     ORGANIZATION OF PLAINTIFFS' COUNSEL

The Co-Lead Counsel for plaintiffs for the conduct of these Consolidated Derivative Actions is:

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
1010 Second Ave., Suite 2360
San Diego, CA  92101
Telephone:  619/525-3990
Facsimile:  619/525-3991

GEORGE E. BARRETT,
DOUGLAS S. JOHNSTON, JR.

3

TIMOTHY L. MILES
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: 615/244-2202
Facsimile: 615/252-3798

Plaintiffs' Co-Lead Counsel shall have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through plaintiffs' Co-Lead Counsel.

The Liaison Counsel for Plaintiffs for the conduct of these Consolidated Derivative Actions is:

MARY T. SULLIVAN, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Plaintiffs' Liaison Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Plaintiffs' Liaison counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

Defendants' counsel may rely upon all agreements made with any of Plaintiffs' Co-Lead

4

Counsel, or other duly authorized representative of plaintiffs' Co-Lead Counsel and such agreements shall be binding on Plaintiffs.

## VI.    CONSOLIDATED DERIVATIVE COMPLAINT

Plaintiffs shall have 60 days from the entry of this Order to file and serve a single Consolidated Derivative Complaint. The Consolidated Derivative Complaint will supersede all existing complaints filed in the action. Defendants need not respond to any of the pre-existing complaints. Service, pursuant to Rules Fed. R. Civ. P. 4, of any of the pre-existing complaints on any of the defendants, or their counsel, shall constitute sufficient service on the defendants. Service of the case shall be effected with respect to any defendant named in any of the Consolidated Derivative Actions by serving the Consolidated Derivative Complaint on defendants' counsel.

Each defendant shall answer or otherwise respond to the Consolidated Derivative Complaint no later than 60 days from the date of service.

IT IS SO ORDERED.

J. NANCY GERTNER
UNITED STATES DISTRICT JUDGE
5/14/2004

5