UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION ) <br> DERIVATIVE LITIGATION ) <br> ) <br> ) <br> ) <br> ) | Master Docket No. 1:04-cv-10177 (NG) <br><br> Assigned to Judge Nancy Gertner <br><br> Magistrate Judge Alexander |

**DEFENDANTS' AND HOWARD RICHMAN'S OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO #636860
Lawrence T. Stanley, Jr. BBO # 657381
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................3

I.  THE *SEC'S* ALLEGATIONS -- CUT AND PASTED HERE -- CANNOT SAVE THE *PLAINTIFFS*' COMPLAINT.................................................................................. 4

II. THE SEC'S ALLEGATIONS CONCERN DEFENDANT MOORE *ONLY* -- THEY CANNOT IMPUGN A *MAJORITY* OF THE BOARD AS A MATTER OF NUMERICAL FACT AND LAW ............................................................................ 5

   A.  Mr. Moore Alone Is Not A Majority Of The Seven Member Board ..................... 5

   B.  The Outside Directors' *Presumptive* Independence Is Unblemished By The Proposed Amended Complaint's Attempt To Apply The New Allegations Via Group Pleading ............................................................................ 6

   C.  The New "Allegations" Of The Proposed Amended Complaint Are Also Irrelevant To Plaintiffs' Boilerplate Assertions Of Demand Futility ..................... 7

III. THE SEC'S ALLEGATIONS DO NOT SAVE THE COMPLAINT FROM FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........ 9

   A.  Plaintiffs' New "Allegations" Fail To Lift The Bar On This Action By Biopure's Certificate Of Incorporation ............................................................... 10

   B.  Plaintiffs' New "Allegations" Do Not Cure Plaintiffs' Failure To Allege Legally Cognizable Damages ............................................................................... 11

   C.  Plaintiffs' "New" Allegations Do Not Cure Their Failure To Properly Allege Insider Trading Against Rausch Pursuant To Rule 9(b) and Rule 12(b)(6) ................................................................................................................. 11

   D.  Plaintiffs' "New" Allegations Do Not Cure Plaintiffs' Failure To State A Claim For Waste Or Unjust Enrichment ............................................................. 12

IV. PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED BECAUSE THEY HAVE FAILED TO COMPLY WITH LOCAL RULE 15.1 .............................. 13

   A.  Plaintiffs' Motion Should be Denied Because It Is Untimely .............................. 13

   B.  Plaintiffs' Motion Should Be Denied For Plaintiffs' Failure To Comply With The Service Requirements Of Local Rule 15.1. ......................................... 14

CONCLUSION ............................................................................................................................ 15

## TABLE OF AUTHORITIES
## FEDERAL CASES

Ali v. University of Massachusetts Medical Center, 140 F. Supp. 2d 10 (D. Mass. 2001) .................................................................................................................. 14

Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790 (1st Cir. 1995) .................................... 3

Dollens v. Zionts, No. 01 C02826, 2002 WL. 1632261 (N.D. Ill. July 22, 2002) ............ 11

In re Fordham v. Fordham, 130 B.R. 632 (Bankr. D. Mass. 1991) ..................................... 3

Forman v. Davis, 371 U.S. 178 (1962) ................................................................................ 3

Geinko v. Padda, No. 00 *C 5070*, 2002 WL. 276236 (N.D. Ill. Feb. 27, 2002) .................. 5

Glassman v. Computervision Corp., 90 F.3d 617 (1st Cir. 1996) ....................................... 3

Gonzalez Turul v. Rogatol Distributors, Inc., 951 F.2d 1 (1st Cir. 1991) ........................... 3

Hayes v. New England Millwork Distributings, Inc., 602 F.2d 15 (1st Cir. 1979) ........... 13

Heit v. Baird, 567 F.2d 1157 (1st Cir. 1977) ....................................................................... 3

Kale v. Combined Insurance Co. of America, 861 F.2d 746 (1st Cir. 1988) ...................... 4

Landy v. D'Allesandro, 316 F. Supp. 2d 49 (D. Mass. 2004) ......................................... 3, 8

Levner v. Saud, 903 F. Supp. 452 (S.D.N.Y. 1994) ............................................................ 3

Miller v. Bittner, 985 F.2d 935 (8th Cir. 1993) ................................................................... 4

Mittleman v. United States, 997 F. Supp. 1 (D.D.C. 1998) .............................................. 13

Quaker State Oil Refining v. Garrity Oil Co., 884 F.2d 1510 (1st Cir. 1989) .................. 13

Sachs v. Sprague, et al., Civil No. 04-30032-MAP (Nov. 22, 2005) ............. 4, 6, 7, 8, 9, 10

In re Sagent Tech., 278 F. Supp. 2d 1079 (N.D. Cal. 2003) .............................................. 10

Serrano Medina v. United States, 709 F.2d 104 (1st Cir. 1983) ....................................... 13

