UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION<br>DERIVATIVE LITIGATION | )<br>)<br>)<br>)<br>)<br>) | Master Docket No. 1:04-cv-10177-NG<br>(Consolidated Derivative Action)<br><br>Assigned to Judge J. Nancy Gertner<br><br>Magistrate Judge Alexander |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO CITE
SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(b)(3), plaintiffs John Parrott and Laurie Parrott (collectively "plaintiffs") respectfully submit this Unopposed Motion For Leave to Cite Supplemental Authority[1] attaching hereto as Exhibit A the recent case decided by the United States District Court for the Northern District of Illinois, Eastern Division, *McSparran v. Larson, et al.*, No. 04 C 0041, 2006 WL 250698 (N.D. Ill. Jan. 27, 2006). On February 2, 2006, this Court heard all pending motions, including Defendants' Motion to Dismiss the Verified Consolidated Amended Shareholder Derivative Complaint ("Defs.' Motion"), and took all matters under advisement. Plaintiffs respectfully request that this Court grant plaintiffs leave to cite to *McSparran* because it further supports plaintiffs' argument that demand upon Biopure Corporation's Board of Directors would have been futile and that plaintiffs have more than adequately pled damage to Biopure Corporation ("Biopure").

**I.   *MCSPARRAN*'S ANALYSIS OF *ABBOTT LABS* SUPPORTS PLAINTIFFS' ARGUMENT THAT DEMAND IS FUTILE**

Plaintiffs request leave to cite to *McSparran* for its discussion and analysis, in part, of *In re Abbott Labs. Derivative S'holders Litig.*, 325 F.3d 795 (7th Cir. 2003), which is relevant to plaintiffs'

---

[1] Counsel for defendants have agreed not to oppose this motion while reserving their rights to file a response. Plaintiffs' counsel agreed not to oppose defendants' response.

demand futility argument. Plaintiffs cite to and rely upon *Abbott Labs.* in their Opposition to Defendants' Motion to Dismiss the Verified Consolidated Amended Shareholder Derivative Complaint ("Opposition") to support their argument that the "*Aronson*" test applies to the demand futility analysis and that a "conscious failure to act" is sufficient to satisfy the second prong of the demand futility test proclaimed in *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984), *overruled on other grounds sub nom. Brehm v. Eisner*, 746 A.2d 244 (Del. 2000). *See* Opposition at 10. The *Abbott Labs* court found that "[w]here there is a corporate governance structure in place, we must then assume the corporate governance procedures were followed and that the board knew of the problems and decided no action was required." *Abbott Labs*, 325 F.3d at 806. Accordingly, plaintiffs here argue that the second prong of *Aronson* is satisfied because Biopure's Board of Directors (the "Board") admit knowledge of the United States Food and Drug Administration's communications and safety concerns regarding Hemopure®, but deemed such information immaterial and thus, chose not to act.

Defendants argue that plaintiffs' reliance on *Abbott Labs* is misguided because the *Abbott Labs* court "held that *Aronson* applied to the derivative complaint which alleged with the requisite particularity that the board had knowledge of ***six years*** of FDA violations resulting in the largest fine in FDA regulatory history." Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss the Verified Consolidated Amended Shareholder Derivative Complaint at 13 n.12 (emphasis added). Defendants further contend that the *Abbott Labs* plaintiffs demonstrated that "the board made a *decision* not to do anything about ***longstanding,*** publicly known problems." *Id.* (Emphasis added).

As to defendants' reference to the *Abbott Labs* defendants' "longstanding" knowledge

spanning "six years," the *McSparran* court found that "the period of time oversight failed to meet the board's obligations is ***not*** determinative." *McSparran*, 2006 WL 250698 at *5. (Emphasis added). Indeed, in *McSparran,* the court found that the defendants' lack of oversight mirrored that in *Abbott Labs*, even though the period of oversight in *McSparran* was less than the six year period in *Abbott Labs. Id.* Accordingly, the *McSparran* court found that defendants were interested parties and as such, the plaintiffs in *McSparran* were excused from making a demand upon the Board. In addition, the *McSparran* court noted that defendants did not take any "actions to pursue the rights asserted in the Complaint, despite the two-year pendency of this litigation." *Id.* at *6. Here, like *McSparran,* even though the relevant period spans less than six years, the Board's lack of action under an *Abbott Labs* analysis was sufficient to show demand futility under the second prong of *Aronson.* Further, like the defendants in *McSparran*, defendants in the instant matter have also failed to take any actions concerning plaintiffs' allegations during the last two years. Thus, any argument regarding the duration of wrongdoing is not determinative of demand futility.

**II.     PLAINTIFFS' DAMAGES ARE COGNIZABLE UNDER *MCSPARRAN***

Defendants argue that plaintiffs' Verified Consolidated Amended Shareholder Derivative Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to allege legally cognizable damages. Defs.' Motion at 21-22. As discussed in plaintiffs' Opposition, this argument is completely meritless because plaintiffs have pled cognizable damages arising from insider selling and misappropriation of information, market capitalization loss, and damage to Biopure's reputation and goodwill. Opposition at 25-26. The defendants in *McSparran* also argued that plaintiffs failed to plead damages and thus dismissal was warranted. 2006 WL 250698 at *6. The *McSparran* court, however, held that the *McSparran* plaintiffs pled damages and denied the motion to dismiss on this

ground because the company "spent several million dollars in legal and other fees and suffered a substantially diminished business reputation as a result of defendants' actions." *Id.* Thus, *McSparran* also supports plaintiffs' argument that they have pled cognizable damages.

**WHEREFORE**, plaintiffs request that their Unopposed Motion for Leave to Cite Supplemental Authority be granted.

DATED: February 13, 2006                Respectfully submitted,

/s/ Jeffrey P. Fink
　　　　By: Jeffrey P. Fink

Brian J. Robbins
Jeffrey P. Fink (*pro hac vice*)
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile:  619/525-3991
robbins@ruflaw.com
fink@ruflaw.com

Douglas S. Johnston, Jr. (*pro hac vice*)
George E. Barrett (*pro hac vice*)
Timothy L. Miles (*pro hac vice*)
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: 615/244-2202
Facsimile:  615/252-3798
djohnston@barrettjohnston.com
gbarrett@barrettjohnston.com
tmiles@barrettjohnston.com

Plaintiffs' Co-Lead Counsel

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108

Telephone: 617/742-0208
Facsimile: 617/742-2187

Plaintiffs' Liaison Counsel

James G. Stranch
BRANSTETTER, KILGORE, STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419

Plaintiffs' Counsel

### Rule 7.1(a)(2) CERTIFICATION

I, Caroline A. Schnurer, hereby certify that counsel for plaintiffs conferred with Michael D. Blanchard, counsel for defendants, in good faith to resolve or narrow the issues presented in this motion, and defendants' counsel has agreed not to oppose this motion.

/s/Caroline A. Schnurer
CAROLINE A. SCHNURER

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on February 13, 2006.

/s/ Jeffrey P. Fink
JEFFREY P. FINK

G:\Cases\Biopure\Motions - Opps\Motion to Dismiss\Motion for Leave to Cite Supp Authority.wpd