UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE BIOPURE CORPORATION ) Master Docket No. 1:04-cv-10177 (NG)
DERIVATIVE LITIGATION )
) Assigned to Judge Nancy Gertner

## DEFENDANTS' RESPONSE TO SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this response to the Plaintiffs' citation of supplemental authority, *McSparran v. Larson*, No. 04 C 0041, 04 C 4778 2006 WL 250698 (N.D. Ill. Jan. 27, 2006). *McSparson* confirms why dismissal is required here:

| *McSparran v. Larson* . . . | . . . **Dictates Dismissal Here.** |
|---|---|
| "the Complaint alleges that all defendants except for one [*i.e* **9 out of 10**] **sold sizable stock holdings** while they knew, or should have known, of significant, non-public, problems with CEC's reported financial and enrollment figures." *Id.* at *5. | Plaintiffs allege that **only 1 out of 7** of Biopure's board sold stock. *See* Compl. ¶¶ 23, 24.<br><br>(Additionally, while not alleged by Plaintiffs, Defendants have moved that this Court take judicial notice of certain SEC filings demonstrating that an additional defendant, Mr. Moore, actually *purchased* stock during the relevant period, *see In Re Biopure Corporation Securities Litigation* (03-12628) Docket # 101, and SEC filings demonstrate that he also sold stock -- to another director. *See* Form 4's for Mr. Moore and Mr. Koop, Aug. 11, 2003, Ex. A). |
| "In fact, the plaintiffs contend that ***the reason CEC was engaged in the reporting of false figures was primarily to allow defendants to profit from selling*** their holdings of CEC stock." *Id* at *5. | *The only alleged inside seller here, Mr. Rausch, sold stock to another director,* among others. *See* Compl. ¶¶ 23, 24. Similarly, Mr. Moore's sale of stock in August 2003 was to another director. *It defies logic to posit that there was any fraud designed to permit profit from selling when some of the Defendants accused of fraud actually purchased stock.* |
| "the Complaint ***details company policy*** that should have brought CEC's false accounting to the attention of the defendants, quotes from news articles, court filings, and analyst reports that discussed allegations of false accounting, and ***names of two defendants who supposedly received comparisons of*** | The Proposed Amended Complaint is ***devoid of any alleged company policy*** that would result in the Board receiving FDA communications and is ***devoid of a single allegation*** of fact as to whether Directors Harrington, Koop, Sanders, Crout, Rausch or Judelson (a super-majority) ever even saw FDA correspondence. It is the Plaintiffs |

1

| | |
|---|---|
| *accurate information versus the inaccurate information* that was provided to the public and the federal government." *Id.* at * 5. | burden to plead these facts, but they have offered only conclusions. |
| *McSparson* applies the *Aronson* test . . . | . . . without even considering whether *Rales* is the correct test. The court makes no attempt to distinguish *Delaware* cases that hold, again and again, that *Rales* applies in circumstances similar to those alleged here. *See Seminaris v. Landa*, 662 A.2d 1350, 1354 (Del. Ch. 1995); *Rattner v. Bidzos*, No.Civ.A. 19700, 2003 WL 22284323 (Del. Ch. Sept. 30, 2003); *Guttman*, 823 A.2d at 499. |
| *McSparson* relies on *In re Abbott Laboratories Derivative Shareholders Litigation*, 325 F.3d 795 (7th Cir. 2003) for its holding that demand is excused . . . | But *Abbott* cannot apply to this case, for the same reasons that this Court and others distinguish it:<br>• *Caviness v. Evans*, 229 F.R.D. 354, 360 (D. Mass. 2005) (director's direct knowledge of FDA problems for six years present in *Abbott*, not present there, dismissed)<br>• *Fink v. Weill*, 2005 WL 2298224, *3 n.6 (S.D.N.Y. Sep 19, 2005) (*Abbott* involved "notices of violations and warning letters *sent directly to board members*" -- *Aronson* not applicable where plaintiffs merely allege directors knew or should have known of problems)<br>• *In re Mutual Funds Inv. Litigation*, 384 F. Supp. 2d 873 (D. Md. 2005) (*Abbott*-plaintiffs' alleged "that the board 'knew of the violations of law' by company managers on the basis of 'an extensive paper trail' over a six-year period, including several FDA warning letters" not present, dismissed in relevant part) |
| *McSparson* holds with a two-sentence analysis that legal fees and diminished business reputation are cognizable damages. *Id.* at *6. | *McSparson* does not distinguish the legion of cases holding that diminished business reputation and legal fees are too speculative to state a claim, cited in Defendants' previous memoranda. |

