UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: BIOPURE CORPORATION DERIVATIVE LITIGATION | ) ) ) ) | Civil Action No. 04-10177-NG |

GERTNER, D.J.:

**ORDER**

I. **INTRODUCTION**

This shareholder derivative class action alleges that defendant Biopure and seven officers and/or directors breached their fiduciary duties and otherwise mismanaged the company by concealing negative information about the development and prospects for Food and Drug Administration ("FDA") approval of Hemopure, the company's principal product.[1]

Before me are defendants' Motion to Dismiss the Consolidated Amended Complaint [#20] and plaintiffs' Motion for Leave to Amend the Complaint [#29]. I have also agreed to read the defendants' Opposition to the plaintiffs' Motion to Amend as a motion to dismiss the Proposed Consolidated Second Amended Complaint.

For the reasons explained below, I hereby **GRANT** plaintiffs' Motion for Leave to Amend and **DENY** defendants' Motions to Dismiss both the initial and Proposed Second Amended Complaint.

---

[1] There is a second lawsuit filed in this Court against Biopure and multiple individual defendants. In that case, Civil Action No. 03-12628-NG, the plaintiffs claim that the defendants violated securities law by issuing allegedly materially misleading statements concerning Hemopure's prospects and development.

1

**II.     MOTION FOR LEAVE TO AMEND**

Plaintiffs have moved for leave to amend their Complaint in order to incorporate information related to an SEC investigation of Biopure and gleaned from the SEC's civil fraud complaint filed against the company.  The defendants argue that the plaintiffs should not be permitted to "piggy-back" on the SEC complaint.

Unlike other cases in which plaintiffs merely adopted wholesale the allegations contained in an SEC complaint, the plaintiffs in this case conducted their own investigation and filed an initial complaint that made substantial allegations against the defendants.  Thus, the SEC complaint is not the "primary factual basis" for the plaintiffs' Proposed Second Amended Complaint, but rather a supplemental source of information on communications between the FDA and the defendants.  <u>Reding v. Goldman Sachs & Co.</u>, 382 F. Supp. 2d 1112, 1115 (E.D. Mo. 2005) (finding fault with an amended complaint whose "primary factual basis" was an SEC complaint).

I also determine that the plaintiffs' Motion to Amend should not be dismissed as untimely, as the defendants have not been prejudiced by any delay.  Finally, I conclude that the plaintiffs' failure to comply with the amendment and service procedures set out in Local Rule 15.1 was harmless, but caution the parties to comply with all applicable procedural requirements during the remainder of this litigation.

I therefore **GRANT** the plaintiffs' Motion for Leave to Amend.

### III. MOTIONS TO DISMISS

With the filing of the Second Amended Complaint, the defendants' pending Motion to Dismiss becomes moot. As I stated at the February 2, 2006 hearing, however, I have interpreted the defendants' Opposition to the plaintiffs' Motion to Amend as arguing for dismissal of the Second Amended Complaint as well.

As an initial matter, the question of each defendant's knowledge of the FDA's clinical hold is relevant to nearly all of the counts in the Second Amended Complaint. In order to allege "interest" as part of the threshold demand futility showing, for example, the plaintiffs must first allege that the defendants were aware of the clinical hold. Similarly, all counts that involve claims of defendants' wrongful acts or omissions-- including insider trading-- require that the defendants knew, or perhaps should have known, of the alleged problems with Hemopure.

To the extent that the plaintiffs' claims rely on an inference that the defendant officers and directors had knowledge of the FDA's clinical hold, therefore, I determine that such an inference is appropriate at this stage of the litigation. Though caselaw is clear that a defendant's corporate position alone cannot support an allegation of that defendant's scienter, in cases in which a company's primary product or service is in jeopardy, courts have been willing to impute that knowledge to

the company's officers and directors.  See, e.g., In re KeySpan Corp. Sec. Litig., 383 F. Supp. 2d 358, 387-88 (D.N.Y. 2003) (listing cases in which courts inferred defendants' knowledge of problems with a company's core product or most significant contract); In re Century Bus. Servs. Secs. Litig., No. 99-02200, 2002 U.S. Dist. LEXIS 26964 (D. Ohio June 27, 2002) (same).

In the case at bar, knowledge of the clinical hold can be imputed generally to Biopure's officers and directors.  Argument over whether the particular officer and director defendants in this case were sufficiently "inside" to be deemed to have had knowledge is factual, and can be made at a later stage of this litigation.

Turning to the specific claims in the Second Amended Complaint, on the threshold question of demand futility, this Court will follow the McSparran court's lead in determining that the Aronson test applies to cases where, as here, the plaintiffs allege a "sustained and systemic failure of the board to exercise oversight."  McSparran v. Larson, No. 04-0041, 2006 U.S. Dist. LEXIS 3787, at *13 (N.D. Ill. Jan. 27, 2006) (applying the test of Aronson v. Lewis, 473 A.2d 805 (Del. 1984) (citing In re Abbott Labs. Derivative S'holders Litig., 325 F.3d 795 (7th Cir. 2001)).

Applying the Aronson test to the present case, I determine that the plaintiffs have created a reasonable doubt that the

4

business judgment rule applies and have sufficiently alleged that the defendants were "interested." Aronson, 473 A.2d at 808. The plaintiffs here claim that a majority of the defendants, by concealing their knowledge of the FDA's clinical hold, subjected themselves to potential personal liability and removed the protective cloak of the business judgment rule. The plaintiffs have therefore made sufficient allegations to satisfy the Aronson test for demand futility.

In addition, as in McSparran, I conclude that the plaintiffs have sufficiently pled damages, alleging that the defendant Biopure has lost significant value in goodwill, reputation, and stock price and will be forced to expend considerable resources in legal fees.

With regard to the defendants' argument that Biopure's Certificate of Incorporation bars any of the plaintiffs' claims grounded in negligence, dismissal prior to the development of the record concerning the defendants' alleged breach of the duty of loyalty, as well as their good faith or lack thereof, would be premature.

The defendants' arguments for dismissal of the plaintiffs' claims of breach of fiduciary duty, abuse of control, gross mismanagement, waste, and unjust enrichment therefore fall short.

Finally, I find that, given the inference that the individual defendants were aware of the clinical hold, the Second

5

Amended Complaint pleads insider trading sufficiently to survive the defendants' motion to dismiss.

For these reasons, I decline to dismiss the Second Amended Complaint.

**SO ORDERED.**

**Dated: March 28, 2006**               <u>**s/NANCY GERTNER, U.S.D.J.**</u>