**11**

Westlaw.

Not Reported in A.2d                                                          Page 1

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

**(Cite as: 1983 WL 21371 (Del.Ch.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Court of Chancery of Delaware.
David STOTLAND, et al.
v.
GAF CORPORATION, et al.
**CIV. A. No. 6876.**

Submitted March 24, 1983.
Decided Sept. 1, 1983.
William Prickett, Michael Hanrahan, Vernon R.
Proctor, Prickett, Jones, Elliott, Kristol & Schnee,
Wilmington.

Steven J. Rothschild, Andrew J. Turezyn, Skadden,
Arps, Slate, Meagher & Flom, Wilmington.

Jack B. Jacobs, Young, Conaway, Stragatt &
Taylor, Wilmington.

LONGOBARDI, Vice-Chancellor.

*1 On July 7, 1982, Plaintiffs filed this derivative
action against GAF Corporation ("GAF") and all
ten members of the GAF board. The complaint
alleges that GAF's directors wasted corporate assets
and breached their fiduciary duties in connection
with compensation paid management and in GAF's
recently completed divestiture program. Under the
divestiture program, GAF sold six of its businesses
which reduced its size to about one-half of what it
had been prior to restructuring. In spite of that
program, Plaintiffs argue that the result of the
divestiture was to decrease GAF's net debt by less
than $10,000,000, increase its long term debt by
$22,000,000 and increase its general and
administrative expenses by almost $3,000,000.

Plaintiffs contend that in 1981 the GAF board
approved excessive levels of executive
compensation which directly benefited all of the
GAF directors. Moreover, at a time when GAF's
sales and profits were down and the reorganization
was in progress, the board granted Defendant Jesse
Werner, GAF's president, chief executive officer
and chairman, a five year employment contract
worth in excess of $500,000 per annum. Werner,
characterized as the dominant individual on the
board, is accused of having forced, with board
approval, the resignation of three presidents of GAF
within three years. All of this was at an excessive
and unnecessary cost to GAF. Finally, Werner and
the other individual Defendants are charged with
having blocked potential merger or takeover
possibilities which would have benefited GAF
stockholders because they wanted to protect their
lucrative positions.

On August 16, 1982, Defendants filed an answer to
the complaint and on August 18, an amended
answer. In each, the Defendants raised the defense
that Plaintiffs failed to make a demand or to
sufficiently plead that a demand would have been
futile. On August 20, 1982, Plaintiffs filed their
first set of interrogatories and document requests.
On September 7, 1982, counsel for both sides
agreed to delay the deposition of Plaintiff David
Stotland until September 20 and the Defendants
were given until September 28 to address the
Plaintiffs' document requests and interrogatories.
Plaintiffs' counsel insist the agreement was for the
Defendants to "answer" the interrogatories; defense
counsel insist that it was only agreed that the
Defendants would "respond" by September 28.

On September 16, the Plaintiffs responded to the
Defendants' first set of interrogatories. David
Stotland was deposed on September 20.
Defendants moved then on September 28 to dismiss
the Plaintiffs' complaint for failure to state a claim
upon which relief may be granted [language found

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                      Page 2

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

**(Cite as: 1983 WL 21371 (Del.Ch.))**

in Rule 12(b)(6) not 23.1] and for failure to make a demand under Chancery Rule 23.1. The defendants also moved to stay discovery and filed various objections to discovery. The Plaintiffs moved on October 7 to compel the Defendants to answer the interrogatories and to produce requested documents. On October 15, 1982, the Plaintiffs moved to amend their complaint to include a claim against the Defendants for sums paid by GAF to Samuel Heyman. Purportedly, these funds were paid to avoid a proxy contest which Heyman had threatened.

**\*2** The Plaintiffs contend that demand on GAF is excused because (1) the board is dominated and controlled by Werner, (2) the board has remained inactive in the face of the acts alleged, (3) the board participated in and profited from these same acts, and (4) the board could not be expected to sue itself in seeking redress.

