UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION<br>DERIVATIVE LITIGATION | )<br>)<br>)<br>)<br>)<br>) | Master Docket No. 1:04-cv-10177-NG<br>(Consolidated Derivative Action)<br><br>Assigned to: Judge J. Nancy Gertner<br><br>Magistrate Judge Alexander |

**RULE 26(f) JOINT STATEMENT OF THE PARTIES**

On Tuesday, April 4, 2006, counsel for the parties conferred by telephone to discuss all issues contained in Rule 26(f), F.R.C.P. and Local Rule 16.1. Counsel for the parties submit this report and plan of discovery.

**AGENDA**

The parties will be prepared to discuss the following issues at the Scheduling Conference to be held on May 1, 2006:

1) The undertaking by Biopure Corportion's ("Biopure") board of directors of a special litigation committee process and the likely request for a stay of proceedings pending completion of that process;

2) A schedule for dispositive motions, including Defendants' motion for reconsideration of the Court's denial of their motion to dismiss; and

3) A proposed pretrial schedule.

**I.    FORTHCOMING REQUEST FOR STAY**

*Nominal Defendant Biopure's Statement:* Biopure's board of directors is in the process of appointing a special litigation committee pursuant to Delaware law to investigate the claims in this case and to exercise business judgment as to whether pursuing such claims are in the best interests of the corporation. It is expected that Biopure or its committee will request a stay of proceedings, including all discovery, in accordance with Delaware law pending a determination by the committee upon the completion of its investigation. Accordingly, Biopure's agreement to

any of the pretrial procedures and deadlines addressed below is expressly subject to such a request being made and without waiving its rights relative to the special litigation committee process.

## II.    PLAN FOR DISCOVERY AND DISPOSITIVE MOTIONS

1)    On or about April 13, 2006, Defendants filed their motion for reconsideration of the Court's decision on their motion to dismiss. Defendants will be prepared to argue this motion upon the completion of briefing.

2)    The parties' initial disclosures pursuant to Rule 26(a)(1) have been completed;

3)    The parties seek to coordinate fact discovery with that in the consolidated actions, In re: Biopure Securities Litigation, so as to avoid duplicative and/or overlapping discovery. The defendants in the Biopure Securities Litigation are requesting that class-certification and merits discovery in that case be phased such that pure merits discovery be delayed until a determination is made on the forthcoming motion for class certification.

4)    Expert discovery should be structured consistent with Biopure Securities Litigation.

5)    All dispositive motions shall be filed not later than 60 days after completion of expert discovery. Responses to those motions must be filed not later than 60 days thereafter, and replies within 30 days thereafter. A hearing on dispositive motions shall be held as soon thereafter as practicable.

6)    The Court shall hold a final pretrial conference to discuss all issues remaining for trial within 45 days of the completion of all summary judgment deadlines.

7)    The parties agree that alternative dispute resolution is not appropriate at this time.

8)    The parties agree that at this time it is not necessary to seek changes to the form, requirements, or limitations on discovery pursuant to the Federal Rules and Local Rules, but reserve the right to seek relief from those forms, requirements, or limitations should the need arise. The parties will make reasonable attempts to secure agreement on such issues before seeking relief from the Court.

9) The parties do not consent to trial before a Magistrate Judge.

### III. LOCAL RULE 16.1(d)(3) CERTIFICATIONS

The parties' Local Rule 16.1(D)(3) certifications are attached hereto at Tab A.

DATED: April 24, 2006

Respectfully submitted,

Defendants, by their attorneys,

Plaintiffs, by their attorneys,

 /s/  Donald J. Savery
Robert A. Buhlman, BBO# 554393
Donald J. Savery, BBO# 564975
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617)951-8000

 /s/ Douglas S. Johnson, Jr.
Douglas S. Johnston, Jr. (*pro hac vice*)
George E. Barrett (*pro hac vice*)
Timothy L. Miles (*pro hac vice*)
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: 615/244-2202
Facsimile: 615/252-3798
djohnston@barrettjohnston.com
gbarrett@barrettjohnston.com
tmiles@barrettjohnston.com

Defendant Richman, by his attorneys,

 /s/  Cathy A. Fleming
Cathy A. Fleming (*pro hac vice*)
EDWARDS ANGELL PALMER &
DODGE, LLP
750 Lexington Avenue
New York, NY  10022
(212)912-2743

Brian J. Robbins
Jeffrey P. Fink
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue, Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

Plaintiffs' Co-Lead Counsel

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Plaintiffs' Liaison Counsel

James G. Stranch
BRANSTETTER, KILGORE, STRANCH &
JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419

Plaintiffs' Counsel