2

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 775186 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Massachusetts.
In re: BIOPURE CORPORATION DERIVATIVE LITIGA-
TION
**No. CIV.A.04-10177 NG.**

March 28, 2006.

**Background:** Shareholders brought shareholder derivative class action against corporation and seven of its officers and/or directors, alleging that defendants breached their fiduciary duties and otherwise mismanaged corporation by concealing negative information about the development and prospects for Food and Drug Administration (FDA) approval of its principal product. Defendants moved to dismiss, and shareholders moved for leave to amend the complaint.

**Holdings:** The District Court, Gertner, J., held that:

1(1) motion for leave to amend the complaint was not an impermissible attempt to "piggy-back" on Securities and Exchange Commission (SEC) civil fraud complaint against corporation;

2(2) knowledge of clinical hold on FDA approval of corporation's product was imputable to corporation's officers and/or directors;

3(3) allegations were sufficient to establish demand futility; and

4(4) allegations that corporation lost significant value in goodwill, reputation, and stock price, and would be forced to expend considerable resources in legal fees, sufficiently pled damages.

Motion for leave to amend granted, and motion to dismiss denied.

**[1] Federal Civil Procedure 170A 839.1**

170A Federal Civil Procedure
170AVII Pleadings and Motions
170AVII(E) Amendments

170Ak839 Complaint
170Ak839.1 k. In General. Most Cited Cases
Shareholders' motion for leave to amend complaint in shareholder derivative class action against corporation and seven of its officers and/or directors, alleging that defendants breached their fiduciary duties and otherwise mismanaged corporation by concealing negative information about the development and prospects for Food and Drug Administration (FDA) approval of its principal product, was not an impermissible attempt to "piggy-back" on Securities and Exchange Commission (SEC) civil fraud complaint against corporation, where SEC complaint was not primary factual basis for proposed second amended complaint, but rather a supplemental source of information on communications between the FDA and the defendants.

**[2] Corporations 101 310(1)**

101 Corporations
101X Officers and Agents
101X(C) Rights, Duties, and Liabilities as to Corporation and Its Members
101k310 Management of Corporate Affairs in General
101k310(1) k. In General. Most Cited Cases

**Health 198H 325**

198H Health
198HI Regulation in General
198HI(E) Drugs; Medical Devices and Instruments
198Hk325 k. Cosmetics. Most Cited Cases
Knowledge of clinical hold on Food and Drug Administration (FDA) approval of corporation's principal product was imputable to corporation's officers and/or directors, for purposes of shareholder derivative class action alleging that they breached their fiduciary duties and otherwise mismanaged corporation by concealing the clinical hold.

Knowledge of clinical hold on Food and Drug Administration (FDA) approval of corporation's principal product was imputable to corporation's officers and/or directors, for purposes of shareholder derivative class action alleging that they breached their fiduciary duties and otherwise mismanaged corporation by concealing the clinical hold.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                    Page 2
--- F.Supp.2d ----, 2006 WL 775186 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

**[3] Corporations 101 ⚷320(5)**

101 Corporations
101X Officers and Agents
101X(C) Rights, Duties, and Liabilities as to Corporation and Its Members
101k320 Actions Between Shareholders and Officers or Agents
101k320(5) k. Failure of Action by Corporation and Demand That Action Be Brought. Most Cited Cases
Allegations that majority of corporation's officers and/or directors, by concealing their knowledge of clinical hold on Food and Drug Administration (FDA) approval of corporation's principal product, subjected themselves to potential personal liability and removed protective cloak of the business judgment rule were sufficient to establish demand futility in shareholder derivative class action, alleging that defendants breached their fiduciary duties and otherwise mismanaged corporation by concealing negative information about the development and prospects for FDA approval of the product.

