3

Not Reported in F.Supp.  
Not Reported in F.Supp., 1993 WL 160580 (D.Mass.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.
In re CLARK-FRANKLIN-KINGSTON PRESS, INC.,
Debtor.
Richard G. KAGAN, Trustee, Plaintiff,
v.
Lawrence DRESS, et al., Defendant.
**C.A. Nos. 90-11231 WF, 90-11232 WF.**

April 21, 1993.

ORDER

WOLF, District Judge.

**\*1** These matters arise out of proceedings begun in the United States Bankruptcy Court. The plaintiff, the appointed trustee in bankruptcy of Clark-Franklin-Kingston Press, Inc. ("CFK"), filed this adversary action on October 5, 1988, alleging various counts of fraud and corporate waste, against Lawrence Dress, Jerome Schlakman, George Franklin, and Michael Franklin. Defendants are former directors, officers and shareholders of CFK. Pending before this courts are defendants' motion for leave to appeal an interlocutory order of the Bankruptcy Court judge, and defendants' motion to withdraw the reference of this adversary proceeding from the Bankruptcy Court. For the following reasons, both motions are denied.

I. *Motion for Leave to Appeal*

Defendants move for leave to appeal an Order by the Bankruptcy Court denying their motion for a trial by jury. Defendants had not made a jury demand in their Answers to the Complaint, but sought leave of the court to belatedly request a jury trial, pursuant to Fed.R.Civ.P. 39(b). Defendants' late request was predicated on a ruling by the Supreme Court, handed down after the defendants had filed their answers in the instant action, which established that defendants have a right to a jury trial when sued by a bankruptcy trustee to recover allegedly fraudulent conveyances. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989). Prior to this ruling, the law in the First Circuit clearly did not afford a jury trial in such cases. See *Whitlock v. Hause,* 694 F.2d 861 (1st Cir.1982). Defendants argued to the Bankruptcy Court that *Granfinanciera* afforded them a right to a jury which they did not enjoy at the time they filed their Answers; therefore, they argued, their failure to demand a jury in their Answers should be excused and should not be construed as a waiver to their Seventh Amendment right to a jury. Memorandum of Law in Support of Defendants' Motion for Trial by Jury at 2-3.

The Bankruptcy Judge denied in part and granted in part defendants' motion for a jury trial. *In re Clark-Franklin-Kingston Press, Inc.,* Adversary Proceeding No. 88-1376-CJK (Bankr.D.Mass. Feb. 21, 1990) ("Bankruptcy Court Order"). The motion was denied as to three of the four defendants on the ground that these defendants had waived their right to a jury trial by filing claims against the bankrupt estate. Bankruptcy Court Order at 1. The Bankruptcy Court pointed out that the Supreme Court's decision in *Granfinanciera* did not disturb the Court's prior holding in *Katchen v. Landy,* 382 U.S. 323 (1966). In that case the Court held that defendants who file claims in bankruptcy court against the bankruptcy estate thereby waive any right they otherwise may have had to a trial by jury in actions brought against them by the trustee. *Katchen,* 382 U.S. at 335-38; *see also Granfinanciera,* 492 U.S. at 58-59 & n. 14. Therefore, the Bankruptcy Court held, the three defendants who filed claims against the estate were not entitled to a jury trial. Bankruptcy Court Order at 1-3. With regard to the fourth defendant, George Franklin, the court allowed the motion for a trial by jury, pursuant to *Granfinanciera.*

**\*2** Defendants now move for leave to file an appeal of this interlocutory order, pursuant to 28 U.S.C. 158(a) and Bankruptcy Rule 8003. Because the Order at issue does not involve a controlling question of law as to which there is substantial ground for difference of opinion, and because an immediate appeal from the Order will not materially advance the ultimate termination of the litigation, Defendants' motion is denied.

Under 28 U.S.C. § 158(a), the decision whether to hear an appeal from an interlocutory decision of the Bankruptcy Court lies in the sound discretion of the District Court. See *In re Murray,* 116 B.R. 6, 8 (D.Mass.1990). When considering petitions for interlocutory review to the District Court,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1993 WL 160580 (D.Mass.)
**(Cite as: Not Reported in F.Supp.)**

