7

Slip Copy                                                                                                                                        Page 1
Slip Copy, 2005 WL 1501672 (D.Puerto Rico)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Puerto Rico.
Eddie SANDOVAL DIAZ, et. al., Plaintiffs,
v.
Felix J. SANDOVAL OROZCO, et. al., Defendant.
**Civil No. 01-1022 (JAG/GAG).**

June 24, 2005.

Eduardo R. Estades, Estades Law Office, Gabriela Coronado-Dominguez, Gabriela Coronado Dominguez Law Office, San Juan, PR, for Plaintiffs.
Ricardo Ruiz-Diaz, Ruiz & Reyes Law Offices, Fajardo, PR, for Defendant.

### *OPINION & ORDER*

GUSTAVO A. GELPI, United States Magistrate-Judge.

**\*1** Pending before the Court is defendant's *Motion for Amendment of Findings of Facts* pursuant to Fed. R. of Civ. P. 52(b) and for *Amendment of Judgment* pursuant to Fed.R.Civ.P. 59(e) dated January 21, 2005 (Docket No. 121). Felix J. Sandoval Orozco ("defendant") requests the Court to reconsider its *Memorandum Order* denying him monetary damages due to the fact that his counterclaim was not proven by a preponderance of the evidence (Docket No. 119). Plaintiffs, Eddie Sandoval Diaz ("Sandoval Diaz") and Maria Zayas Colon (collectively referred to as "plaintiffs") duly opposed defendant's request (Docket 139).

After reviewing the transcript of the record and the parties' memoranda of law (Docket Nos. 121, 124 and 139), the Court concludes that defendant's motions must be **DENIED.**

### **I.** *Factual Background*

> FN1. The facts of this case are adduced from the trial transcript ("Tr."). *See* Docket No. 124. A more detailed factual background is provided in the Court's Opinion and Order denying summary judgment. *Sandoval Diaz v. Sandoval Orozco,* 296 F.Supp.2d 122, 124-125 (D.P.R.2003).

Bingo Distributors was incorporated under the laws of Puerto Rico on December 31, 1982, with the primary purpose of selling and distributing equine food, nutrition supplements, and veterinary supplies. (*See* Docket 88, Exhibit I). The certificate of incorporation lists Sandoval Diaz, Zayas, and defendant as incorporators, with Sandoval Diaz and defendant each owning 49% of the corporation's stock. *Id.*

Sandoval Diaz acted as Treasurer of Bingo Inc. while defendant was its President and Chief Executive Officer. (Tr. 29, 31). In 1987 defendant resigned from his position at Bingo Inc. (Tr. 30). It was disputed whether he, in doing so, gave up his rights to the corporation or not. Upon his resignation there were approximately $150,000 in Bingo, Inc.'s accounts receivable. (Tr. 114). It was disputed whether these were collectible or not. Sandoval Diaz claims that Bingo, Inc. had no assets when defendant left the company since the accounts receivable were uncollectible. (Tr. 120). Defendant claims that since Sandoval Diaz was at all times in charge of the finances of the corporation, and had complete control of the company after his resignation, then Sandoval Diaz must have mismanaged Bingo, Inc., and in the process deprived him of his share of the assets. Bingo, Inc. was never legally dissolved. (Tr. 38).

### **II.** *Standards of Review*

**A.** Fed.R.Civ.P. 52(b) Amendment of Findings of Facts

According to Fed.R.Civ.P. 52(b) "when findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings." On issues of fact, the decision will not be disturbed unless the findings were "clearly erroneous." Fed.R.Civ.P. 52(a). "The presumption of correctness reflected in the 'clearly erroneous' rule applies" when the court's findings are based upon its assessment of conflicting testimony as well as when the challenged findings are factual inferences drawn from undisputed facts. *Constructora Maza, Inc. v. Banco de Ponce,* 616 F.2d 573, 576 (1st. Cir.1980). The court's "job is not to weigh the evidence anew, but simply to determine whether the decision reached by the trial court is 'plausible in light of the record viewed in its entirety.' " *Portland Natural Gas Transmission Sys. v.*

Slip Copy                                                                                                            Page 2
Slip Copy, 2005 WL 1501672 (D.Puerto Rico)
**(Cite as: Slip Copy)**

19.2 Acres of Land in Haverhill, 318 F.3d 279, 281 (1st Cir.2003) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

**\*2** Great deference must be given to the trial court's decision due to its "opportunity to hear the testimony, observe the witnesses' demeanor, and evaluate the facts at first hand." Rathje v. Scotia Prince Cruises, Ltd., 330 F.3d 28, 31 (1st Cir.2003) (citing United States v. Nee, 261 F.3d 79, 84 (1st Cir.2001)). The trial court's finding must stand unless "[it] form[s] a strong, unyielding belief that a mistake has been made." *Id.* at 31 (citing Windsor Mount Joy Mut. Ins. Co. v. Giragosian, 57 F.3d 50, 53 (1st Cir.1995)).

### B. Fed.R.Civ.P. 59(e) Amendment of Judgment

According to Fed.R.Civ.P. Rule 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colon v. Fraticelli, 181 F.Supp.2d 48, 50 (D.P.R.2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997)). Rule 59(e), however is "aimed at reconsideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. *See* Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992)); *see also Aybar* at 16.

