UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE BIOPURE CORPORATION, ) <br> DERIVATIVE LITIGATION ) <br> ) <br> ) | Master Docket No. 1:04-cv-10177 (NG) <br><br> Assigned to Judge J. Nancy Gertner <br><br> Magistrate Judge Alexander |

**BIOPURE CORPORATION'S SUBMISSION ADDRESSING DISCOVERY
RELATIVE TO THE SPECIAL LITIGATION COMMITTEE PROCESS**

On May 1, 2006, the Court held a hearing in this matter and subsequently entered an order stating as follows: "Counsel for defendants reports that a special litigation committee has been formed and is considering how to proceed. Defendants will likely file a motion to stay the case. Motion to stay and plaintiffs' opposition are to address both the stay and the appropriate scope of and timeline for discovery." *See* May 2, 2006 Docket Entry. Biopure Corporation's ("Biopure") Special Litigation Committee ("SLC") has separately filed a motion to stay the proceedings. Biopure hereby responds to the Court's request for a submission relative to the "scope and timeline for discovery" with respect to the SLC process.

**A.    All discovery should be stayed until the SLC reports back to the court.**

Biopure's SLC is separately seeking a temporary stay of all proceedings in this action – including all discovery – until September 1, 2006 to permit the SLC to undertake and complete its investigation and to report to the Court its determinations concerning the claims herein. For the reasons explained in the SLC's motion for stay, the requested stay is warranted to facilitate the SLC process and permit Biopure's SLC to proceed with its independent investigation as expeditiously as possible. At the same time, the requested stay will essentially put the derivative action on track with the discovery schedule in the related securities class action, *In re Biopure Securities Litigation*, C.A. No. 03-12628-NG, given that merits discovery in the latter case has been put on hold pending the Court's decision on the lead plaintiffs' motion for class certification.

LITDOCS/641160.1

**B.     The scope of discovery relative to the SLC process will be determined by the Court following the SLC's investigation and its exercise of business judgment concerning the claims in this case.**

Given that Biopure's SLC could ultimately decide to pursue any of a number of different paths relative to this litigation, the appropriate scope of discovery under Delaware law concerning the SLC process will have to be determined after the SLC reports back to the Court. For instance, if the SLC decides that the claims in this case should be pursued, very little if any discovery relative to the SLC process would be warranted; after the SLC's determination, typical discovery relative to the claims would be pursued by Biopure as in the usual course of litigation. On the other hand, if the SLC determines in its business judgment that one or more of the claims should not be pursued (whether by reason of the claims' merits, their cost and disruption to the company, or otherwise) and the SLC moves to dismiss one or more of the claims on that basis, narrow confirmatory discovery would be permitted under Delaware law, as discussed below. Of course, if the litigation is dismissed on the basis of the SLC's motion, no further discovery would be necessary.

Under Delaware law, when an SLC moves to dismiss a derivative claim, the corporation must show that the SLC was independent, its investigation was reasonable, and the bases of its decision were reasonable. *Zapata Corp. v. Maldonado*, 430 A.2d 779, 788 (Del. 1981). Upon that showing, the court may either grant the motion to dismiss or, in its discretion, apply its own business judgment to the SLC's recommendation in deciding whether the motion to dismiss should be granted. *Id*. at 788-89. To facilitate the court's inquiry into the independence and good faith of the SLC and the bases supporting its conclusion, "*limited* discovery may be ordered." *Id.* at 788 (emphasis added). "Discovery into the merits of the derivative plaintiff claims are generally or presumptively beyond the scope of [the court's] inquiry." *Carlton Investments v. TLC Beatrice International Holdings, Inc.*, C.A. No. 13950, 1997 WL 38130, *3 (Del. Ch. Jan. 29, 1997). The derivative plaintiff is not entitled to broad discovery because:

> if a derivative plaintiff is to be permitted full discovery of his case under the guise of making a record in opposition to a motion to dismiss brought by a special litigation committee, what would be

> the need for having the special litigation committee procedure to begin with? Surely, the Supreme Court must have intended something else. Otherwise it would not have made the reference to "limited" discovery.

*Abbey v. Computer & Communications Technology Corp.*, C.A. No. 6941, 1983 WL 18005, *2 (Del. Ch. April 13, 1983).

Thus, in such instances, derivative plaintiffs are not entitled to make extensive document requests seeking all of the documents reviewed by the SLC because "such all-encompassing discovery is not within the spirit of *Zapata* since its mandate contemplates only such discovery as fits the occasion in the view of the Court." *Kaplan,* 484 A.2d 501, 511 (Del. Ch. 1984). Instead, the discovery requests should be limited to the issue of the SLC's good faith and independence. *See Kaplan v. Wyatt*, C.A. No. 6361, 1984 WL 8274, *3 (Del. Ch. Jan. 18, 1984) (limiting derivative plaintiff's discovery to requests for information regarding nomination of SLC members and their affiliations with business organizations);[1] *Carlton Investments*, 1997 WL 38130 (limiting plaintiffs' discovery to the "narrow issue of the independence and good faith of the SLC … and the depositions of only the SLC members and compensation expert"); *Kindt v. Lund*, C.A. No. 17751, 2001 WL 1671438 (Del. Ch. Dec. 14, 2001) (limiting discovery to documents that bear upon the SLC's good faith and independence).

Here, if Biopure's SLC concludes in its business judgment that prosecution of the claims is not in the Company's best interests and moves the Court to dismiss the case, plaintiffs will be entitled to limited confirmatory discovery at that time. The limited discovery should be designed "to aid the Court in evaluating the motion to dismiss … more so than to aid the plaintiff in developing facts which would support the merits of his case." *Kaplan*, 1984 WL 8274 at *2.

---

[1] In affirming this decision, the Delaware Supreme Court noted that discovery at this stage in the proceedings is "not by right, but by order of the Court," emphasizing the discretionary nature of the type and extent of discovery permitted. *Kaplan*, 499 A.2d 1184, 1192 (Del. 1985).

For these reasons, the derivative plaintiffs herein are not entitled to the documents that the defendants in the *Securities Litigation* case were ordered to produce to the plaintiffs in that case (*i.e.*, the 37,000 pages of documents that the defendants produced to the SEC in the course of its investigation). As noted above, the scope of any confirmatory discovery that is permitted in this case will be determined by the Court under Delaware law in light of the substance of the SLC's determination after the conclusion of its independent investigation. At that point, the Court will decide which documents should be produced to the derivative plaintiffs for purposes of testing the SLC's determination, to the extent such an inquiry is warranted. Of course, if the Court ultimately determines that the derivative plaintiffs may proceed with their claims, those plaintiffs may at that point request production of the 37,000 pages of documents, and (particularly given the bifurcation of discovery in the *Securities Litigation* case) they will have suffered no prejudice.

Respectfully submitted,

**BIOPURE CORPORATION**

By its attorneys,

/s/ Donald J. Savery
Robert A. Buhlman, BBO # 554393
Donald J. Savery, BBO # 564975
Michael D. Blanchard, BBO # 636860
Lawrence T. Stanley, Jr. BBO # 657381
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: May 24, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was electronically served upon the attorney of record for each party on May 24, 2006.

                                        /s/ Donald J. Savery
                                        Donald J. Savery