## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION | ) | **Master Docket No. 1:04-cv-10177-NG** |
| DERIVATIVE LITIGATION | ) | **(Consolidated Derivative Action)** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that defendants Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Gober and Howard Richman produce the documents described below for inspection and copying at the law offices of Segal Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02108 within the time permitted by the Federal Rules of Civil Procedure, or at such other location and date upon which the parties may mutually agree.

I.     DEFINITIONS

Except as to the following definitions specific to this particular litigation, Plaintiffs incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.5(c):

1.     "Biopure" means Biopure Corporation and its predecessors, successors, divisions, subsidiaries, officers, directors, employees, agents or anyone acting or purporting to act on its behalf.

2.     The term "Individual Defendants" means Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Gober and Howard Richman.

3.     The term "Financial Statements" includes, but is not limited to, interim, final, pro forma, actual, projected, complete, or partial, annual, quarterly, monthly, weekly or otherwise,

1

audited or unaudited, budgets, budget plans, balance sheets, schedules of direct costs, schedules of miscellaneous income, schedules of general services, fiscal serviceman administrative services, statements of earnings and earnings per share, income statements, cash flow statements, statements of revenues and statements of expenses, all notes or other commentary concerning any of the foregoing and all underlying workpapers and all drafts used in connection with the preparation of any of the foregoing.

    4.    "SEC" means the Securities and Exchange Commission.

    5.    "SEC filings" means all documents filed or prepared for the purpose of filing with the SEC and any other state or federal regulatory agency, including, but not limited to, Forms 8-K, 10-K, 10-Q, 424(b)(3), Schedules TO-T, 13-D, 14A, 14D-1 and 14D-9 and any drafts thereof or amendments thereto.

    6.    "FDA" means the U.S. Food and Drug Administration.

    7.    "BLA" means Biologic License Application.

II.    INSTRUCTIONS

    1.    In responding to these document Requests, you shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of your agents and representatives.

    2.    References to an individual, partnership, limited liability company or corporation include any and all agents, employees, representatives and attorneys and all other persons or entities acting on your behalf or under your control.

    3.    If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise, as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were furnished together with their job titles, subject matter, basis on which privilege or other objection is claimed and the number of each Request to which such document responds. If you claim

privilege or any other objection with regard to only part of a document, produce the part to which there is no objection.

4.    If you are aware of any documents or copies thereof that may be responsive to these Requests but are no longer in your possession, custody or control, or have been lost or destroyed, identify each document in detail, including: (i) whether the document is missing, lost or destroyed; (ii) whether the document has been transferred or delivered to another person and, if so, at whose request; (iii) who prepared it; (iv) to whom it was prepared for and sent; (v) when it was prepared or sent; (vi) the content of the document; (vii) the person who destroyed it; and (viii) why it was lost or destroyed.

5.    If any individual Request is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual Request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the Request is unduly burdensome and stating whatever information and knowledge you have of the information or documents called for in the Request, and (generally) an attempt will be made to rephrase the Request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular Request.

6.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the Requests herein: (i) the singular shall include the plural and the plural shall include the singular; and (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders, all to the end that the interpretation applied results in the more expansive production.

7.    In making production, produce all documents as kept in the normal course of business and identify the file from which each document was taken.

III.    TIME PERIOD

Unless stated otherwise, the time period to which these Requests refer is January 1, 2002 through the date of production.  If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production Request.

IV.    DOCUMENTS REQUESTED

REQUEST NO. 1:

All minutes (with exhibits/attachments), including, without limitation, the minutes (with exhibits/attachments) of other meetings referenced therein, of all meetings of the Board of Directors of Biopure and any committee or subcommittee thereof, including but not limited to, the Audit Committee, Compensation Committee and Nominating Committee.

REQUEST NO. 2:

All documents previously provided to the SEC by Biopure, or anyone acting on its behalf, and/or any of the Individual Defendants.

REQUEST NO. 3:

All communications between Biopure, or anyone acting on its behalf, and/or any of the Individual Defendants, and the SEC.

