Not Reported in A.2d                                                                                                                                          Page 1
Not Reported in A.2d, 1982 WL 17840 (Del.Ch.)
**(Cite as: Not Reported in A.2d)**

▷
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.
ABBEY
v.
COMPUTER & COMMUNICATIONS TECHNOLOGY CORP., et al.
**C.A. No. 6941.**

Submitted Oct. 19, 1982.
Decided Dec. 10, 1982.

Joseph A. Rosenthal, Morris & Rosenthal, Wilmington.
William O. LaMotte, III, Morris, Nichols, Arsht & Tunnell, Wilmington.
Robert K. Payson, Potter, Anderson & Corroon, Wilmington.

BROWN, Chancellor.
**\*1** Some six weeks ago an expedited oral argument was held on the motion of the defendants to dismiss the derivative action filed by the plaintiff or, in the alternative, to stay all further proceedings in the case pending a report of a special litigation committee appointed by the the board of directors of the corporation for the purpose of investigating and making recommendations on the allegations contained in the complaint.

Since that time, as you may know, I have been involved almost exclusively in the trial of a rather complicated corporate matter. As a result, the workload arrearage has piled up to the point where I find that I simply do not have the time to give the issues presented by the motion the full written attention that I would like. I say this in particular since the issues here involve the ramifications of the recent decision of our Supreme Court in the case of *Zapata Corp. v. Maldonado,* Del.Supr., 430 A.2d 779 (1981), a decision which has provoked considerable comment in corporate law circles.

There is an obvious need for this Court to express its understanding of the new procedure established by that decision and to provide procedural guidelines to the corporate bar to be followed in future proceedings before this Court. I had hoped to use the present case as a vehicle for doing this. To this end I have given the matter many hours of study and drafting on a catch-as-catch can basis over the past six weeks. I think I have it. However, I am simply out of time and as a consequence I have little practical choice but to give you a ruling on the motion. A detailed treatment of the matter will have to await another opportunity.

As to the motion to dismiss, I conclude that it must be denied. On the facts of the matter the controversy would seem to fall somewhere between a situation in which a demand was required and a situation in which a demand was excused. The plaintiff made a demand upon the corporation to bring suit and the corporation responded by saying that the matter was under review, that its general counsel was on vacation until a time some three weeks thereafter, and that it would communicate its position upon his return. Because the corporation's general counsel and two of its directors were the persons against whom the plaintiff was demanding that suit be brought, the plaintiff viewed this initial response by the corporation to render her demand futile, and accordingly she filed the derivative action prior to the date of the general counsel's return.

I agree with the defendants that the nature of the alleged cause of action-to recover personal profits from corporate officers and directors realized from trading in the stock of the corporation based upon inside information-was not such as to justify the plaintiff in rushing to file the suit only a matter of days before the promised answer of the corporation. The corporation itself had suffered no loss and was threatened with no continuing harm. There was no reason to hurry. Had the corporation moved to dismiss at that point on the grounds that the plaintiff had not met the requirements of Rule 23.1, I think that I would have been receptive to the application.

**\*2** However, I do not feel that the Court can close its eyes to the fact that the board of directors, subsequent to the filing of the suit but several days prior to the filing of the motion, convened in a special meeting, concluded that the best interests of the corporation required that a special litigation committee be appointed (to be compromised of a new and independent director) to decide whether or not the suit should be maintained, appointed the new director, appointed

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

him as the litigation committee, and agreed by resolution that his decision on the matter would be final and binding upon the corporation and would not be subject to review by the board.

The board having specifically disqualified itself from passing on the plaintiff's charges, and having specifically turned the matter over to an independent committee for whatever action it might recommend, I do not think it proper for it to thereafter, on its own, cause the corporation to come before the Court to seek a dismissal of the complaint on the grounds that the plaintiff failed to make a full and proper demand on the board and on the grounds that there was no basis on which to find that the plaintiff's demand had been excused.

By so doing I feel that the board, as a practical matter, waived its right under *Maldonado* to deal with the matter in the first instance, and that by turning the decision over to an independent committee as it can do under *Maldonado* in a "demand excused" situation, it tacitly conceded that the cause of action was one that could be maintained derivatively by a shareholder. For this reason, as indicated previously, the motion to dismiss for the failure of the plaintiff to comply with Rule 23.1 is denied.

As to the motion to stay all proceedings pending the recommendation of the litigation committee, I am convinced that it should be granted. The corporation has proceeded as though the case involved a "demand excused" situation. The ruling herein on the motion to dismiss confirms this approach. In such a situation it is now made clear by *Maldonado* that the board of directors is empowered to entrust the investigation of the allegations in the complaint to an independent committee. The committee, on behalf of the corporation, can thereafter cause a motion to be filed to dismiss the action if it feels the situation to warrant it.

If *Maldonado* is to be meaningful, then it would seem to make sense to afford the committee a reasonable time under the circumstances to investigate the matter. It would likewise seem reasonable to hold normal discovery and other matters in abeyance during this interval. If a plaintiff were to be permitted to depose corporate officers and directors and to demand the production of corporate documents, etc.

at the same time that a litigation committee was investigating whether or not it would be in the best interests of the corporation to permit the suit to go forward, the very justification for the creation of the litigation committee in the first place might well be subverted.

**\*3** I think also, however, that a reasonable limitation must be placed upon such a stay depending upon the circumstances of the case. In this matter I feel that granting a stay through December 30, 1982 will afford the committee here a sufficient time to make findings and recommendations.

The plaintiff has argued that *Maldonado* has no application to this case and that as a consequence it is not a proper case for the use of an independent litigation committee. Plaintiff contends that even though the suit has been brought derivatively, it is, nonetheless, not a true derivative action. Since the corporation has not been harmed monetarily by the acts complained of (i.e., personal profit by officers and directors based upon a misuse of inside information) plaintiff argues that the corporation is not truly a real party in interest. Rather, plaintiff suggests that it is simply made the beneficiary of such an action for public policy reasons. Since the action is not truly derivative in plaintiff's view, it is argued that the rationale of *Maldonado* does not apply and that as a consequence the designation and appointment of a litigation committee should not serve to stay the action.

I find this argument unpersuasive. If the action is not derivative, the plaintiff has no standing to maintain it. If it is derivative then the *Maldonado* rationale is applicable. Plaintiff may not claim the cause of action to be derivative for one purpose and nonderivative for another.

Accordingly, the motion to dismiss is denied and the motion to stay all proceedings in deference to the investigation and recommendation of the litigation committee is granted through December 30, 1982. IT IS SO ORDERED.

Del.Ch.,1982.
Abbey v. Computer & Communications Technology Corp.
Not Reported in A.2d, 1982 WL 17840 (Del.Ch.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.