```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| EMANUEL LIEBMAN TARGET BENEFIT PENSION PLAN FBO JANE CELINO BY EMANUEL LIEBMAN and JANE CELINO, TRUSTEES; CHARLES MILLER; and WILLIAM STEIKER, On Behalf of Themselves and All Others Similarly Situated and Derivatively on Behalf of CUBIC CORPORATION, a Delaware corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>WALTER J. ZABLE, et al.,<br><br>    Defendants,<br><br>-and-<br><br>CUBIC CORPORATION, a Delaware corporation<br><br>    Nominal Defendant. | Civil No. 88-1195-JLI(M)<br><br><br>ORDER DENYING DEFENDANTS' MOTIONS TO STAY DISCOVERY, FOR ISSUANCE OF A RICO STANDING ORDER AND TO STRIKE EXHIBITS TO AND PORTIONS OF PLAINTIFFS' BRIEF |

(Caption continued on following page.)

Filed stamp: RECEIVED / ENTERED NOV 3 1988, CLERK U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

125

**EXHIBIT A**

| | | |
|---|---|---|
| 1 | CHARLES XX XX, Derivatively on Behalf of CUBIC CORPORATION, a Delaware corporation, | No. C-88-1178-JLI(M) |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | vs. | |
| 5 | WALTER J. ZABLE, et al., | |
| 6 | Defendants, | |
| 7 | - and - | |
| 8 | CUBIC CORPORATION, a Delaware corporation, | |
| 9 | | |
| 10 | Nominal Defendant. | |
| 11 | | |
| 12 | WILLIAM STEINER, Derivatively on Behalf of CUBIC CORPORATION, a Delaware corporation, | Civil No. 88-1212-K(CM) |
| 13 | | |
| 14 | Plaintiff, | |
| 15 | vs. | |
| 16 | WALTER J. ZABLE, et al., | |
| 17 | Defendants, | |
| 18 | - and - | |
| 19 | CUBIC CORPORATION, a Delaware corporation, | |
| 20 | | |
| 21 | Nominal Defendant. | |

126

defendants for a stay of discovery pending final disposition by the district court of their motions challenging the sufficiency of plaintiffs' complaint, for the issuance of a RICO standing order and to strike certain portions of plaintiffs' brief and exhibits thereto was heard. All parties to the litigation who have been served were represented by counsel. The Court has considered the written submissions and oral argument of counsel.

The Court denies the motion of the "officer defendants" to strike exhibits filed in support of plaintiffs' opposition consisting of newspaper articles concerning the current controversy regarding defense procurement. While these articles may technically be hearsay, the Court is capable of appropriately weighing them and giving these articles the weight to which they are entitled at this stage in this proceeding. In any event, it is not unusual for courts to consider information which is not technically admissible as evidence in connection with motion practice. Similarly, the motion of counsel for the "officer defendants" to strike a reference to his former law firm contained in plaintiffs' opening opposition memorandum at page 2, lines 15 and 16 on the ground that it was calculated to annoy him is denied. The Court finds no intent to annoy anyone in back of the statement which it believes falls within the ambit of permissible lawyer advocacy.

The Court denies defendants' motion for a stay of discovery pending final resolution of their challenges to the legal sufficiency of plaintiffs' complaint. Blanket stays of discovery are disfavored and an applicant for such a stay must

- 2 -

an expeditious resolution of the litigation to obtain such relief. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Defendants have not made out a clear case of hardship or inequity such as to justify a blanket stay of discovery. Even if plaintiffs are required to amend their complaint as a result of defendants' challenges, it seems likely the case will go forward to ultimate resolution on the merits and discovery will ultimately play an important role in the case, be it tried or resolved by way of settlement. In the Court's view, it is important that complex class action and derivative cases like this one be prosecuted and resolved on an expedited basis, if possible, and the Court finds that a blanket stay of discovery is inconsistent with that goal.

Defendants, of course, retain the right to object on an appropriate basis to any of the discovery requests served by plaintiffs in defendants' responses to that discovery. Or, if they so desire, defendants may seek an appropriate protective order from the Court regarding the scope or extent of discovery. In fact, it is the Court's intention to work with the parties to create a discovery plan for this case so that discovery can be pursued and completed in the most expeditious and least wasteful manner. Thus, defendants' motion for a stay of discovery is denied. Defendants are to file responses to plaintiffs' pending discovery requests on or before December 8, 1988.

... ... ...

- 2 -

2  Defendants can challenge plaintiffs' RICO claims via appro-
3  priate motion practice and appropriate discovery procedures.
4  There is no justification for the imposition of any special
5  RICO standing order as requested.
6       The Court will schedule a further status conference in
7  this matter after the rulings of the district court on
8  defendants' challenges to the complaint are issued at or
9  subsequent to the hearing now scheduled for December 16, 1988.
10      IT IS SO ORDERED.
11 DATED: November 3, 1988

_____
HARRY R. McCUE
Magistrate, United States
District Court

- 3 -

129