

Not Reported in F.Supp.                                                                 Page 1

Not Reported in F.Supp., 1990 WL 150066 (D.Mass.), Fed. Sec. L. Rep. P 95,638
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents

United States District Court, D. Massachusetts.
Arthur W. CHESTERTON, Plaintiff,
v.
James D. CHESTERTON, John Carroll, Richard Daly, A.W. Chesterton Company and Chesterton International, B.V., Defendants.
**CIV. A. No. 89-2854-S.**

Oct. 2, 1990.

Thomas F. Maffei, Robert W. Iuliano, Choate Hall & Stewart, Boston, Mass., for plaintiff.
Michael J. McHugh, Marc C. O'Connor, Rich, May Bilodeau & Flaherty P.C., Harry L. Manion, III, Paul G. Pino, Cooley Manion Moore & Jones P.C., Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON DEFENDANTS' RULE 12 MOTIONS AND PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

SKINNER, District Judge.

**\*1** In this diversity action, the plaintiff alleges that the defendants unlawfully ousted him from his employment with two family-owned corporations. Defendants Carroll and Daly have filed this motion under Fed.R.Civ.P. 12(c), seeking to dismiss with prejudice Counts IV, V, and VI.

The other defendants had previously filed a motion to dismiss under Fed.R.Civ.P. 12. My order of June 14, 1990 allowed their motion as to all defendants for Counts VII and VIII and as to those defendants for Counts IV and VI.

Moreover, Plaintiff has filed a Motion to Amend Complaint in response to my order. Motions to amend should be freely granted, particularly to correct pleadings subsequent to a motion to dismiss. The Motion to Amend Complaint is allowed and the amended complaint is the pleading against which I will measure the Rule 12(c) motion.

The amended complaint has eliminated Count IV (wrongful discharge) entirely and limited Count V (Breach of Fiduciary Duty, now Count IV in the amended complaint) to defendants Chesterton and McDermott. Consequently, the only remaining issue is whether the amended derivative action, now Count V, survives a motion to dismiss by defendants Carroll and Daly.

Defendants Carroll and Daly have properly brought this motion under Rule 12(c). Grounds for dismissal preserved by Rule 12(h) may be brought in the form of a Rule 12(c) motion after the close of the pleadings.

The mere fact that these procedural defects are raised in the guise of a Rule 12(c) motion should not affect the manner by which the court determines what essentially are Rule 12(b) matters. In this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of the pleadings.

5A C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d* § 1367, at 516 (1990). Consequently, defendants are in effect raising a Rule 12(b)(6) motion for failure to state a claim as to the shareholder derivative action.

*Grounds for Excusing a Demand on the Shareholders*

In my order granting the motion to dismiss, I dismissed the derivative suit for the other defendants because plaintiffs had failed to plead with particularity the grounds for the futility of a demand on the shareholders. The amended complaint remedies the deficiencies in pleading. It adds an additional defendant, McDermott, who owns 3% of the stock of the corporations. It asserts

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                               Page 2

Not Reported in F.Supp., 1990 WL 150066 (D.Mass.), Fed. Sec. L. Rep. P 95,638
**(Cite as: Not Reported in F.Supp.)**

that defendant Chesterton owns 20% of the stock and that his immediate family owns an additional 28.5%. Consequently, these shareholders together hold a majority ownership interest in the corporations.

Control of the majority of the shares by the alleged wrongdoers and their immediate families constitutes sufficient grounds for excusing a demand on the shareholders. *Marquis Theatre Corp. v. Condado Mini Cinema,* 846 F.2d 86, 90-91 (1st Cir.1988). In *Marquis,* the defendant's immediate family was comprised of only his spouse and children. Defendant Chesterton's "immediate family" extends beyond spouse and children, but plaintiff has shown a continuous pattern of block voting within the family group. Under *Marquis,* plaintiffs have pled with particularity the grounds for excusing a demand on the shareholders.

**\*2** Defendants argue, however, that defendant McDermott was added to the amended complaint merely to attain the requisite majority control of shares by the defendants. They cite the original complaint's portrayal of McDermott as a victim of defendant Chesterton's actions. In the amended complaint, McDermott has risen to the level of a collaborator. While this significant change in the pleadings and the well-informed plaintiff's failure to plead these facts initially does impugn the plaintiff's credibility, the two stories presented by the two complaints are not irreconcilable. Consequently, the Opposition to the Motion to Amend is not the opportune time to judge the veracity of plaintiff's amended complaint. Defendants' request for Rule 11 sanctions are premature.

*Fair and Adequate Representative*

Defendants raise several grounds for dismissing a derivative suit by plaintiff Chesterton. The first is that he does not "fairly and adequately represent the interests of the shareholders" under Fed.R.Civ.P. 23.1 because of his other claims of wrongful discharge against the corporation. The requirements for the representatives in shareholder derivative suits are set forth in *G.A. Enterprises v. Leisure Living Commun., Inc.,* 517 F.2d 24 (1st Cir.1975).

A plaintiff is not disqualified under Rule 23.1 merely because of the existence of interests beyond those of the class he seeks to represent, so long as he shares a common interest in the subject matter of the suit. And purely hypothetical, potential or remote conflicts do not disable him. Thus, it is sometimes said that the antagonism of interests " must go to the subject matter of the suit"-meaning that antagonism irrelevant to the proceeding may be disregarded. But these principles have not been read to prevent a court from taking account of outside entanglements making it likely that the interests of the other shareholders will be disregarded in the management of the suit.

*Id.* at 27 (citations omitted).