Swanson v. Van Otterloo, 177 F.R.D. 645 (N.D. Iowa 1998) ........................................... 13

In re Symbol Technologies Sec. Litigation, 762 F. Supp. 510 (E.D.N.Y. 1991) .............. 11

Tiernan v. Blyth, Eastman, Dillion & Co., 719 F.2d 1 (1st Cir. 1983) ............................. 13

## STATE CASES

A.R. DeMarco Enterprises, Inc. v. Ocean Spray Cranberries, Inc., No. Civ. A. 19133-NC, 2002 WL. 31820970 (Del. Ch. Dec. 4, 2002)..................................................8

Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart, 845 A.2d 1040 (Del. 2004) ..........................................................................................8

Brophy v. Cities Serv. Co., 70 A.2d 5 (Del. Ch. 1949) ......................................................12

Emerald Partners v. Berlin, 787 A.2d 85 (Del. 2001)........................................................10

Grobow v. Perot, 526 A.2d 914 (Del. Ch. 1987) .................................................................6

Grobow v. Perot, 539 A.2d 180 (Del. 1988).......................................................................8

Guttman v. Huang, 823 A.2d 492 (Del. Ch. 2003)......................................................6, 8, 10

Harris v. Carter, 582 A.2d 222 (Del. Ch. 1990)..................................................................9

Lewis v. Fites, Civ.A.No. 12566, 1993 WL. 47842 (Del. Ch. Feb 19, 1993) .....................6

Official Committee of Unsecured Creditors of Integrated Health Services, Inc., v. Elkins, et al., No.Civ.A. 20228, 2004 WL. 1949290 (Del. Ch. Aug. 24, 2004)................12

Rattner v. Bidzos, 2003 WL. 22284323 (Del. Ch. Sep 30, 2003) ...................................6, 8

Seminaris v. Landa, 662 A.2d 1350 (Del. Ch. May 2, 1995) .............................................6

In re Sonus Networks, Inc, No. Civ. 040753BLS, 2004 WL. 2341395 (Mass. Super. Sept. 27, 2004)..........................................................................................9

In re Stratus Computer, Inc. Sec. Litigation, Civ.A. 89-2075-Z, 1992 WL. 73555 (D. Mass. March 27, 1992) ......................................................................................7, 10, 11

## FEDERAL STATUTES

Del. Corp. Code § 102(b)(7).............................................................................................10

Fed. R. Civ. P. Rule 11 .......................................................................................................4

Fed. R. Civ. P. Rule 15 ..................................................................................................3, 13

**PRELIMINARY STATEMENT**[1]

This is the derivative Plaintiffs' third attempt to plead facts with sufficient particularity so as to establish that a pre-suit demand on Biopure's Board would have been futile as required by Federal Rule of Civil Procedure 23.1, and to state a claim that can withstand the Defendants' Rule 12(b)(6) and Rule 9(b) motion. This most recent attempt, like the first two, fails as a matter of law.[2]

On September 14, 2005 the Securities and Exchange Commission ("SEC") filed a civil injunctive proceeding against Biopure, Howard Richman, Thomas Moore, and Jane Kober (the "SEC Defendants"). Of the three individuals, only Mr. Moore was *ever* a member of Biopure's Board and he has *not* been a member since February 2004. The biggest misconception in this motion is Plaintiffs' attempt to graft the SEC complaint onto the Board when the SEC Complaint does nothing to show interestedness by a *majority* of the Board.

Based on the SEC complaint, the derivative Plaintiffs filed the present Motion seeking: (i) to add Mr. Richman as a party; and (ii) to assert several new "allegations" purportedly revealed by the SEC complaint. The proposed amendment both fails to cure the pleading deficiencies of the Plaintiffs' two previous attempts, and fails to assert grounds to allow the Plaintiffs' proposal to name a new party pursuant to Rule 15 and the Local Rules.

Preliminarily, virtually none of the purported new "allegations" in the proposed amended complaint is the Plaintiffs' allegations. To the contrary, of the 79 paragraphs containing new allegations in the proposed complaint, 70 paragraphs are verbatim, cut and pasted regurgitations

---

[1] This opposition to Plaintiffs' Motion for Leave to Amend the Complaint ("Plaintiffs' Motion") is filed on behalf of Defendants Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Kober, Nominal Defendant Biopure Corporation (collectively, the "Defendants") and proposed defendant (by amendment) Howard Richman.

[2] In support of this opposition, Defendants incorporate by reference and rely on the full arguments set forth in Defendants' Memorandum of Law in Support of Their Motion To Dismiss and Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss, and all exhibits attached thereto, filed with this Court on September 27, 2004 and December 20, 2004, respectively.

from the SEC's complaint. The Plaintiffs cannot, consistent with their Rule 11 obligations, present the SEC's allegations as their own, as courts have held.

In any event, the new allegations accomplish nothing toward saving the Complaint from dismissal.