Even if *Aronson* applied, as Massachusetts courts have held in factually similar circumstances, the complaint must be dismissed. *See South Shore Gastrointerology v. Selden*, No. 032630BLS 2004 WL 1431059(Mass. Super. Ct. May 7, 2004) (Van Gestel, J.) (applying *Aronson* without analysis about applicability of *Rales*; allegations concerning public statements about the status of company's BLA application following receipt of complete review letter and failing to correct misleading public statements about the same insufficient to excuse demand).

## CONCLUSION

For the foregoing reasons, along with those previously briefed and orally argued, the Amended Complaint and Proposed Amended Complaint should be dismissed.

Respectfully submitted,

**THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON, J. RICHARD CROUT, M.D, JANE KOBER. AND BIOPURE CORPORATION**

By their attorneys,

/s/ Michael D. Blanchard
Robert A. Buhlman, BBO #554393
Eunice E. Lee, BBO #639856
Michael D. Blanchard, BBO#636860
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on February 24, 2006.

/s/ Michael D. Blanchard
Michael D. Blanchard

3

# EXHIBIT A

4 related to BIOPURE CORP filed on 08/11/2003

Outline                    Printer Friendly
                           Next Page »

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Expires: | January 31, 2008 |
| Estimated average burden hours per response | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

| 1. Name and Address of Reporting Person*  MOORE THOMAS A  (Last)  (First)  (Middle)  (Street)  (City)  (State)  (Zip) | 2. Issuer Name and Ticker or Trading Symbol  BIOPURE CORP [BPUR]  3. Date of Earliest Transaction (Month/Day/Year)  08/07/2003  4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer  (Check all applicable)  X Director    10% Owner  X Officer (give title below)    Other (specify below)  President, CEO  6. Individual or Joint/Group Filing (Check Applicable Line)  X Form filed by One Reporting Person  ☐ Form filed by More than One Reporting Person |

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) || 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) ||| 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Class A Common Stock | 08/07/2003 | | S | | 8,750 | D | $2.42 | 322,862 | D | |

| Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned (e.g., puts, calls, warrants, options, convertible securities) ||||||||||||
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) || 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) || 6. Date Exercisable and Expiration Date (Month/Day/Year) || 7. Title and Amount of Underlying Securities (Instr. 3 and 4) || 8. Price of Derivative Security (Instr. 5) |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | |

**Explanation of Responses:**

Thomas A. Moore     08/11/2003
** Signature of Reporting Person     Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.
* If the form is filed by more than one reporting person, see Instruction 4(b)(v).
** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).
Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.
**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

4 related to BIOPURE CORP filed on 08/11/2003

Outline   Printer Friendly
   Next Page »

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Expires: | January 31, 2008 |
| Estimated average burden hours per response | 0.5 |

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br> KOOP C EVERETT MD <br> (Last) (First) (Middle) <br> 3 IVY POINTE WAY <br> (Street) <br> HANOVER   NH   03755 <br> (City)   (State)   (Zip) | 2. Issuer Name and Ticker or Trading Symbol <br> BIOPURE CORP [BPUR] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 08/07/2003 <br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer <br> (Check all applicable) <br> X  Director        10% Owner <br>    Officer (give     Other (specify <br>    title below)    below) <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br>   Form filed by More than One Reporting Person |

| Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned ||||||||||
|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) || 4. Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) ||| 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Class A Common Stock | 08/07/2003 | | P | | 8,750 | A | $ 2.42 | 35,000 | D | |
| Class A Common Stock | | | | | | | | 16,936 | I | Trust |

| Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned (e.g., puts, calls, warrants, options, convertible securities) ||||||||||||
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) || 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4, and 5) || 6. Date Exercisable and Expiration Date (Month/Day/Year) || 7. Title and Amount of Underlying Securities (Instr. 3 and 4) || 8. Price of Derivative Security (Instr. 5) |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | |

**Explanation of Responses:**

C. Everett Koop MD    08/11/2003

** Signature of Reporting Person    Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.
* If the form is filed by more than one reporting person, *see* Instruction 4(b)(v).
** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).
Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.
**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**