According to letters to and from the Court, only the pending motions to dismiss and to compel were scheduled for argument on March 24. At argument, however, counsel for both sides chose to address all four motions, which included the motions to stay discovery and to amend the complaint. Since all of these motions have been briefed and addressed at oral argument, they will be decided.

The Plaintiffs argue that the Defendants are not entitled to a stay of discovery because their motion to dismiss must be construed as a motion for summary judgment. Plaintiffs contend that the motion was made after a responsive pleading had been filed by the Defendants and after discovery had been taken. Plaintiffs insist that they must be given the opportunity to continue discovery in order to demonstrate that a genuine issue of fact exists and that summary judgment is consequently inappropriate.

Rule 12(b)(6) provides that a motion to dismiss shall be treated as a motion for summary judgment if matters outside the pleadings "are presented to and not excluded by the court." The Court, aware of the confusion over the exact nature of the parties'

discovery agreement, has decided not to consider the Stotland deposition. The sufficiency of the complaint is the matter now before the Court.

The question remaining, however, is whether a motion to dismiss made after a responsive pleading by the Defendants can, in fact, be treated as a motion to dismiss. Chancery Court Rule 12(b), identical to Federal Rule 12(b), is somewhat confusing in this regard. The language of Rule 12(b) on one hand suggests that a motion raising a 12(b)(6) defense of "failure to state a claim" must be made before a responsive pleading is made. However, Rule 12(b) states that such a defense can be asserted in a responsive pleading. If raised in the answer, the defense, under Rule 12(b) shall be heard by the Court upon the party's application prior to trial unless the Court defers consideration until after trial.

The Court realizes that a strict interpretation of Rule 12(b) suggests that a motion to dismiss cannot be made after a responsive pleading. However, this Court favors the view that, if the defense raised in the motion was included in the answer, the Court may, in its discretion, entertain the motion. 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1361; 2A *Moore's Federal Practice* ¶ 12.05. *Jennings Oil Co., Inc. v. Mobile Oil Corp.,* 80 F.R.D. 124, 127, n. 4 (D.C.N.Y.1978). In this instance, the Court chooses to consider Defendants motion as a motion to dismiss.

The Court does not see the need or any advantage in allowing Plaintiffs to proceed with discovery at this time. On the other hand, the Court will not foreclose the possibility of a motion to compel at a later time. The misunderstanding over how Defendants had agreed to respond was unfortunate and unnecessary. The Plaintiffs, however, are not prejudiced by the Court entering a stay particularly since the Court has decided not to consider the discovery which Plaintiffs contend was unfairly taken of them, *i.e.,* the Stotland deposition.

**\*3** The Plaintiffs do not actually attempt to bar consideration of the Defendants' motion to dismiss. What they ask is that they be allowed to take

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                 Page 3

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

**(Cite as: 1983 WL 21371 (Del.Ch.))**

discovery of the Defendants to bolster their claims before that motion is decided. This argument fails for two reasons. First, the motion to dismiss has been briefed and argued. A decision on the motion may well be dispositive. The expense and time necessary for discovery may be avoided if the motion is granted within a reasonable time. See *Voege v. Arduser,* Del.Ch., C.A. No. 5639, Hartnett, V.C. (Aug. 29, 1978); See also, *Singer v. Magnavox,* Del.Ch., C.A. No. 4929, Brown, V.C. (Feb. 13, 1976). Second, the policy in deciding Rule 23.1 motions is to resolve the question of futility through a consideration of only those "matters referred to in the pleadings." *Bergstein v. Texas Intern. Co.,* Del.Ch., 453 A.2d 467 (1982). The Plaintiffs are not entitled to take discovery in order to prove allegations of futility. *Lewis v. Curtis* 671 F.2d 779 (3rd Cir.1982), *cert. den.,* 51 U.S.L.W. 3258 (Oct. 5, 1982); *Greenspun v. Del E. Webb Corp.,* 634 F.2d 1204 (9th Cir.1980); *In Re Kauffman Mutual Fund Actions,* 479 F.2d 257 (1st Cir.1973), *cert. den.,* 414 U.S. 857 (1973). The Defendants' motion to stay discovery is granted. The Plaintiffs' motion to compel discovery and its requests for sanctions is denied.