**[4] Corporations 101 ⚷320(12)**

101 Corporations
101X Officers and Agents
101X(C) Rights, Duties, and Liabilities as to Corporation and Its Members
101k320 Actions Between Shareholders and Officers or Agents
101k320(12) k. Damages or Amount of Recovery. Most Cited Cases
Allegations that corporation lost significant value in goodwill, reputation, and stock price, and would be forced to expend considerable resources in legal fees, sufficiently pled damages in shareholder derivative class action, alleging that corporation and seven of its officers and/or directors breached their fiduciary duties and otherwise mismanaged corporation by concealing negative information about the development and prospects for Food and Drug Administration (FDA) approval of its principal product.

Mary T. Sullivan, Segal, Roitman & Coleman, Boston, MA, Jeffrey P. Fink, Robbins Umeda & Fink, LLP, San Diego, CA, Douglas S. Johnston, Jr., George E. Barrett, Timothy L.

Miles, Barrett, Johnston & Parsley, Nashville, TN, for Plaintiff.
Robert A. Buhlman, Bingham McCutchen LLP, Boston, MA, Michael D. Blanchard, Bingham McCutchen LLP, Hartford, CT, for Defendants.

ORDER

GERTNER, D.J.

I. *INTRODUCTION*

**\*1** This shareholder derivative class action alleges that defendant Biopure and seven officers and/or directors breached their fiduciary duties and otherwise mismanaged the company by concealing negative information about the development and prospects for Food and Drug Administration ("FDA") approval of Hemopure, the company's principal product.

Before me are defendants' Motion to Dismiss the Consolidated Amended Complaint [# 20] and plaintiffs' Motion for Leave to Amend the Complaint [# 29]. I have also agreed to read the defendants' Opposition to the plaintiffs' Motion to Amend as a motion to dismiss the Proposed Consolidated Second Amended Complaint.

For the reasons explained below, I hereby GRANT plaintiffs' Motion for Leave to Amend and DENY defendants' Motions to Dismiss both the initial and Proposed Second Amended Complaint.

II. *MOTION FOR LEAVE TO AMEND*

[1] Plaintiffs have moved for leave to amend their Complaint in order to incorporate information related to an SEC investigation of Biopure and gleaned from the SEC's civil fraud complaint filed against the company. The defendants argue that the plaintiffs should not be permitted to "piggy-back" on the SEC complaint.

Unlike other cases in which plaintiffs merely adopted wholesale the allegations contained in an SEC complaint, the plaintiffs in this case conducted their own investigation and filed an initial complaint that made substantial allegations against the defendants. Thus, the SEC complaint is not the "primary factual basis" for the plaintiffs' Proposed

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                          Page 3
--- F.Supp.2d ----, 2006 WL 775186 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

Second Amended Complaint, but rather a supplemental source of information on communications between the FDA and the defendants. *Reding v. Goldman Sachs & Co.,* 382 F.Supp.2d 1112, 1115 (E.D.Mo.2005) (finding fault with an amended complaint whose "primary factual basis" was an SEC complaint).

I also determine that the plaintiffs' Motion to Amend should not be dismissed as untimely, as the defendants have not been prejudiced by any delay. Finally, I conclude that the plaintiffs' failure to comply with the amendment and service procedures set out in Local Rule 15.1 was harmless, but caution the parties to comply with all applicable procedural requirements during the remainder of this litigation.

I therefore GRANT the plaintiffs' Motion for Leave to Amend.

### III. *MOTIONS TO DISMISS*

With the filing of the Second Amended Complaint, the defendants' pending Motion to Dismiss becomes moot. As I stated at the February 2, 2006 hearing, however, I have interpreted the defendants' Opposition to the plaintiffs' Motion to Amend as arguing for dismissal of the Second Amended Complaint as well.

[2] As an initial matter, the question of each defendant's knowledge of the FDA's clinical hold is relevant to nearly all of the counts in the Second Amended Complaint. In order to allege "interest" as part of the threshold demand futility showing, for example, the plaintiffs must first allege that the defendants were aware of the clinical hold. Similarly, all counts that involve claims of defendants' wrongful acts or omissions-including insider trading-require that the defendants knew, or perhaps should have known, of the alleged problems with Hemopure.