courts generally apply the standard for certifying appeals from United States District Courts to the United States Courts of Appeals pursuant to 28 U.S.C. § 1292(b). *See id.* (citing cases). 28 U.S.C. § 1292(b) establishes three conditions for certification of an interlocutory appeal. The order must involve a question of law (1) which is "controlling;" (2) as to which there is substantial ground for difference of opinion; and (3) whose immediate determination "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because appeals of interlocutory orders result in piecemeal litigation, causing delay, the party seeking interlocutory appeal bears the heavy burden of persuading the court that exceptional circumstances warrant " 'departure from the basic policy of postponing appellate review until after entry of a final judgment.' " *Bank of New York v. Hoyt,* 108 F.R.D. 184, 190 (D.R.I.1985) quoting *Fisons Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir.), *cert. denied,* 405 U.S. 1041 (1972); *see also McGillicuddy v. Clements,* 746 F.2d 76, 76 n. 1 (1st Cir.1984) (admonishing that interlocutory certification "should be used sparingly and only in exceptional circumstances").

In this case, the circumstances do not warrant interlocutory review. The Bankruptcy Court's decision was based on the well-settled rule that a party filing a claim in Bankruptcy Court subjects himself to that court's equitable jurisdiction, and thereby forgoes any right to a jury trial on claims brought against him in that proceeding. *See Katchen,* 382 U.S. at 336-38; *In re Hooker Investments, Inc.,* 937 F.2d 833, 838-39 (2d Cir.1991) (discussing *Katchen* ). As such, the Bankruptcy Court's decision was not based on an issue of law as to which there is substantial ground for a difference of opinion. Therefore, interlocutory appeal would be inappropriate.

There is a suggestion in the Bankruptcy Court's Order that defendants were willing to voluntarily dismiss their claims against the trustee in order to perfect their right to a jury under *Granfinanciera.* The Bankruptcy Court stated that if the defendants did wish to withdraw the claims it would allow them to do so, but that such withdrawal would not restore their right to a jury. The court opined that the defendants' initial claims filings constituted irrevocable waivers of their Seventh Amendment rights to a jury trial. This Court will not at this time address this discussion by the Bankruptcy Court, since Defendants apparently have not formally withdrawn their claims. Any argument that this aspect of the Bankruptcy Court's holding presents an issue as to which there exists substantial ground for difference of opinion would be based on a merely hypothetical set of facts.

**\*3** In any event, the defendants have not persuaded the court that allowing an immediate appeal will serve to materially advance the ultimate termination of this litigation. Allowing an appeal at this stage will delay this action's advancement to trial. Defendants assert that denial of an appeal now will require them to participate in a trial which might later be set aside on appeal, requiring a retrial before a jury. While the courts should strive to avoid duplicative efforts where possible, the mere risk that an erroneous interlocutory order will result in a retrial cannot be adequate grounds for granting immediate appeal.

In the course of an adversarial proceeding trial judges make myriad decisions which, if erroneous, might require a new trial. Subjecting all such decisions to interlocutory appeal, on the presumption that multiple trials should be avoided, would make the already swamped federal court system an even deeper quagmire. Such an approach would not serve the interests of judicial economy. Rather, interlocutory appeals should be granted where resolution of the issues on appeal might lead to settlement, summary judgment, or termination of litigation as to one or more parties in a case.

Here, on the other hand, interlocutory review of the decision below will not obviate the need for a trial. Moreover, a bench trial in the bankruptcy court might yield a result favorable to the defendants, making further inquiry into the jury trial issue unnecessary. In sum, defendants have not met their burden of showing that the probable gains of immediate appeal outweigh the concomitant costs. *See United States of America ex rel. Harold LaValley v. First National Bank of Boston,* No. 86-236WF, 1990 WL 112 285 at \*4, 1990 U.S. Dist. LEXIS 9913 at \*10 (D.Mass. July 30, 1990). Therefore, defendants' motion for leave to appeal the Bankruptcy Court's Order will be denied.

II. *Motion to Withdraw the Reference from the Bankruptcy Court*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1993 WL 160580 (D.Mass.)
**(Cite as: Not Reported in F.Supp.)**

In light of the Bankruptcy Court's mixed rulings on Defendants' motion for trial by jury, Defendants have moved for a withdrawal of the reference, contending that removing all of the adversarial proceedings to the District Court will promote judicial economy. The Court disagrees; therefore, Defendants' motion will be denied.

Because the Bankruptcy Court allowed Defendants' motion for a trial by jury as to Plaintiff's federal claims against George Franklin, and because the court determined that it lacked the power to conduct a jury trial, those counts against George Franklin requiring trial by jury have been severed from the remaining counts in this adversarial proceeding. Defendants contend that the now severed actions will involve similar factual and legal issues. Defendants, therefore, request that this Court exercise its discretion to withdraw the reference from the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), so that all of the Trustee's claims against the four defendants can be prosecuted in a single consolidated proceeding.