Motions for reconsideration shall be granted "to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D.Ill.1982) *aff'd.*, 736 F.2d 388 (7th Cir.1984). A motion for reconsideration should be granted only if the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but apprehension. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1991 (7th Cir.1990). A further basis for a motion for reconsideration is a significant change in the law or facts since the submission of the issues to the court by the parties. *Id.* Such problems rarely arise; therefore, the motion for reconsideration should be equally rare. *Id.* Consequently, the First Circuit has stated that "we will overturn the trial court's decision on such a matter only if an appellant can persuade us that the refusal to grant favorable reconsideration was a clear abuse of discretion." Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir.1992); *see also* Vasapolli v. Rostoff, 39 F.3d 27, 36 (1st Cir.1994) (explaining trial court's motion to alter or amend a judgment is reviewed for manifest abuse of discretion); Fragoso v. Lopez, 991 F.2d 878, 886 (1st Cir.1993) (trial court's decision on such a motion will be overturned only if appellant convinces appellate court that trial court committed a clear abuse of discretion).

With these parameters in mind, the Court shall proceed to review defendant's request for amendment of findings of facts and reconsideration as to its previous decision denying him monetary damages due to Sandoval Diaz' alleged mismanagement of Bingo Inc.'s affairs.

### III. *Defendant's Argument on Reconsideration*

**\*3** Defendant argues that based on his testimony and documents admitted into evidence, he has proven by a preponderance of evidence his claim that Sandoval Diaz mismanaged Bingo, Inc., and in doing so wrongfully and maliciously deprived him of his share of the corporate assets.

### IV. *Legal Analysis*

In regards to the *Motion for Amendment of Findings of Facts,* defendant's argument is simply that the evidence which was presented is sufficient to prove his case. (Tr. 179). This argument does not stand since both Sandoval Diaz and defendant were credible witnesses, and absent documentary evidence to support either of their respective versions of events, the Court was unable to determine which one of the two was accurate. (Tr. 180). The Court noted that since both parties are on equal footing, detailed documentary evidence was necessary to support the defendant's allegations of Sandoval Diaz' mismanagement of the corporations. *Id.* As previously discussed, under the clearly erroneous rule the Court will not change its decision unless it finds that a clear mistake has been made. Rathje 330 F.3d at 31. This has not occurred in the case at bar since defendant's opinions are not sufficient to sustain his claim that the corporations were indeed mismanaged. *Id.* Defendant's allega-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy   Page 3
Slip Copy, 2005 WL 1501672 (D.Puerto Rico)
**(Cite as: Slip Copy)**

tions were not specific or supported by documents or expert testimony which could sway the Court to grant the relief sought. *Id.* This case was based on two differing versions of facts that occurred more than 18 years ago. Upon considering said evidence, the Court decided it was insufficient to find liability against Sandoval Diaz by a preponderance of the evidence. (Tr. 182). Since the Court's decision is reasonable when reviewed in its totality, including the witnesses' testimony and evidence presented, the findings of fact must be left undisturbed.

After careful consideration of defendant's *Motion for Amendment of Judgment,* the Court finds that said motion constitutes a restatement of his previous arguments already considered and rejected in the Court's *Minutes of Proceedings and Memorandum Order.* (Docket No. 119). As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. *Barret v. Lombardi, 239 F.3d 23, 28 (1st Cir.2001)* (citing *Cody Inc. v. Town of Woodbury, 179 F.3d 52, 56 (2nd Cir.1999)*).

A reconsideration of a previously issued Order is "addressed to the sound discretion of the trial court." *Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir.1986)* (citing *Pagan v. Am. Airlines Inc., 534 F.2d 990, 993 (1st Cir.1976)*. The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or the need to correct a clear error of law or to prevent manifest injustice. *See Villanueva-Mendez v. Vazquez., 360 F.Supp.2d 320, 324 (D.P.R.2005)* (citing *Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D.Pa.1992)*). To the extent that the motion for reconsideration merely requests the Court to revisit defendant's previous allegations, all of which were carefully considered by the Court prior to the issuance of its *Order,* the request must be denied.

**\*4** In the instant case the defendant has failed to establish that the Court's *Order* suffers from "manifest errors of law" that should be corrected. *See Trabal Hernandez v. Sealand Serv., Inc.,* 230 F.Supp.2d 25 (D.P.R.2002). Defendant neither brought forth newly discovered evidence that the Court should consider, nor an intervening change in controlling law, nor the need to prevent manifest injustice, in order to be entitled to the relief sought. *Villanueva-Mendez 360 F.Supp.2d at 324*. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. *See Villanueva-Mendez 360 F.Supp.2d at 326* (citing *Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa.1994)*). Defendant simply requests the Court to reconsider arguments that were already discussed in its order. However, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." *Id.* (citing *Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Penn.1998)*). Defendant has failed to bring forth anything that would entitle him to the exceptional remedy granted by the motion of reconsideration.

### V. *Conclusion*

**WHEREFORE,** for the reasons stated herein, the defendant's motion for amendment of findings of facts and motion for reconsideration (Docket No. 121) are hereby **DENIED.**

**IT IS SO ORDERED.**

D.Puerto Rico,2005.
Sandoval Diaz v. Sandoval Orozco
Slip Copy, 2005 WL 1501672 (D.Puerto Rico)

Briefs and Other Related Documents (Back to top)

• 3:01cv01022 (Docket) (Jan. 09, 2001)

END OF DOCUMENT