REQUEST NO. 4:

All communications concerning Hemopure® and/or FDA regulations between the Individual Defendants and/or between the Individual Defendants and any officers and/or any other employees of Biopure and/or between any officers and/or any other employees of Biopure.

REQUEST NO. 5:

All documents submitted by Biopure, or anyone acting on its behalf, to the FDA in connection with Biopure's BLA seeking regulatory approval to market Hemopure® in the U.S. for use in orthopedic surgery.

REQUEST NO. 6:

All documents submitted by Biopure, or anyone acting on its behalf, to the FDA in connection with Biopure's trauma study protocol in connection with this plans to conduct a Phase II clinical trial of Hemopure® for the treatment of trauma patients.

REQUEST NO. 7:

All communications between Biopure, or anyone acting on its behalf, and the FDA concerning Hemopure®.

REQUEST NO. 8:

All documents concerning any policy, procedure or practice relating to the preservation or destruction of the documents or types of documents sought herein.

REQUEST NO. 9:

All documents concerning any insurance policy, indemnity agreement or hold harmless agreement under which any defendant may claim coverage to satisfy part or all of any liability as a result of any of the claims asserted in this action, including any loss mitigation insurance and/or liability-sharing arrangements or options to purchase such insurance or sharing arrangements, whether acquired before or after the initiation of this litigation.

REQUEST NO. 10:

All documents used to prepare Biopure's SEC filings, including, without limitation:

(a)     Draft and final monthly financial statements;

(b)     Draft and final monthly detailed sales journals;

(c)     Adjusting journal entries;

(d)     Accounts receivable ledgers, reconciliations and aging reports; and

(e)     Monthly detailed case receipt journals.

REQUEST NO. 11:

All financial statements or SEC filings prepared by or on behalf of Biopure, including without limitation, all monthly, quarterly and annual financial statements, and financial results including any drafts thereof.

REQUEST NO. 12:

All documents concerning the existence, ownership, sale, purchase, terms or exercise or other disposition of Biopure's securities or options (or investments relating to Biopure's securities or options) by any Biopure executive, officer, director or an Individual Defendant, including without limitation, any Form 4 filed with the SEC, all documents reflecting the reasons for such transaction and all documents concerning use of all proceeds of the insider sales of Biopure's securities.

REQUEST NO. 13:

All calendars (including electronic calendars), diaries, itineraries, time sheets, expense reports, telephone logs, visitor logs, appointment books, chronological files, e-mails, correspondence files or personal files maintained by or for each Individual Defendant which contain information concerning the activities each individual defendant performed by Biopure.

REQUEST NO. 14:

All communications sent by Biopure or anyone acting on Biopure's behalf to any person concerning the complaints filed in this action or this lawsuit.


DATED: April 11, 2006                    Respectfully submitted,

                                         Douglas S. Johnston, Jr. (*pro hac vice*)
                                         George E. Barrett (*pro hac vice*)
                                         Timothy L. Miles (*pro hac vice*)
                                         BARRETT, JOHNSTON & PARSLEY
                                         217 Second Avenue, North
                                         Nashville, TN 37201
                                         Telephone: 615/244-2202
                                         Facsimile: 615/252-3798
                                         djohnston@barrettjohnston.com
                                         gbarrett@barrettjohnston.com
                                         tmiles@barrettjohnston.com

                                         Brian J. Robbins
                                         Jeffrey P. Fink
                                         ROBBINS UMEDA & FINK, LLP
                                         1010 Second Avenue, Suite 2360
                                         San Diego, CA 92101

Telephone: 619/525-3990
Facsimile: 619/525-3991

Plaintiffs' Co-Lead Counsel

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Plaintiffs' Liaison Counsel

James G. Stranch
BRANSTETTER, KILGORE, STRANCH &
JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419

Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of the foregoing PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served on the following via the method indicated on this the 11th of April, 2006:

**VIA OVERNIGHT MAIL**
Robert A. Bullman
Michael Blanchard
Lawrence Stanley
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110

**VIA OVERNIGHT MAIL**
John D. Hughes
Mary Patricia Cormier
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Avenue
Boston, MA 02199

_____
Mary T. Sullivan.

L/mts/7922/04-044/plsfirstreqprod.doc

RECEIVED
MAY 1 1 2006
BY:--------------------

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE BIOPURE CORPORATION, DERIVATIVE LITIGATION | ) ) ) ) ) ) | Master Docket No. 1:04-cv-10177 (NG) Assigned to Judge J. Nancy Gertner Magistrate Judge Alexander |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, Defendants Biopure Corporation, Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Kober and Howard P. Richman (hereinafter collectively "Defendants"), hereby object to Plaintiffs' First Request for Production of Documents (the "Request" or "Requests") served on April 11, 2006 as follows:

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each individual response, whether or not expressly incorporated by reference in each response:

1.      On May 1, 2006, the Court held a hearing in this matter and subsequently entered an order stating "[c]ounsel for defendants reports that a special litigation committee has been formed and is considering how to proceed. Defendants will likely file a motion to stay the case. Motion to stay and plaintiffs' opposition are to address both the stay and the appropriate scope of and timeline for discovery." See Status Conference Full Docket Text, May 2, 2006. Defendants anticipate that the Biopure Special Litigation Committee will file a motion to stay the proceedings and accordingly, the "scope and timeline for discovery" remains to be determined.

In light of the Court's order, Defendants object to Plaintiffs' First Request for Production of Documents as premature.

2.      Defendants object to the "Definitions" and "Instructions," and to the Requests to the extent that they seek to impose obligations on Defendants that exceed those imposed by the Federal Rules of Civil Procedure and Local Rules of this District Court. Defendants adopt the Definitions in Local Rule 26.5(c) for its responses below.

3.      Defendants object to the Requests to the extent that they call for speculation or conjecture, or call for Defendants to form or adopt opinions or legal conclusions.

4.      Defendants object to the Requests to the extent that the Requests use the term "relate to" as that term is unclear, vague, ambiguous, overly broad, unduly burdensome, and includes within its scope production of irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendants object to the Requests to the extent that they call for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Every response to the Requests below is subject to this objection and no document within these protections will be produced. The inadvertent production of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

6.      Defendants further object to the Requests to the extent that they seek production of documents or information already in the Plaintiffs possession, that is publicly available, and/or is equally available to Plaintiffs.

7.     Defendants object to the Requests to the extent that they seek documents and/or things that are irrelevant to the claims and defenses in this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

8.     Defendants object to the Requests to the extent that they seek the production of trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court.

9.     Defendants object to the Requests to the extent that they call for the production of documents dated before July 31, 2002. Defendants also object to the production of documents dated after December 24, 2003 unless they are concerning events between July 31, 2002 and December 24, 2003. If Defendants at some point in the future produce documents responsive to the Requests, Defendants will only produce responsive, non-privileged documents dated between July 31, 2002 and December 24, 2003, unless the documents dated after December 24, 2003 are concerning events between July 31, 2002 and December 24, 2003.

10.     Defendants object to the Requests to the extent that they seek the production of documents that are not located within Defendants possession, custody, or control.

11.     Defendants object to the Requests to the extent that they use vague, ambiguous, undefined or argumentative terms.

12.     Defendants object to the Requests to the extent they assume the truth of facts not proven or facts not in evidence.

13.     Defendants object to the Requests to the extent that they imply or presuppose that the documents or communications requested constitute "all" documents or communications during the relevant time period. Defendants therefore make no representation as to whether the

documents or communications currently in their possession, custody or control, constitute "all" documents or communications that exist or existed during such time period. Nor do Defendants purport to have knowledge of "all" documents or communications that are the subject of each Request.

14.    Defendants reserve the right to rely, at the time of trial or in other proceedings in this action, upon responses and evidence in addition to the responses provided herein regardless of whether, inter alia, any such responses are based on newly discovered evidence.