The plaintiff's suit for wrongful discharge against the corporations creates an interest that is diametrically opposed to the interests of all other shareholders. Courts have been most concerned when the derivative action becomes "perverted into a weapon which, as its highest and best use, would be leverage in his other lawsuits." *Davis v. Comed, Inc.,* 619 F.2d 588, 597 (6th Cir.1980). Derivative actions have been dismissed because of their potential for being used for leverage in wrongful discharge suits. *See, e.g., Recchion on behalf of Westinghouse Electric Corp. v. Kirby,* 637 F.Supp 1309 (W.D.Pa.1986). However, *Recchion* differs significantly from this case, since plaintiff has a much more substantial interest in the corporation than Recchion's single share of Westinghouse stock.

Indeed cases dismissing the derivative action when financial entanglements were in question involved plaintiffs with minimal ownership interests and substantial personal claims. *See Rothenberg v. Security Management Co.,* 667 F.2d 958 (11th Cir.1982) (uninformed 2.04% shareholder, who was also a judgment creditor); *Owen v. Modern Diversified Indus., Inc.,* 643 F.2d 441 (6th Cir.1981) (shareholder with $21 of stock and $34,900 of debentures); *Blum v. Morgan Guaranty Trust Co.,* 539 F.2d 1388 (5th Cir.1976) (an "infintessimally small" shareholder in default on a note in excess of $2 million); *G.A. Enterprises* (plaintiff's principal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3

Not Reported in F.Supp., 1990 WL 150066 (D.Mass.), Fed. Sec. L. Rep. P 95,638
**(Cite as: Not Reported in F.Supp.)**

was a 1% shareholder and a judgment creditor in excess of $240,000); *Grace v. Perception Technology Corp.,* 128 F.R.D. 165 (D.Mass.1989) (3% shareholder with counterclaim on the same subject matter); *Guenther v. Pacific Telecom, Inc.,* 123 F.R.D. 341 (D.Ore.1987) (1% shareholder with a derivative claim of $2 million and a personal claim of $2.8 million); *Baron v. Strawbridge & Clothier,* 646 F.Supp 690 (E.D.Pa.1986) (a minority shareholder who is also a tender offeror); *Robinson v. Computer Servicenters, Inc.,* 75 F.R.D. 637 (N.D.Ala.1976) (5% shareholder who is suing the corporation for $750,000 and enjoined from competing). *But see Bartels v. Newirth,* 22 Fed.R.Serv.2d 970 (S.D.N.Y.1976) (insider shareholders owning 41.2% of the corporation were dismissed for not fairly and adequately representing the shareholders, despite their large stake in the derivative suit).

**\*3** Plaintiff is the largest single shareholder of the closely-held corporation. His 27% interest is more than half of the interest not held by the defendants. While his personal wrongful discharge claim is for $20 million, his interest in the derivative suit is also higher. Additionally, Chesterton does not have the same involvement in the alleged wrongdoing that plagued the insider shareholders in *Bartels.* The defendants in this case admit in their counterclaim that plaintiff Chesterton has continuously opposed the disputed salary schedules. Consequently, denying the plaintiff the right to protect his ownership interest is a more difficult case than in *Bartels* or those cases in which the plaintiff had only a minimal stake in the corporation.

Yet, the setting of the case does present powerful reasons for finding that the interest of other shareholders may be ignored in the management of the derivative suit. While plaintiff has protested against the salary practices disputed in the derivative case, he did not raise the derivative claims in his initial suit to prevent his "squeeze out" from the corporation. Only when the plaintiff was discharged was the derivative action raised.

Secondly, the amended complaint presents two grounds for the derivative action:

97. The individual defendants have carelessly and negligently deprived [the corporations] of Plaintiff's services, to the great detriment of those corporations, their employees, customers and shareholders.

98. Defendants also have engaged in other self-serving conduct in violation of the fiduciary duty owed to [the corporations] and the Companies' shareholders.

Consequently, the plaintiff's primary allegation is the same subject matter as the personal claim of wrongful discharge and therefore presents a direct entanglement with the other shareholders and the corporation. As the United States Supreme Court has noted, the plaintiff in a shareholder derivative suit is a self-appointed representative and all shareholders depend on his efforts to redress their wrongs. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949). Plaintiff Chesterton is attempting to represent the corporation on the same issue that is the focus of his personal claim against the corporation. This real, not hypothetical, conflict could easily lead to decisions that compromise the derivative claim for the benefit of the personal claim.

Moreover, no other shareholders have joined the plaintiff in his derivative action. While such inaction cannot be dispositive on the issue of fairness, the inability of the plaintiff to attract other shareholders is a further indication that he might not fairly and adequately represent the shareholders. *See Davis, supra,* 619 F.2d at 593-594; *Larson v. Dumke,* 900 F.2d 1363 (9th Cir.1990).

The primary object of the suit appears to concern the plaintiff's alleged wrongful discharge and his alleged breaches of duties as Vice President. Notwithstanding plaintiff's substantial ownership interest and the difficulty of finding a shareholder with minimal entanglements in a closely-held corporation, the risk of using the derivative suit as leverage for the wrongful discharge claim appears too great to allow the plaintiff to fairly and adequately represent the shareholders.

Plaintiff's motion to amend the complaint is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4

Not Reported in F.Supp., 1990 WL 150066 (D.Mass.), Fed. Sec. L. Rep. P 95,638
**(Cite as: Not Reported in F.Supp.)**

allowed. Defendants' motion to dismiss Count V of the Amended Complaint is allowed. Count V is dismissed as to all defendants. Count VI of the amended complaint, which was not raised in this motion to dismiss, is the only remaining claim against defendants Daly and Carroll.

D.Mass.,1990.
Chesterton v. Chesterton
Not Reported in F.Supp., 1990 WL 150066 (D.Mass.), Fed. Sec. L. Rep. P 95,638

Briefs and Other Related Documents (Back to top)

• 1:89cv02854 (Docket) (Dec. 07, 1989)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.