First, the new allegations <u>do</u> <u>not</u> cure the Plaintiffs' failure to plead facts with particularity showing that a <u>majority</u> of the Board lacks independence. In this case, there were seven members of Biopure's board of directors when this case was filed, and those seven board members were named as defendants in this action (collectively referred to as "Director Defendants").[3] Importantly, the Plaintiffs concede that the proposed amended complaint is taken from the SEC's complaint, which names as a defendant <u>only</u> <u>one</u> of the Director Defendants named in this litigation (Mr. Moore). The SEC allegations -- which do not specify events concerning any of the other Director Defendants in this action -- simply cannot be imputed to the remainder of the Board. As a matter of law, Plaintiffs cannot establish demand futility by offering allegations of conduct <u>by</u> <u>non-Board</u> <u>members</u> to try to show interest or lack of independence by Board members. Even if the allegations were of the type sufficient to impugn the independence of Mr. Moore -- and they are not -- they have no effect on the independence of a majority of Biopure's seven-member Board, which is the dispositive issue for Rule 23.1 purposes.

Second, the new allegations have no effect whatsoever on the fact that the Complaint fails to state a claim as a matter of law pursuant to Rule 12(b)(6) and Rule 9(b). No quantum of SEC-imported allegations can remedy the facts that Plaintiffs have failed to allege legally cognizable damages, that Plaintiffs have failed to allege separately the Individual Defendants' participation in the purported wrongful acts, that Biopure's Certificate of Incorporation bars

---

[3] The seven Director Defendants are Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, and J. Richard Crout, M.D.

Plaintiffs' claims, that Plaintiffs have failed to allege properly insider trading, and that Plaintiffs have failed to state a claim for waste or unjust enrichment.

Finally, Plaintiffs' proposed amendment improperly attempts to add a new party, Howard Richman. Plaintiffs' Motion should be denied because they have failed to comply with Local Rule 15.1 by not seeking leave to add Mr. Richman as a party as soon as Plaintiffs were reasonably aware of Mr. Richman's identity and in not complying with the service requirement of Rule 15.1(B).

## ARGUMENT

Under Fed. R. Civ. P. 15, the Court may deny a motion to amend if the record evidences, inter alia, "futility of amendment." Forman v. Davis, 371 U.S. 178, 182 (1962) ("futility of amendment" justifies denial of leave to amend); Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792-93 (1st Cir. 1995). A proposed amendment is futile if the amended complaint would fail to state a claim for which relief could be granted. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996); In re Fordham v. Fordham, 130 B.R. 632, 646 (Bankr. D. Mass. 1991) (citations omitted). That analysis is fully applicable to a failure to cure deficiencies in pleading futility of demand under Rule 23.1. See Levner v. Saud, 903 F. Supp. 452, 458 (S.D.N.Y. 1994) (denying plaintiffs' motion to amend complaint as futile for failure to comply with Rule 23.1 because "[a]lthough the allegations in the proposed second amended complaint regarding wrongfulness of refusal are more lengthy than those contained in the amended complaint, they are no more particular. Instead, once again, the allegations are conclusory and not supported by specific facts.").

It bears re-emphasis here that the First Circuit's Rule 23.1 jurisprudence is stringent and unwavering. See Landy v. D'Allesandro, 316 F. Supp. 2d 49, 58 (D. Mass. 2004) (citing Heit v. Baird, 567 F.2d 1157, 1160 (1st Cir. 1977) (Failure to comply with Rule 23.1 requires dismissal, and in the First Circuit, Rule 23.1 is "vigorously enforced"); see also Gonzalez Turul v. Rogatol Distributors, Inc., 951 F.2d 1 (1st Cir. 1991) (reversing after trial and judgment for plaintiffs a derivative action because, inter alia, the complaint did not satisfy Rule 23.1). In fact, recently on

November 22, 2005, the District of Massachusetts, in dismissing with prejudice a similarly postured derivative action,[4] reiterated the stringent standards that this Court must apply to the demand futility analysis.  See Sachs v. Sprague, et al., Civil No. 04-30032-MAP at 9-10 (Nov. 22, 2005) (citations omitted) ("Before bringing a derivative suit on behalf of a corporation, a plaintiff must 'demonstrate that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions.'").

I.  **THE *SEC'S* ALLEGATIONS -- CUT AND PASTED HERE -- CANNOT SAVE THE *PLAINTIFFS*' COMPLAINT.**

The Plaintiffs attempt to detract attention away from the deficiencies of their complaint by relying on allegations cut and pasted from the SEC's complaint -- an action naming only one of the Director Defendants here.  Plaintiffs' proposed amended complaint regurgitates verbatim or virtually verbatim the SEC Complaint's allegations in 70 paragraphs of the proposed amended pleading.  Indeed, those 70 paragraphs are a virtual "cut and paste" of 78 paragraphs in the SEC Complaint.[5]  As a matter of pleading, the Plaintiffs cannot simply adopt the allegations of another litigant in another proceeding.