Plaintiffs' proposed amendment of the complaint would charge that the GAF board breached its fiduciary duty and wasted GAF assets by authorizing payments in excess of $250,000 to a dissident stockholder, Samuel Heyman, in exchange for Heyman's dropping the suit. Defendants oppose this amendment on the grounds that it is legally insufficient on its face. They contend that the purpose of derivative litigation is to permit the stockholders to assert a claim on behalf of the corporation which those controlling the corporation refuse to assert. They note that GAF has sued Heyman for overstatement of expenses incurred in planning the proxy contest. Plaintiffs' amendment, they contend, is moot since the GAF board has already acted against Heyman.

Chancery Court Rule 15(a) allows this Court, in its discretion, to permit an amendment to the pleadings even after the pleadings have been closed. Generally, leave to amend should be granted unless there is evidence of undue delay, bad faith or

dilatory motive, undue prejudice or the like. *Foman v. Davis,* 371 U.S. 178 (1962); *Hess v. Carmine,* Del.Super., 396 A.2d 173 (1978); 3 *Moore's Federal Practice* ¶ 15.08[4]. An additional ground is legal insufficiency. *Denckla v. Independence Foundation,* Del.Supr., 193 A.2d 538 (1963). The standards for examining the legal sufficiency of the amendment are those employed under Rule 12(b)(6). In other words, if there is no set of facts which could be proven under the amendment which would constitute a valid and sufficient claim, leave should be denied. See *Denckla v. Independence Foundation, Id.;* 3 *Moore's Federal Practice* ¶ 15.08[4]. The policy is clear. It would be an "idle move" for a court to allow a legally deficient amendment if all the objecting party needs to do is move to dismiss the claim after the amendment is granted. 3 *Moore's Federal Practice* ¶ 15.08 [4].

**\*4** The Court does not view Plaintiffs' proposed amendment as legally insufficient due to the lawsuit which GAF has filed against Heyman. That action seeks to recover money paid to Heyman. The proposed amendment does not simply seek recovery of the money paid Heyman but alleges that the GAF board breached its fiduciary duty in spending corporate funds on the Heyman matter and this includes the legal fees related to the corporation's attempt to recover the funds expended on the negotiated settlement. As Plaintiffs note, the fact that Defendants have sued Heyman does not cure the alleged breach of duty which may have occurred in initially approving the payments.

Even if one accepts the proposition that the amendment seeks more than the repayment of money, the Court cannot see how the proposed amendment can be viewed as a legally adequate claim. When viewed in a light most favorable to the Plaintiffs, the amendment is nothing more than a compilation of unsupported conclusory allegations. Simply stating that the payments constitute a waste of assets and breach of fiduciary duty does not offer enough factual information to permit the inference that the Plaintiffs' charges may be correct. This Court cannot draw an inference of breach of fiduciary duty based on Plaintiffs conclusion that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                    Page 4

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

**(Cite as: 1983 WL 21371 (Del.Ch.))**

"this is so." The proposed amendment is woefully deficient of facts and the amendment cannot be deemed factually or legally sufficient as a result of the allegations as pleaded. *Cohen v. Mayor and Council of Wilmington,* Del.Ch., 99 A.2d 393 (1953) ; see *Helfand v. Gambee,* Del.Ch., 136 A.2d 558 (1957). Plaintiffs' motion to amend its complaint to include this allegation is, therefore, denied. *Denckla v. Independence Foundation,* 193 A.2d 538 .; 3 *Moore's Federal Practice* ¶ 15.08 [4].