**\*2** To the extent that the plaintiffs' claims rely on an inference that the defendant officers and directors had knowledge of the FDA's clinical hold, therefore, I determine that such an inference is appropriate at this stage of the litigation. Though caselaw is clear that a defendant's corporate position alone cannot support an allegation of that defendant's scienter, in cases in which a company's primary

product or service is in jeopardy, courts have been willing to impute that knowledge to the company's officers and directors. *See, e.g., In re KeySpan Corp. Sec. Litig.,* 383 F.Supp.2d 358, 387-88 (D.N.Y.2003) (listing cases in which courts inferred defendants' knowledge of problems with a company's core product or most significant contract); *In re Century Bus, Servs, Secs, Litig.,* No. 99-02200, 2002 U.S. Dist. LEXIS 26964 (D. Ohio June 27, 2002) (same).

In the case at bar, knowledge of the clinical hold can be imputed generally to Biopure's officers and directors. Argument over whether the particular officer and director defendants in this case were sufficiently "inside" to be deemed to have had knowledge is factual, and can be made at a later stage of this litigation.

Turning to the specific claims in the Second Amended Complaint, on the threshold question of demand futility, this Court will follow the *McSparran* court's lead in determining that the *Aronson* test applies to cases where, as here, the plaintiffs allege a "sustained and systemic failure of the board to exercise oversight." *McSparran v. Larson,* No. 04-0041, 2006 U.S. Dist. LEXIS 3787, at \*13 (N.D.Ill. Jan. 27, 2006) (applying the test of *Aronson v. Lewis,* 473 A.2d 805 (Del.1984) (citing *In re Abbott Labs. Derivative S'holders Litig.,* 325 F.3d 795 (7th Cir.2001)).

[3] Applying the *Aronson* test to the present case, I determine that the plaintiffs have created a reasonable doubt that the business judgment rule applies and have sufficiently alleged that the defendants were "interested." *Aronson,* 473 A.2d at 808. The plaintiffs here claim that a majority of the defendants, by concealing their knowledge of the FDA's clinical hold, subjected themselves to potential personal liability and removed the protective cloak of the business judgment rule. The plaintiffs have therefore made sufficient allegations to satisfy the *Aronson* test for demand futility.

[4] In addition, as in *McSparran,* I conclude that the plaintiffs have sufficiently pled damages, alleging that the defendant Biopure has lost significant value in goodwill, reputation, and stock price and will be forced to expend considerable resources in legal fees.

With regard to the defendants' argument that Biopure's Cer-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                      Page 4
--- F.Supp.2d ----, 2006 WL 775186 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**


tificate of Incorporation bars any of the plaintiffs' claims grounded in negligence, dismissal prior to the development of the record concerning the defendants' alleged breach of the duty of loyalty, as well as their good faith or lack thereof, would be premature.

**\*3** The defendants' arguments for dismissal of the plaintiffs' claims of breach of fiduciary duty, abuse of control, gross mismanagement, waste, and unjust enrichment therefore fall short.

Finally, I find that, given the inference that the individual defendants were aware of the clinical hold, the Second Amended Complaint pleads insider trading sufficiently to survive the defendants' motion to dismiss.

For these reasons, I decline to dismiss the Second Amended Complaint.

SO ORDERED.

> FN1. There is a second lawsuit filed in this Court against Biopure and multiple individual defendants. In that case, Civil Action No. 03-12628-NG, the plaintiffs claim that the defendants violated securities law by issuing allegedly materially misleading statements concerning Hemopure's prospects and development.

D.Mass.,2006.
In re Biopure Corp. Derivative Litigation
--- F.Supp.2d ----, 2006 WL 775186 (D.Mass.)

Briefs and Other Related Documents (Back to top)

• 1:04cv10177 (Docket) (Jan. 26, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.