**\*4** Cases referred to the Bankruptcy Court may be withdrawn by the district court only for "cause shown." 28 U.S.C. § 157(d). Withdrawal from the Bankruptcy Courts is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court "unless withdrawal [is] essential to preserve a higher interest." *United States v. Kaplan,* 146 B.R. 500, 502-3 (D.Mass.1992). In deciding whether adequate cause exists for withdrawal, district courts consider "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985).

Defendants urge that the existence of separate proceedings, involving substantially similar factual and legal issues, provide the requisite cause for withdrawal, since consolidation of the actions into one trial will conserve the bankruptcy estate's resources and those of the defendants. Under certain circumstances the existence of parallel proceedings in the Bankruptcy Court and District Court does warrant withdrawal by the District Court in order to avoid the risk of inconsistent rulings, and to conserve judicial and parties' resources. *See In re Wedtech Corp.,* 81 B.R. at 239; *Ameritel Corp. v. Isoetec Communications, Inc.,* 109 B.R. 965, 967 (D.Or.1990).

In this case, however, Defendants have presented their motion for withdrawal after the case has already progressed significantly toward trial. The Bankruptcy Court has ruled on motions for a jury trial and for summary judgment. Counsel for the plaintiff represents that a final pretrial conference has been held and that the case is ready for trial. Plaintiff's Opposition to Defendants' Motion to Withdraw Reference of Adversary Proceeding at 8. Judicial economy would not result from withdrawing a case which has matured in Bankruptcy Court to the cusp of trial, only to be reborn in the District Court.

Furthermore, a second trial in the District Court may prove to be unnecessary. The parties agree that the state law claims against George Franklin involve the same nucleus of facts and certain of the same legal issues as the federal claims which must be tried in federal court. Memorandum of Law in Support of Defendants' Motion to Withdraw Reference of Adversary Proceeding at 7-8; Plaintiff's Opposition to Defendants' Motion to Withdraw Reference of Adversary Proceeding at 9. Therefore, issues determined at trial before the Bankruptcy Court will have preclusive effect in a subsequent trial in the District Court; the doctrines of claim and issue preclusion will likely narrow significantly the issues to be tried in any second trial. Furthermore, plaintiff represents that if he prevails on the state law claims in Bankruptcy Court, there will be no need to proceed with his federal law claims. Plaintiff's Opposition to Defendants' Motion to Withdraw Reference of Adversary Proceeding at 9. Since a withdrawal of the reference from the Bankruptcy Court would at this time result in delay of this case's progression, and since a subsequent trial on plaintiff's federal claims against George Franklin may be rendered unnecessary, or reduced in scope, after a trial in Bankruptcy Court, this court finds that withdrawal pursuant to 28 U.S.C. § 157(d) would be inappropriate.

ORDER

**\*5** For the foregoing reasons it is hereby ORDERED that:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1993 WL 160580 (D.Mass.)
**(Cite as: Not Reported in F.Supp.)**

1. Defendants' Motion for Leave to Appeal From an Interlocutory Order is DENIED.

2. Defendants' Motion to Withdraw Reference of Adversary Proceeding is DENIED.

> FN1. 28 U.S.C. § 1292(b) provides:
> When a district judge, in making in a civil action an order not otherwise appealable ... shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation, he shall so state in writing in such order. The Court of Appeals ... may thereupon, in its discretion, permit an appeal to be taken from such order...."
>
> FN2. Plaintiff's Motion to Strike Designation of Record on Appeal and Statement of Issues on Appeal is DENIED as moot.
>
> FN3. 28 U.S.C. § 157(d) provides in relevant part:
> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.
>
> FN4. The parties have not raised, and therefore the court does not address the possibility that the Bankruptcy Court erred in concluding that it was not authorized to conduct a jury trial, obviating the need to sever the federal claims against George Franklin. *See* Weiss v. Avenir Acquisition Corp. II, 139 B.R. 761, 762 (D.Mass.1991).

D.Mass.,1993.
In re Clark-Franklin-Kingston Press, Inc.
Not Reported in F.Supp., 1993 WL 160580 (D.Mass.)

Briefs and Other Related Documents (Back to top)

- 1:90cv11232 (Docket) (May. 08, 1990)
- 1:90cv11231 (Docket) (May. 08, 1990)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.