15.    Defendants object to the Requests to the extent that they seek the production of documents containing confidential patient information in that the disclosure of such information is prohibited by federal and/or state law, including, but not limited to, the Health Insurance Portability & Accountability Act of 1996 or any rules promulgated thereunder, that the documents are irrelevant to the claims and defenses in this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

16.    Defendants' responses be shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence, or that any statement or characterization in the request is accurate or complete.

17.    The following responses are submitted subject to, and without in any way waiving or intending to waive, the above objections, as well as:

        a.    objections as to competency, relevancy, materiality, authenticity or admissibility of evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

b.    the right to object to other discovery procedures involving or relating to the same subject matter as the request for production herein responded to; and

c.    the right at any time to revise, correct, or clarify any of the responses set forth herein.

18.    All of the Defendants' responses are made subject to these General Objections.

19.    Counsel for Defendants will be prepared to discuss the objections represented herein with Plaintiffs' counsel for the purpose of resolving any disputes that may arise without need for intervention by the Court.

## RESPONSES

Subject to and without waiving the foregoing General Objections, Defendants respond to the specific Requests as follows:

**Request No. 1:**

All minutes (with exhibits/attachments), including, without limitation, the minutes (with exhibits/attachments) of other meetings referenced therein, of all meetings of the Board of Directors of Biopure and any committee or subcommittee thereof, including but not limited to, the Audit Committee, Compensation Committee and Nominating Committee.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it seeks the production of

documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court.

**Request No. 2:**

All documents previously provided to the SEC by Biopure, or anyone acting on its behalf, and/or any of the Individual Defendants.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court.

**Request No. 3:**

All communications between Biopure, or anyone acting on its behalf, and/or any of the Individual Defendants, and the SEC.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of

the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court.

**Request No. 4:**

All communications concerning Hemopure® and/or FDA regulations between the Individual Defendants and/or between the Individual Defendants and any officers and/or any other employees of Biopure and/or between any officers and/or any other employee of Biopure.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product

doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court. Defendants further object to the use of the phrase "concerning Hemopure® and/or FDA regulations" as it is vague, overly broad and Plaintiffs' First Request for Documents fails to define the term "Hemopure®."

**Request No. 5:**

All documents submitted by Biopure, or anyone acting on its behalf, to the FDA in connection with Biopure's BLA seeking regulatory approval to market Hemopure® in the U.S. for use in orthopedic surgery.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive

or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court. Defendants further object to the Request to the extent that it seeks the production of documents containing confidential patient information in that the disclosure of such information is prohibited by federal and/or state law, including, but not limited to, the Health Insurance Portability & Accountability Act of 1996 or any rules promulgated thereunder, that the documents are irrelevant to the claims and defenses in this action, or are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the use of the term "Hemopure®" as it is vague, overly broad and Plaintiffs' First Request for Documents fails to define the term "Hemopure®."

### Request No. 6:

All documents submitted by Biopure, or anyone acting on its behalf, to the FDA in connection with Biopure's trauma study protocol in connection with this plans to conduct a Phase II clinical; trial of Hemopure® for the treatment of trauma patients.

### Response:

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege,

immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court. Defendant further object to the Request to the extent that it seeks the production of documents containing confidential patient information in that the disclosure of such information is prohibited by federal and/or state law, including, but not limited to, the Health Insurance Portability & Accountability Act of 1996 or any rules promulgated thereunder, that the documents are irrelevant to the claims and defenses in this action, or are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the use of the phrase "trauma study protocol" and the term "Hemopure®" as they are vague, overly broad and Plaintiffs' First Request for Documents fails to define the phrase "trauma study protocol" or term "Hemopure®."