Under Rule 11, the Plaintiffs have an obligation to discern, before filing their complaint, a basis for their allegations.  Cf. Fed. R. Civ. P. Rule 11; Miller v. Bittner, 985 F.2d 935, 939 (8th Cir. 1993) ("Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing. ... To constitute a reasonable inquiry, the pre-filing investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis."); Kale v. Combined Ins. Co. of America, 861 F.2d 746, 758 (1st Cir. 1988) ("Rule 11 imposes a duty on counsel to investigate their clients' claims before making any filings and to

---

[4] In Sachs v. Sprague, et al., Civil No. 04-30032-MAP, attached hereto as Exhibit A, the Court concluded that "because the amended complaint lacks facts sufficient to support a reasonable inference that a majority of the board could not exercise disinterestedness and independent judgment, Plaintiffs were required to make demand on the board before pursuing a derivative suit.  Because Plaintiffs did not make a pre-suit demand, their amended complaint must be dismissed." Id. at 27.

[5] The Plaintiffs combined some of the SEC paragraphs, which explains why 78 paragraphs in the SEC Complaint have been pleaded in 70 paragraphs in the Plaintiffs' proposed amended complaint.

reassess them throughout the litigation."). Yet the Plaintiffs here purport to assert the SEC's allegations -- levied at only one Director Defendant in this action -- as against all the Defendants here. The Plaintiffs provide no basis for asserting that the SEC's allegations against the SEC Defendants similarly apply to the Director Defendants here who are not named in the SEC action.

Unsurprisingly courts have outright rejected plaintiffs' attempts to bolster their otherwise deficient civil actions by reference to SEC actions. For instance, in Geinko v. Padda, No. 00 C 5070, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002), the court rejected as insufficient under Rule 11 the plaintiff's incorporation by reference of allegations in complaints filed by the SEC, with reasoning fully applicable here:

> Plaintiffs' attorneys cannot shirk their Rule 11 obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances by merely stating that "the SEC alleges" certain additional facts.

Id., at *6 (emphasis added). The Plaintiffs' reliance on the SEC action cannot help them here.

## II. THE SEC'S ALLEGATIONS CONCERN DIRECTOR DEFENDANT MOORE *ONLY* -- THEY CANNOT IMPUGN A *MAJORITY* OF THE BOARD.

### A. Mr. Moore Alone Is Not A Majority Of The Seven Member Board.

Of the seven Directors named as Defendants here, only one (Mr. Moore) is allegedly named as a defendant in the SEC action. Compl. ¶ 19. Accordingly, the Plaintiffs' proposed complaint, admittedly derived from the SEC complaint (see Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend (Pls.' Mem.) at 2) cannot be deemed to raise any new factual allegations of demand futility (consistent with Rule 11 or logic) for Director Defendants Judelson, Sanders, Koop, Harrington, Crout and Rausch, the other six members of the Board with Mr. Moore at the time the original complaint was filed in this action.[6] In short, even if

---

[6] The Plaintiffs do add some allegations concerning Defendant Rausch's purported insider trading that are not derived from the SEC's complaint. Those allegations, however, do not and cannot impugn the independence of the remainder of the Board, and in any event are insufficient to show interestedness or lack of independence or state any claim for insider trading as explained below.

Mr. Moore's independence were called into doubt by the new allegations, Mr. Moore alone is not a majority of the Board.

### B. The Outside Directors' *Presumptive* Independence Is Unblemished By The Proposed Amended Complaint's Attempt To Apply The New Allegations Via Group Pleading.

As outside directors, Defendants Judelson, Sanders, Koop, Harrington, and Crout -- a majority of the Board -- are presumed independent. See Grobow v. Perot, 526 A.2d 914, 924 (Del. Ch. 1987) ("[O]utside directors ... [a]re presumptively independent."); see also Sachs v. Sprague, et al., Civil No. 04-30032-MAP at 12 (Nov. 22, 2005) ("In the context of a pre-suit demand, directors are entitled to a presumption of disinterest."). As noted in Defendants' Memorandum of Law in Support of Their Motion To Dismiss (Defs.' Mem.), Plaintiffs' assertion of directorial interest based on potential liability arising from alleged securities violations requires pleading particularized facts demonstrating that a majority of the directors face a "substantial likelihood" of liability for the challenged conduct. See Guttman v. Huang, 823 A.2d 492, 500-01 (Del. Ch. 2003); Rattner v. Bidzos, 2003 WL. 22284323, *12 (Del. Ch. Sep 30, 2003); Seminaris v. Landa, 662 A.2d 1350, 1354 (Del. Ch. May 2, 1995). The proposed new allegations, however, utterly fail to plead any facts with particularity concerning each individual director's potential for liability in either the securities class actions or the SEC action. Nowhere do the Plaintiffs allege that any of the purported conduct asserted in paragraphs 8, 19, 33, and 43-109 (the new allegations) occurred with respect to any particular Director Defendant other than Mr. Moore. Even if the Director Defendants here were named in the SEC action, demand futility cannot be established by mere reference to potential liability in another action. See Lewis v. Fites, Civ.A.No. 12566, 1993 WL. 47842, *3 (Del. Ch. Feb 19, 1993) (holding demand not excused based on entry of consent order with SEC).[7]