Defendants have moved to dismiss the complaint due to Plaintiffs' alleged failure to properly demonstrate the futility of making a demand pursuant to Chancery Court Rule 23.1 which reads in pertinent part as follows: "In a derivative action brought by 1 or more shareholders ... to enforce a right of a corporation ... the complaint shall ... allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors ... and the reasons for his failure to obtain the action or for not making the effort." This language and the language found in Federal Rule 23.1 are nearly identical. The burden is on the Plaintiffs to demonstrate that prerequisites of the Rule have been satisfied. *Lewis v. Aronson,* Del.Ch., C.A. No. 6919, Hartnett, V.C. (July 15, 1983); *Haber v. Bell,* Del.Ch., C.A. No. 6706, Hartnett, V.C. (June 13, 1983); *Richardson v. Graves,* Del.Ch., C.A. No. 6617, Longobardi, V.C. (June 12, 1983); *Lewis v. Curtis,* 671 F.2d 779. If a plaintiff fails to carry his burden, the complaint will be dismissed even if the suit is otherwise meritorious. *Mayer v. Adams,* Del.Supr., 174 A.2d 313 (1961). The rationale is clear. The board of directors, unless shown to be incapable of acting appropriately, should be given the opportunity to control litigation brought on behalf of the corporation. *Haber v. Bell, Id.; Lewis v. Aronson, Id.; Richardson v. Graves, Id.*

**\*5** When reviewing a motion to dismiss for failure to make a demand or properly plead the futility of a demand, only matters referred to in the pleadings are considered. *Bergstein v. Texas Intern. Co.,* 453 A.2d 467. All well pleaded facts are assumed true and all allegations are viewed in a light favoring the adequacy of the complaint. *Id.; Del. State*

*Troopers Lodge, Etc. v. O'Rourke,* Del.Ch., 403 A.2d 1109 (1979). However, it is manifestly clear that mere conclusions of law or fact are not enough. The allegations must be supplemented by specific factual allegations that tend to support the conclusions that were pleaded. *Bergstein v. Texas Intern. Co.,* 453 A.2d 467; *Richardson v. Graves,* C.A. No. 6617. Both the Rule and case law view this need for particularity as most critical in determining whether Plaintiff has offered enough to allow him to proceed against Defendants without affording the Defendants the chance to assume control of the claims. See Chancery Rule 23.1; *Bergstein v. Texas Intern. Co., Id.; Richardson v. Graves, Id.*

In the current case, paragraph 20 of the Plaintiffs' complaint offers the following explanation of why making a demand on the GAF board would have been futile:

20. Demand by plaintiffs that defendant Werner and the Director Defendants bring this action was not made, and would have been futile and unavailing, because (a) the members of the Board of Directors are dominated and controlled by Defendant Jesse Werner as more fully set forth in Paragraph 8 above and Paragraphs 21 through 24 below; (b) the Board of Directors has remained inactive although they have long had knowledge of the acts herein alleged; (c) the Board of Directors participated in the wrongs herein alleged and profited therefrom; (d) they would not and could not have diligently prosecuted this action because in effect they would have had to bring it against themselves; (e) this action concerns acts and transactions between Defendant Jesse Werner on the one part and the remaining individual defendants on the other part, all to the detriment of GAF; and (f) this suit seeks recovery of judgment in favor of GAF Corporation and against the individual defendants by reason of the matters herein alleged.

None of the allegations set forth above and read in conjunction with referenced paragraphs provide adequate grounds for excusing a demand on the GAF board. In short, there are no cogent facts

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                          Page 5

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

**(Cite as: 1983 WL 21371 (Del.Ch.))**

which permit any reasonable inference of control or domination by Defendant Werner of the other GAF directors. See *Mayer v. Adams,* Del.Ch., 167 A.2d 729 (1961), *aff'd.,* Del.Supr., 174 A.2d 313 (1961); *Richardson v. Graves,* C.A. No. 6617. Plaintiffs have not alleged that Werner is a controlling stockholder. Compare *Kaplan v. Centex Corporation,* Del.Ch., 284 A.2d 119, 122-23 (1971) . They have not demonstrated any agreement between Werner and the others binding them to vote at Werner's direction. The particular business affiliations between Werner and three other directors which allegedly demonstrated Werner's control and/or the directors' interestedness do not suggest the taint of self interest or permit the inference of domination which Plaintiffs contend it does. See *Panter v. Marshall Field & Co.,* 646 F.2d 271 (7th Cir.1981).