**Request No. 7:**

All communications between Biopure, or anyone acting on its behalf, and the FDA concerning Hemopure®.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of

documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court. Defendants further object to the Request to the extent that it seeks the production of documents containing confidential patient information in that the disclosure of such information is prohibited by federal and/or state law, including, but not limited to, the Health Insurance Portability & Accountability Act of 1996 or any rules promulgated thereunder, that the documents are irrelevant to the claims and defenses in this action, or are not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the use of the term "Hemopure®" as it is vague, overly broad and Plaintiffs' First Request for Documents fails to define the term "Hemopure®."

**Request No. 8:**

All documents concerning any policy, procedure or practice relating to the preservation or destruction of the documents or types of documents sought herein.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request to the extent that the Request uses the term "relating" as that term is unclear, vague, ambiguous, overly broad, unduly burdensome, and includes within its scope production of irrelevant documents not

reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that the Request is vague as to whose policies, procedures and practices are being sought.

**Request No. 9:**

All documents concerning any insurance policy, indemnity agreement or hold harmless agreement under which any defendant may claim coverage to satisfy part or all of any liability as a result of any of the claims asserted in this action, including any loss mitigation insurance and/or liability-sharing arrangements or options to purchase such insurance or sharing arrangements, whether acquired before or after the initiation of this litigation.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:**

All documents used to prepare Biopure's SEC filings, including, without limitation:

(a)   Draft and final monthly financial statements;
(b)   Draft and final monthly detailed sales journals;
(c)   Adjusting journal entries;

(d)    Accounts receivable ledgers, reconciliations and aging reports; and

(e)    Monthly detailed case receipt journals.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court.

**Request No. 11:**

All financial statements or SEC filings prepared by or on behalf of Biopure, including without limitation, all monthly, quarterly and annual financial statements, and financial results including any drafts thereof.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein.

Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court. Defendants further object to the Request to the extent that it seeks production of documents or information that is publicly available, and/or is equally available to Plaintiffs.

**Request No. 12:**

All documents concerning the existence, ownership, sale, purchase, terms, or exercise or other disposition of Biopure's securities or options (or investments relating to Biopure's securities or options) by any Biopure executive, officer, director or an Individual Defendant, including without limitation, any Form 4 filed with the SEC, all documents reflecting the reasons for such transaction and all documents concerning use of all proceeds of the insider sales of Biopure's securities.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein.

Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants object to this Request to the extent that the Request uses the term "relating" as that term is unclear, vague, ambiguous, overly broad, unduly burdensome, and includes within its scope production of irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it seeks production of documents or information that is publicly available, and/or is equally available to Plaintiffs.

**Request No. 13:**

All calendars (including electronic calendars), diaries, itineraries, time sheets, expense reports, telephone logs, visitor logs, appointment books, chronological files, e-mails, correspondence files or personal files maintained by or for each Individual Defendant which contain information concerning the activities each individual defendant performed by Biopure.

**Response:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product

doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent that it seeks the production of documents containing trade secrets, commercially sensitive or otherwise confidential information unless and until the parties have executed a satisfactory confidentiality agreement and protective order, and such confidentiality agreement and protective order has been approved by the Court. Defendants further object to the use of the term "activities" as it is vague, overly broad and Plaintiffs' First Request for Documents fails to define the term.

## Request No. 14:

All communications sent by Biopure or anyone acting on Biopure's behalf to any person concerning the complaints filed in this action or this lawsuit.

## Response:

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the ground that the Request is premature in light of the Court's Order of May 2, 2006. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection.

Respectfully Submitted,

**BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, C. EVERETT KOOP, DANIEL P. HARRINGTON, J. RICHARD CROUT, JANE KOBER and HOWARD P. RICHMAN**

By their attorneys,

*Robert A. Buhlman* (JLH)

Robert A. Buhlman, Esq. (BBO # 554393)
Donald J. Savery, Esq. (BBO # 564975)
Michael D. Blanchard, Esq. (BBO # 636860)
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated:  May 11, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon plaintiff's local counsel by hand, and upon the attorney of record for each other party by hand or overnight delivery on May 11, 2006.

*Jennifer L. Holden*

Jennifer L. Holden