---

[7] Indeed, the Delaware Chancery Court's decision in Seminaris rejected demand futility claims arising from the company's alleged dissemination of false and misleading information at issue in a separate securities fraud litigation and SEC investigation:

Similarly, Counts I-V continue to fail to allege separately each Individual Defendant's participation in the alleged wrongful acts, undermining any contention of demand futility based on potential liability for those claims. Plaintiffs did not add new allegations setting forth each Individual Defendant's participation in the purported wrongful acts. This Court in Stratus, in granting the defendants' Rule 12(b)(6) motion, made clear that the failure to separately identify each director's role in the alleged conduct was fatal:

> Nowhere does Count IV charge the outside directors with any specific wrongdoing. Rather, Count IV seems to implicate them only because of their status as directors. That tenuous connection, however, is an insufficient basis for alleging a cause of action. . . . [W]here a complaint alleges "violation of . . . fiduciary duties" without "attempt[ing] to delineate among the defendants their participation or responsibilities in the activities which are the subject of th[e] suit," it does not give the defendants the notice required . . . .

1992 WL 73555, at *8 (citations omitted) (emphasis added). Here, the Complaint contains only "vague allegations of participation, implication, knowledge and dissemination [with] no reference to adverse circumstances that would provide a foundation upon which to build these charges" with respect to a majority of the board, and therefore should be dismissed. Id.

### C.  The New "Allegations" Of The Proposed Amended Complaint Are Also Irrelevant To Plaintiffs' Boilerplate Assertions Of Demand Futility.

As the Plaintiffs cannot allege that any Board members other than Defendant Moore face any potential liability in the SEC action they must rely on the assertion that their new allegations support their boilerplate futility allegations of the complaint. See Compl. ¶134. But the new allegations do nothing to bolster the Plaintiffs' failed futility arguments: audit committee membership, see Compl. ¶¶ 28, 30, 31, 134(d);[8] compensation committee membership, see

---

> I cannot agree with plaintiff that the threat of liability in the related actions has a greater impact on the directors' discretion than the threat of liability in this derivative action. Plaintiff is merely uttering a slightly altered version of the discredited refrain -- "you can't expect directors to sue themselves."

Id. at 1355 (citation omitted) (emphasis added).

[8] Plaintiffs' allegations that Directors Sanders, Harrington and Crout, as members of the Audit Committee, "approved the Company's financial statements without including the adverse material information concerning the Company's communications with the FDA" and thus were "direct participants in

Compl. ¶¶ 27, 28, 134(b);[9] social and personal relationships, see Compl. ¶¶ 25-31, 134(g);[10] the alleged insider trading of a single board member, see Compl. ¶¶ 17, 26, 114, 134(a);[11] or a hypothetical "insured v. insured" exclusion, see Compl. ¶¶ 134(m).[12] All of these arguments were shown to be unavailing in the Defendants' Motion to Dismiss. See Defs.' Mem. at 14-20.

---

the wrongs alleged" fail to establish demand futility as a matter of law. See Sachs, Civil No. 04-30032-MAP at 17, n. 4 (citations omitted) ("Because the amended complaint is completely silent as to the workings of Wave's Audit Committee … the court need not tarry on these conclusory allegations."); Guttman v. Huang, 823 A.2d 492, 506 (Del. Ch. 2003).

[9] The Plaintiffs' allegations that Judelson and Sanders are members of the Company's compensation committee, which "establishes, authorizes and administers Biopure's compensation policies, practices and plans for Biopure's directors" are insufficient to establish that the Director Defendants are not independent because the allegations do not include any facts to show that a majority of the Board is overly reliant upon their compensation from Biopure and nothing alleged here approaches showing that the Directors' compensation is extraordinary. See Sachs, Civil No. 04-30032-MAP at 17, n. 4 (citations omitted) ("Because the amended complaint … neglects to mention the fees received by outside directors or how much such fees were material to [director defendants], the court need not tarry on these conclusory allegations."); A.R. DeMarco Enterprises, Inc. v. Ocean Spray Cranberries, Inc., No. Civ. A. 19133-NC, 2002 WL 31820970, *5 (Del. Ch. Dec. 4, 2002) (citing Grobow v. Perot, 539 A.2d 180, 188 (Del. 1988) ("[I]t is well established in Delaware law that ordinary director compensation alone is not enough to show demand futility.").