*6 What Plaintiffs essentially claim is that Werner is a high ranking GAF official and that the other board members happen to have agreed with him in approving various transactions. The facts offered by the Plaintiffs support no more of an allegation than this. For example, the claim that Werner "at his own whim" dismissed three successive GAF presidents is a conclusion, unsupported by any demonstration of Werner's control of the board. As such, it is manifestly insufficient to excuse demand. See *Richardson v. Graves,* C.A. No. 6617 at 6; *Lewis v. Aronson,* C.A. No. 6919; *Haber v. Bell,* C.A. No. 6706. Similarly, the charge that Werner forced the board to grant him a lucrative five year compensation agreement or that he coerced the board to avoid potential mergers are "conclusory allegations" that do not support the conclusion of Werner's control of the board. *Richardson v. Graves, Id.* at 6. As has been previously noted, there is no presumption that a director is controlled. *Vernars v. Young,* 539 F.2d 966, 968 (3rd Cir.1976).

Plaintiffs have alleged that the board's failure to seek redress itself prior to the filing of this suit is proof that any demand on the board would have been futile. The theory is presumably the same offered by the Plaintiffs in *Richardson v. Graves, Id., i.e.,* "If they were inclined to sue, they would

have done so before now." *Id.* at 9. This theory is summarily rejected just as it was in *Richardson.* Plaintiffs should not be permitted to assume without demonstrating board interestedness or bias that the board would be unwilling to take corrective measures if asked to do so. See *Cramer v. General Telephone & Electronics Corp.,* 582 F.2d 259 (3rd Cir.1979). To excuse demand on this basis deprives the board of the opportunity to be "prodded into action" to correct the alleged wrong. Affording the board the opportunity to act is a fundamental goal of the demand requirement. *Lewis v. Curtis,* 671 F.2d 779. Plaintiffs' allegation of futility based on board inaction is a conclusion which is not adequately supported to demonstrate futility.

It is also alleged that demand on the GAF board would have been futile because the directors would be required to sue themselves. "Merely naming all the members of the board is not in and of itself sufficient to excuse demand." *Richardson v. Graves,* C.A. No. 6617 at 9. To excuse demand on this ground would emasculate Rule 23.1. *Haber v. Bell,* C.A. No. 6706; *Heit v. Baird,* 567 F.2d 1157 (1st Cir.1977). The presumption that directors do act and will act in the best interests of the corporation cannot be undermined by merely suing the entire GAF board. Interestedness cannot be manufactured. It must be drawn from the facts presented. These allegations are, therefore, not sufficient to excuse demand.

The Plaintiffs allege the interestedness of the Board has been demonstrated because a majority of them has profited from the allegedly improper compensation plans. The complaint itself, however, suggests that of the five named individuals whose compensation levels are specifically challenged, only four were GAF directors. At least six other directors sat on the board at the time of approval and none of these six have been shown to be biased or controlled. Moreover, Plaintiff has not demonstrated that board members had a financial interest in the reorganization. The majority of the board had no direct financial interest and could have exercised their business judgment in deciding whether to pursue the litigation or seek its

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                      Page 6

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

**(Cite as: 1983 WL 21371 (Del.Ch.))**

dismissal.

*7 Finally, interestness on the part of a director can arise from conduct subjecting him to potential personal liability. See *Lewis v. Aronson,* C.A. No. 6919. Plaintiffs, however, have not alleged sufficient facts relative to these grounds. The challenged transactions appear to be the type which are protected by the business judgment rule. Plaintiffs have merely alleged in a conclusory fashion that the contested actions of the board were tainted. Bare claims of potential personal liability of the GAF board members are insufficient. *Haber v. Bell,* C.A. No. 6706.

As this Court has stated before, stockholders bringing claims on behalf of a corporation must realize that futility cannot be evidenced by boilerplate allegations devoid of pertinent factual support. Plaintiffs have failed to demonstrate, through their complaint, why a demand on the GAF board would have been futile. Plaintiffs' complaint is, therefore, dismissed.

IT IS SO ORDERED.

Not Reported in A.2d, 1983 WL 21371 (Del.Ch.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.