[10] Plaintiffs' conclusory allegations that the Director Defendants have had long-standing business, financial and social "entanglements" with each other, and accordingly are not sufficiently independent to consider a demand to bring suit are devoid of the necessary detail required to impugn the Director Defendants' independence. See Sachs, Civil No. 04-30032-MAP at 19, n. 9 (citation omitted) ("Suffice it to say, the allegation that board members enjoy close ties with one another is 'hopelessly vague,' and does not excuse the failure to make a demand."); Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart, 845 A.2d 1040, 1051 (Del. 2004) ("Allegations that Stewart and the other directors moved in the same social circles, attended the same weddings, developed business relationships before joining the board, and described each other as "friends," even when coupled with Stewart's 94% voting power, are insufficient, without more, to rebut the presumption of independence.").

[11] The Plaintiffs' allegations that demand is futile because a single Director, Defendant Rausch, sold stock during the "relevant period" cannot establish lack of independence or disinterestedness of the seven-person board as a matter of law. See Sachs, Civil No. 04-30032-MAP at 18-19 ("Assuming that such sales [of stock] did constitute a disabling interest for [director defendants] Sprague and Bushnell, Plaintiffs still must overcome the presumption of either [director defendant] Bagalay's, Gilder's, or McConnaughy's independence."); Rattner v. Bidzos, 2003 WL 22284323, at *10 (Del. Ch. Sep 30, 2003) (holding in case where 4 of 8 directors did not trade, "were Rattner's attack upon any of the four directors [] unsuccessful, a 'majority' of the Board would not be implicated and demand would not be excused"); Landy v. D'Allesandro, 316 F. Supp. 2d 49, 73 (D. Mass. 2004) ("One purchase by one director … does not create inappropriate interest on the part of the entire board").

[12] Plaintiffs' contention that Biopure's Director and Officer ("D&O") liability policy "may" exclude coverage in an action by one insured against another, thereby incenting the Defendants not to bring suit

Accordingly, the new allegations, imported here from the SEC's action, have no effect with respect to the disinterest and independence of a super-majority of the Board.[13]  The proposed amendment is futile on this ground as well.

### III.  THE SEC'S ALLEGATIONS DO NOT SAVE THE COMPLAINT FROM FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiffs' new "allegations," also do not affect the analysis for whether Plaintiffs have failed to allege legally cognizable damages, whether Plaintiffs' have failed to allege separately the Individual Defendants' participation in the purported wrongful acts, whether Biopure's Certificate of Incorporation bars Plaintiffs' claims, whether Plaintiffs have properly alleged insider trading pursuant to Rule 9(b) and Rule 12(b)(6), and whether Plaintiffs have failed to state a claim for waste or unjust enrichment upon which relief can be granted.  See Defs.' Mem. at 21-25; see also Sachs, Civil No. 04-30032-MAP at 29, n. 15 (finding that "the record indicates that even if Plaintiffs' failure to make a presuit demand was ignored, other fatal defects in the amended complaint would require dismissal[,]" including plaintiffs' failure to provide the individual defendants with the requisite notice required by Rules 8(a) and 9(b) pursuant to the Court's decision in Stratus).

---

based on a hypothetical potential of lack of coverage plainly cannot satisfy Rule 23.1's requirements of pleading particularized facts.  See In re Sonus Networks, Inc, No. Civ. 040753BLS, 2004 WL 2341395, *5 (Mass. Super. Sept. 27, 2004) ("[C]onclusory allegations about generalized misconduct establishing personal liability and those about insurance coverage are insufficient to excuse the demand requirement.")

[13] Plaintiffs also allege futility based upon a September 14, 2005 press release whereby the Company -- consisting of its current board -- stated that it intends to seek dismissal of the SEC claims and expects to prevail.  Compl. ¶ 19.  This allegation is wholly irrelevant to the demand futility analysis here.  Delaware law clearly establishes that when new allegations relate to allegations already in dispute, the Court is to look to the board existing at the time the original pleading was filed in determining demand futility.  See Harris v. Carter, 582 A.2d 222, 230 (Del. Ch. 1990) (holding that when independent board has come into existence between the date of the original pleading and the date the complaint is amended, allegation of futility in amended pleading is required only with respect to derivative claims that are not already validly in litigation).  Here, the new allegations arise from the same underlying facts alleged in the first amended complaint, and thus the demand futility analysis applies to the board existing at the time the first amended complaint was filed, not its current board -- of which only four derivative Director Defendants are still members.

### A. Plaintiffs' New "Allegations" Fail To Lift The Bar On This Action By Biopure's Certificate Of Incorporation.

The new "allegations" in the proposed amended complaint have no effect on the fact that each claim in the Complaint is barred by the Company's Certificate of Incorporation and as permitted by DEL. CORP. CODE ANN. tit.8, § 102. As explained in the Defendants' Motion to Dismiss, Biopure's Certificate of Incorporation exculpates the Board from liability for breaches of fiduciary duty, excepting claims of breach of the duty of loyalty and intentional misconduct. Delaware recognizes that, when such a provision exists within a charter, "a serious threat of liability may only be found to exist if the plaintiff pleads a non-exculpated claim against the directors, based upon particularized facts." Guttman, 823 A.2d at 501 (refusing to find demand excused where charter contained exculpatory clause and plaintiff failed to plead particular facts of potential liability outside clause). Governing case law holds that, to the extent Plaintiffs fail to plead a non-exculpated claim, the Complaint may be dismissed at the pleading stage.[14] See Emerald Partners v. Berlin, 787 A.2d 85, 91-92 (Del. 2001) ("The Section 102(b)(7) bar may be raised on a Rule 12(b)(6) motion to dismiss"); In re Sagent, 278 F. Supp. 2d 1079, 1095 n.9 (N.D. Cal. 2003) (holding exculpatory clause is properly considered on a motion to dismiss").

To the extent Plaintiffs assert that the Complaint alleges intentional acts of wrongdoing and bad faith, such intentional breach of fiduciary duty claims "sound in fraud" and are accordingly subject to Rule 9(b). In re Stratus Computer, Inc. Sec. Litig., Civ.A. 89-2075-Z, 1992 WL 73555, *7 (D. Mass. March 27, 1992) (holding that derivative breach of fiduciary duty claims based on allegedly false and misleading statements were subject to Rule 9(b)); see also Sachs, Civil No. 04-30032-MAP at 29, n. 15 ("Plaintiffs' claim alleging intentional breaches of fiduciary duties are subject to the heightened pleading requirement of Rule 9(b)"). Here, the

---

[14] A claim based on the dissemination of false information may be based on negligent or intentional acts, and to the extent it is negligent, Del. Corp. Code § 102(b)(7) bars the claim. See Sachs, Civil No. 04-30032-MAP at 29, n. 15 ("claims alleging negligence are clearly barred by the exculpatory clause in [Company's] Certificate of Incorporation"); In re Sagent Tech., 278 F. Supp. 2d at 1095 n.9 ("to the extent that the complaint alleges any negligent breach of 'fiduciary duty, such a claim is precluded by the exculpatory clause in Sagent's articles of incorporation.")

proposed new allegations of the complaint do not satisfy Rule 9(b). As in Stratus, the Complaint here "only discusses the defendants in collective terminology, making no reference to any particular act of any individual defendant." Id.

### B. Plaintiffs' New "Allegations" Do Not Cure Plaintiffs' Failure To Allege Legally Cognizable Damages.

Counts I-V of the Complaint assert that the Company has been damaged by the acts of the Defendants because: (i) the revelation of the Company's failure to disclose FDA communications has caused damage "to the company's reputation and goodwill"; and (ii) as a result of the pending securities class actions and SEC action, the Company will incur both defense costs and the cost of resolving the suits. Compl. ¶¶ 137-138. Plaintiffs do not add new allegations related to damages in their proposed amended complaint, and therefore, because Plaintiffs continue to allege only the anticipation of expenses related to the SEC investigation and pending securities class actions, the damages are speculative, contingent on future events and not legally cognizable. See Dollens v. Zionts, No. 01 C02826, 2002 WL 1632261, at *8 (N.D. Ill. July 22, 2002) (citations omitted) ("With respect to plaintiffs' claim for damages based on Westell's exposure to defending class actions, plaintiffs cannot bring a derivative action to recover expenses from a pending securities action involving Westell until the case has proceeded to final judgment or settlement. Thus, this claim for damages is premature and must be dismissed."); see also In re Symbol Technologies Sec. Litig., 762 F. Supp. 510, 517 (E.D.N.Y. 1991) (dismissing derivative suit, rejecting an injury in the marketplace theory and stating "damages must be shown to directly flow from the wrongful acts of defendants, and not the mere commencement of legal proceedings against the corporation") (emphasis added)

### C. Plaintiffs' "New" Allegations Do Not Cure Their Failure To Properly Allege Insider Trading Against Rausch Pursuant To Rule 9(b) and Rule 12(b)(6).

Plaintiffs' proposed amendments concerning Defendant Rausch's alleged insider trading do not cure Plaintiffs' failure to comply with the applicable pleading requirements of Rule 9(b)

and Rule 12(b)(6).  To plead a claim for insider trading, "it must be shown that each sale by each individual defendant was entered into and completed on the basis of, and because of, adverse material non-public information."  Brophy v. Cities Serv. Co., 70 A.2d 5 (Del. Ch. 1949)  Accordingly, "Delaware case law makes the same policy judgment as federal law does, which is that insider trading claims depend importantly on proof that the selling defendants acted with scienter."  Id.  Logically then, under Delaware law an insider trading claim "sounds in fraud" and must be pled with the particularity required by Rule 9(b).  Id. at 505 n.31 (referencing federal standard of particularity applicable to insider trading and holding "that the plaintiffs did not, under Delaware law, plead particularized facts supporting an [insider trading] claim").

Here, Plaintiffs' proposed amendments include more details regarding the dates and volume of Defendant Rausch's alleged trading, but Plaintiffs still do not plead particularized facts showing that "each sale . . . was entered into and completed on the basis of, and because of, adverse material non-public information."  Id. at 505.

### D. Plaintiffs' "New" Allegations Do Not Cure Plaintiffs' Failure To State A Claim For Waste Or Unjust Enrichment.

Plaintiffs have added no new allegations with respect to their claim for unjust enrichment and waste.  These claims are based on their allegations of Rausch's alleged insider trading and the salaries and bonuses received by the Defendants.  "There are only two ways for a waste claim to survive a motion to dismiss:  . . . the corporation received no consideration, or that a transfer of corporate assets served no corporate purpose."  Official Comm. of Unsecured Creditors of Integrated Health Services, Inc., v. Elkins, et al., No.Civ.A. 20228, 2004 WL 1949290, * 17 (Del. Ch. Aug. 24, 2004).  The Plaintiffs fail to allege that Biopure received no consideration or that the transfer served no corporate purpose.  Moreover, because the Plaintiffs have not adequately pled an insider trading claim nor the predicate claim of breach of fiduciary duty to support their waste theory, so too must their claims for unjust enrichment and waste fail.

## IV.   PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED BECAUSE THEY HAVE FAILED TO COMPLY WITH LOCAL RULE 15.1.

### A.   Plaintiffs' Motion Should be Denied Because It Is Untimely.

Although they are required to do so, plaintiffs do not and cannot offer any excuse for their delay in requesting their amendment to add Mr. Richman as a defendant. See Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979) ("where, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some 'valid reason for his neglect and delay'") (emphasis supplied). Plaintiffs' undue and unexplained delay in moving to amend the complaint is sufficient in itself to warrant denial of Plaintiffs' Motion. See, e.g., Quaker State Oil Ref. v. Garrity Oil Co., 884 F.2d 1510, 1517-18 (1st Cir. 1989) (denying motion to amend where the facts upon which the proposed new claim rested were known to the moving party "all along"); Tiernan v. Blyth, Eastman, Dillion & Co., 719 F.2d 1, 4 (1st Cir. 1983) (motion to add new claim two years after original complaint was untimely); Serrano Medina v. United States, 709 F.2d 104, 106 (1st Cir. 1983) (no abuse of discretion where court denied leave to amend, since there was no justification for the delay in asserting the new claims). See also Mittleman v. United States, 997 F. Supp. 1, 10 (D.D.C. 1998) (denying leave to amend because of passage of time; "Denial of leave to amend is appropriate where a party has had sufficient opportunity to state a claim but has failed to do so."); Swanson v. Van Otterloo, 177 F.R.D. 645, 650 (N.D. Iowa 1998) (collecting cases denying untimely amendments).

Plaintiffs do not and cannot explain their delay in moving to add Mr. Richman as a defendant. In fact, Plaintiffs do not even mention in their Motion that they are adding Mr. Richman as a defendant. Rather, Defendants only learned of this fact by comparing Plaintiffs' second amended complaint to their first amended complaint. Plaintiffs' first amended complaint unquestionably establishes that Plaintiffs were aware of Mr. Richman's identity at the time they field that complaint. In fact, Plaintiffs reference Mr. Richman's name several times throughout the original consolidated amended complaint, and even cite to the fact that Mr. Richman received a Wells' notice at the same time Mr. Moore received his notice. First Amended Compl. ¶¶ 7, 47,

48.  Only after the SEC filed a complaint against Mr. Richman, nearly 20 months after Plaintiffs filed the first consolidated amended complaint, do Plaintiffs now seek leave to add Mr. Richman as a defendant.  The delay in seeking leave to add Mr. Richman as a defendant is inexcusable, and Plaintiffs' Motion, including Plaintiffs' attempt to add the several "new" factual allegations based on the SEC complaint against Richman et al., should be denied on this basis alone.

### B.  Plaintiffs' Motion Should Be Denied For Plaintiffs' Failure To Comply With The Service Requirements Of Local Rule 15.1.

Local Rule 15.1(B) requires that a party moving to amend a pleading to add a new party "shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed" and that such a motion "shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule."  A party's failure to comply with Local Rule 15.1(B) justifies denial of a motion for leave to add a new party.  See Ali v. Univ. of Massachusetts Medical Center, 140 F. Supp. 2d 107, 111 (D. Mass. 2001) (denying plaintiffs' motion for leave to add new defendant because plaintiff failed to comply with Local Rule 15.1(B)).

Here, Plaintiffs have made no effort to comply with this requirement.  Accordingly, Plaintiffs' Motion should be denied.

## CONCLUSION

For the forgoing reasons, the Defendants respectfully request that Plaintiffs' Motion be denied.

Respectfully submitted,

**THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON, J. RICHARD CROUT, M.D., JANE KOBER, HOWARD RICHMAN AND BIOPURE CORPORATION**

By their attorneys,

/s/ Lawrence T. Stanley, Jr.
Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO#636860
Lawrence T. Stanley, Jr. BBO # 657381
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: November 25, 2005