Westlaw.

Not Reported in F.Supp.                                                                                          Page 1
Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Joffre C. BURGER, Plaintiff,
v.
HEALTH INSURANCE PLAN OF GREATER NEW YORK, Gerard Lynham, and Jerry Pellegrino, Defendants.
**No. 86 CIV. 8238 (KC).**

June 7, 1988.

*OPINION AND ORDER* FN*

CONBOY, District Judge:

**\*1** This case, brought by a former employee who alleges age and sex discrimination by a health insurance provider, involves interesting questions concerning the exercise of pendent jurisdiction over state law claims, and Rule 11 sanctions.

Defendant Health Insurance Plan of New York ("HIP") employed plaintiff beginning February 11, 1985. She continued in HIP's employ until April 17, 1987, when she took sick leave status. She alleges that this was necessitated by a nervous breakdown, allegedly resulting from acts of harassment and discrimination by HIP and the other defendants, her supervisors. The complaint alleges claims arising under section 622 of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (1982) ("ADEA"), 42 U.S.C. § 1985(3) (1982), and claims arising under New York statutory and common law. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1332, 1343 (1982), and the doctrine of pendent jurisdiction. The action is before the court on defendant's motion to dismiss the complaint in part, pursuant to Fed.R.Civ.P. 12(b), plaintiff's cross-motion for leave to amend the complaint, defendant's cross-motion to strike pleadings from the amended complaint, and plaintiff's cross-motion for a continuance, to strike plaintiff's cross-motion, disqualify defendant's counsel, and for sanctions pursuant to Fed.R.Civ.P. 11.

LEGAL ANALYSIS

A. The Substantive Motions

Leave to amend a complaint shall be given freely, absent bad faith, undue delay, or prejudice to the defendant. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979); *Index Fund, Inc. v. Hagopian,* 609 F.Supp. 499, 503 (S.D.N.Y.1985). The defendants have not indicated any substantive objection to the amendment generally. Thus, the court grants leave to amend.

However, the defendants do assert that "a careful reading of the [proposed] Amended Complaint demonstrates that it has the same serious deficiencies as the original." Defendants' Reply Memorandum, dated Mar. 25, 1988, at 2-3. For that reason, it is appropriate to scrutinize the submitted proposed amended pleading. The court "need not permit an amendment which is a legally insufficient basis for any recovery." *Ganguly v. New York State Dep't of Mental Hygiene-Dunlap Manhattan Psychiatric Center,* 92 F.R.D. 125, 128 (S.D.N.Y.1981); *see S.S. Silberblatt, Inc.,* 608 F.2d at 42; *Kirkland v. City of Peekskill,* 634 F.Supp. 950, 951 (S.D.N.Y.1986).

Preliminarily, the court notes that the proposed amended complaint does not assert any violation of 42 U.S.C. § 1985(3) (1982). *See* Exhibit A to Affidavit of Arthur M. Wisehart, executed Mar. 16, 1988, at para. 1; *see also* Plaintiff's Memorandum in Opposition, dated Mar. 16, 1988, at 4. Instead, plaintiff asserts a claim under Title VII, 42 U.S.C. §§ 2000e to e-17 (1982). Second, the proposed amendment adds a claim under the Equal Pay Act, 29 U.S.C. § 206(d) (1982). *See* Exhibit A to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                      Page 2

Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Wisehart Mar. 16, 1988 Aff. at para. 1. Third, the amended pleading does not allege diversity of citizenship as a basis of jurisdiction. *See id.*

Defendants' only objection to a federal claim in the proposed pleading concerns the claim under the Equal Pay Act. Defendants contend that the pleading fails to assert a claim under that Act. To succeed on a claim under the Equal Pay Act, the plaintiff must plead and prove that an employer-defendant

**\*2** pays different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."

*Corning Glass Works v. Brennan,* 417 U.S. 188, 195 (1974) (quoting 29 U.S.C. § 206(d)(1) (1982)).

The amended complaint alleges violations of the Equal Pay Act based on plaintiff's employment in relation to two individuals, defendant Pellegrino and an unnamed consultant. Defendants correctly point out that the complaint acknowledges that Pellegrino "was head of the department in which plaintiff worked," and for a time was plaintiff's immediate supervisor. Amended Complaint at para. 7. Thus, as a matter of law their jobs did not entail equal responsibility. *See Jones v. Flagship Int'l,* 793 F.2d 714, 723 (5th Cir.1986), *cert. denied,* --- U.S. ----, 107 S.Ct. 952 (1987); *Estrada v. Siros Hardware,* 39 Fair Employ.Cas. (BNA) 597, 600 (S.D.Tex.1984).

Defendants also argue that there is no allegation in the proposed amendment that the consultant performed a job of equal skill, effort, or responsibility as the one plaintiff performed. This contention is not persuasive. Dismissal pursuant to Rule 12(b)(6) for failure to state a claim is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see Patton v. Dole,* 806 F.2d 24, 30 (2d Cir.1986); *People of the State of New York v. Holiday Inns, Inc.,* 656 F.Supp. 675, 682 (W.D.N.Y.1984). "[A]ny ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader." *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C. Cir.1985) (emphasis in original); *see Stifel, Nicolaus & Co. v. Dain, Kalman & Quail, Inc.,* 578 F.2d 1256, 1260 (8th Cir.1978) (plaintiff "is entitled to the benefit of all reasonable inferences in his favor that may be drawn from the alleged facts"). Under this standard, the proposed amended pleading is sufficient. One can infer from paragraph 52 of the pleading that the consultant, " who in reality functioned as an employee of HIP," replaced plaintiff and performed her job.

Defendants further object to the proposed amendment because it continues to include pendent state claims which they objected to in their original motion to dismiss. *See* Defendant's Memorandum in Support of Motion to Dismiss, dated Jan. 22, 1988, at 10-21; Defendants Reply Memorandum, dated Mar. 25, 1988, at 14-18. Because plaintiff has had an opportunity to respond to defendant's contentions, it is appropriate to rule at this time.

"The decision to exercise pendent jurisdiction is vested in the sound discretion of the district court." *Fay v. South Colonie Cent. School Dist.,* 802 F.2d 21, 34 (2d Cir.1986) (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725-28 (1966)). Courts are cautioned to avoid making needless decisions of state law. *See id.*

**\*3** With these principles in mind, the court declines to exercise pendent jurisdiction over those of plaintiff's claims that are based on state law. [FN1] There are two reasons, which when viewed together, require this result. First, the ADEA does not allow for the recovery of either compensatory or non-statutory punitive damages. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125-26 (1985) (the ADEA's legislative history indicates that the liquidated damages provided for in the statute serve the function of punitive damages); *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146-48 (2d Cir.1984) (compensatory damages not recoverable under ADEA). [FN2] In contrast, plaintiffs prevailing on the claims this plaintiff asserts are entitled to compensatory and, on all except breach of contract claims, punitive

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                     Page 3
Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

damages. *See, e.g., Papell v. Calogero,* 68 N.Y.2d 705, 705, 707, 497 N.E.2d 676, 676-77, 506 N.Y.S.2d 309, 309-10 (1986) (*mem.*) (tortious interference with contract); *Vias v. Rohan,* 119 A.D.2d 672, 672, 501 N.Y.S.2d 109, 109-10 (2d Dep't 1986) (*mem.*) (intentional infliction of emotional distress); *Travel Dynamics, Inc. v. Delian Cruises, S.A.,* 117 A.D.2d 524, 525, 498 N.Y.S.2d 138, 139 (1st Dep't 1986) (*mem.*) (breach of contract); *Cheatum v. Wehle,* 14 A.D.2d 641, 641, 218 N.Y.S.2d 284, 284 (3d Dep't 1961) (*mem.*) (slander), *aff'd mem.,* 11 N.Y.2d 745, 181 N.E.2d 458, 226 N.Y.S.2d 447 (1962). As the plaintiff has demanded a jury trial, to which she is entitled under the ADEA, *Lorillard v. Pons,* 434 U.S. 575, 585 (1978), both the pendent claims and the claim under the ADEA would be before the jury. FN3 Placing plaintiff's state law claims, some of which involve questions of the plaintiff's mental state and defendant's malice that are irrelevant to an ADEA claim, before the jury could lead to jury confusion on the damages issue.FN4 *See McLaurin v. Fischer,* 768 F.2d 98, 105 (6th Cir.1985); *Arnell v. Pan Am. World Airways,* 611 F.Supp. 908, 910 (S.D.N.Y.1985); *Malarkey v. Texaco,* 559 F.Supp. 117, 123 (S.D.N.Y.1982), *aff'd per curiam,* 704 F.2d 674 (2d Cir.1983).

Viewed in isolation, this ground probably would not persuade the court to decline jurisdiction. Considerations of judicial economy, convenience, and fairness to the litigants would weigh heavily in favor of exercising jurisdiction over the state claims. *See Glezos v. Amalfi Ristorante Italiano,* 651 F.Supp. 1271, 1275-77 (D.Md.1987); *Studint v. LaSalle Ice Cream Co.,* 623 F.Supp. 232, 234-35 (E.D.N.Y.1985). However, there are other factors to consider.

The plaintiff asks this court a) for relief to which she is not entitled on her claim for intentional infliction of emotional distress, and b) to apply state law on a wholly unprecedented basis in New York on a very important issue in the defamation area. First, regarding plaintiff's claim for intentional infliction of emotional distress, the law is settled that normally Worker's Compensation proceedings are the exclusive remedy for such claims. *See Martin v. Citibank, N.A.,* 762 F.2d 212, 220 n. 7 (2d Cir.1985); *Burlew v. American Mut. Ins. Co.,* 63 N.Y.2d 412, 416, 472 N.E.2d 682, 684, 482 N.Y.S.2d 720, 722 (1984); N.Y.Work.Comp.Law § 11 (McKinney Supp.1988). Though intentional torts are excluded from the coverage provided by section 11 of New York's Worker's Compensation Law, a complaint fails to allege a cause of action under this exception if it lacks "any specific allegation that the corporate defendant committed any intentional, tortious or willful act against [the] plaintiff.... [A] mere allegation of agency and liability by way of *respondeat superior* will not suffice to strip the employer of the protection of the statute." *Hart v. Sullivan,* 84 A.D.2d 865, 865, 445 N.Y.S.2d 40, 41 (3d Dep't 1981) (*mem.*), *aff'd mem.,* 55 N.Y.2d 1011, 434 N.E.2d 717, 449 N.Y.S.2d 481 (1982); *see Martin,* 762 F.2d at 220 n. 7.

**\*4** The amended pleading contains only a single factual reference to the corporate defendant. Some two months after plaintiff took sick leave status, Fred Blickman, HIP's Vice President for Human Resources, sent plaintiff a letter asking for "clarification concerning a specific date of [he]r return to work." *See* Exhibit A to Exhibit A of Complaint. Otherwise, the letter goes on, HIP would terminate the plaintiff's employment for lack of availability. *Id.* The letter continues that in the event of termination, plaintiff would be considered for possible re-employment if she subsequently became available for work. *Id.*

There is nothing in this letter, even in view of the plaintiff's November, 1986 letter to Blickman and others detailing some specific instances of the harassment she claims she was being subjected to, *see* Exhibit B to Affidavit of Joffre C. Burger, executed Mar. 29, 1988, that satisfies the requirements of a cause of action in intentional infliction of emotional distress-"extreme and outrageous conduct." *See Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 303, 448 N.E.2d 86, 90, 461 N.Y.S.2d 232, 236 (1983) (quoting Restatement (Second) of Torts § 46(1) (1965)). Liability will be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                          Page 4
Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

*Id.,* 448 N.E.2d at 90, 461 N.Y.S.2d at 236 (quoting Restatement (Second) of Torts § 46 comment d (1965)). No reasonable fact-finder could find this letter actionable.

All that remain are allegations of physical assault and verbal harassment by plaintiff's co-employees. As a matter of law, these allegations fail to state a claim against HIP for intentional infliction of emotional distress. *See Hart,* 84 A.D.2d at 865, 445 N.Y.S.2d at 41. *Compare Jack Hammer Assocs. v. Delmy Prods., Inc.,* 118 A.D.2d 441, 441-42, 499 N.Y.S.2d 418, 419 (1st Dep't 1986) ( *mem.*) (summary judgment granted for defendant employer where plaintiff offered no evidence employer "instigated, directed or otherwise willfully participated" in an assault on plaintiff) *with Lavin v. Goldberg Bldg. Material Corp.,* 274 A.D. 690, 691, 87 N.Y.S.2d 90, 91-92 (3d Dep't 1949) (complaint sustained at pleading stage because it alleged "that a willful and intentional assault was perpetrated upon [the victim] by the individual defendant as the agent of and at the instigation of the corporate defendant" ).

**\*5** Plaintiff also asks the court to adopt, as a matter of New York's defamation law, the self-publication rule.FN5 The court begins with the "elementary" proposition that "there can be no [defamation] ... unless there is publication." *Church of Scientology of Cal., Inc. v. Green,* 354 F.Supp. 800, 803 (S.D.N.Y.1973). In paragraph 34 of the proposed amended pleading, plaintiff raises the issue of self-publication. *See* Exhibit A to Wisehart Mar. 16, 1988 Aff. at para. 34. Plaintiff concedes that no New York case supports this rule, which has been accepted by appellate courts of certain other states (less than ten). *See Lewis v. Equitable Life Assurance Soc'y of the United States,* 389 N.W.2d 876, 886-87 (Minn.1986) (collecting cases). In New York, the rule remains that "there is no publication if the defamatory statement is exposed to a third party by the person claiming to be defamed." *Green,* 354 F.Supp. at 804. A federal court should not decide, in the first instance, this important matter of state public policy. *See Arnell v. Pan Am. World Airways,* 611 F.Supp. at 910 (where claims "implicate a developing area of state law," it is appropriate that there be an "initial state court consideration").

In conclusion, these interests, weighed together, convince the court to decline to exercise its jurisdiction over the pendent state claims. They are dismissed without prejudice so that the plaintiff may pursue her remedies in the state judicial system.FN6 *See Gibbs,* 383 U.S. at 726-27; *Arnell,* 611 F.Supp. at 910.

Defendants move to strike the pleadings contained in paragraphs 11(h), 28, and 41 of the proposed amended complaint, pursuant to Fed.R.Civ.P. 12(f), on the grounds that they are "immaterial, impertinent and scandalous." Defendants' Notice of Cross-Motion to Strike, dated Mar. 25, 1988. The allegations at issue allege criminal activity in billing for services not actually performed. *See* Exhibit A to Wisehart Mar. 16, 1988 Aff. at paras. 11(h), 28, and 41. Plaintiff claims the defendants mistreated her in part becuase of her knowledge of these illegal activities. *See id.*

To properly decide a motion to strike, the issues must be framed. *Gleason v. Chain Serv. Restaurant,* 300 F.Supp. 1241, 1257 (S.D.N.Y.1969), *aff'd per curiam,* 422 F.2d 342 (2d Cir.1970). All of plaintiff's federal claims are based on discrimination, relative to either sex or age. *See, e.g., Ridenour v. Lawson Co.,* 791 F.2d 52, 55 (6th Cir.1986) ("The [ADEA] makes unlawful the discharge of an employee because of his age."); *Shultz v. Wheaton Glass Co.,* 421 F.2d 259, 265 (3d Cir.) (Equal Pay Act "was intended as a broad charter of women's rights in the economic field"), *cert. denied,* 398 U.S. 905 (1970); *Bakken v. North Am. Coal Corp.,* 641 F.Supp. 1015, 1018 (D.N.D.1986) (to prevail on a Title VII claim, a plaintiff must "present evidence that an employment decision was based on sex").

**\*6** Once the issues are framed, the court turns to the particular allegations, keeping in mind that " [m]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Reiter's Beer Distribs. v. Christian Schmidt Brewing Co.,* 657 F.Supp. 136, 143 (E.D.N.Y.1987). Matter will not be stricken on the ground it is immaterial and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                    Page 5
Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

impertinent "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976); *see Gleason,* 300 F.Supp. at 1257 (motion to strike on these grounds will be granted only if the matter has " no possible relation" to the controverted issues) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953)). This is just such a case. The matter alleged, fraudulent billing for services, has no bearing on any question of discrimination. *See Staples v. Avis Rent-A-Car Sys.,* 537 F.Supp. 1215, 1220 (W.D.N.Y.1982) (allegation of failure to hire other Black persons "material and pertinent to the showing of discriminatory intent to dismiss plaintiff" ). In fact, it cuts against plaintiff's argument. Additionally, the matter asserted is scandalous. It " reflect[s] cruelly" on the defendants' moral characters, and, as already stated, it is "irrelevant." *See Skadegaard v. Farrell,* 578 F.Supp. 1209, 1221 (D.N.J.1984) (quoting 2A Moore's Federal Practice para. 12.21 (2d ed. 1983)). This matter is prejudicial as well. If presented to the jury, it would evoke sympathy towards the plaintiff for reasons having no connection with the alleged discrimination practiced by the defendants. [FN7] A motion to strike matter as scandalous should be granted under these circumstances. *See Beth Israel Medical Center v. Smith,* 576 F.Supp. 1061, 1072 n. 23 (S.D.N.Y.1983).

The court finds these allegations to be immaterial, impertinent, and scandalous. Plaintiff's amended pleading should delete all references to these allegations. *See Reiter's Beer Distribs.,* 657 F.Supp. at 145-46.

### B. The Motion to Disqualify

Plaintiff's motion to disqualify defendants' counsel is based on the Code of Professional Responsibility Ethical Consideration 5-18, which states in substance that a lawyer for a corporation should act on behalf of an individual connected with the corporation, such as an employee, "only if the lawyer is convinced that differing interests are not present." N.Y.Jud.Law App. Code of Professional Responsibility EC 5-18 (McKinney 1975). Plaintiff presents no proof that differing interests are present. As defendants have not yet filed their answers, the motion is premature. *See Schwartz v. Guterman,* 109 Misc.2d 1004, 1008, 441 N.Y.S.2d 597, 599 (Sup.Ct.1981), *aff'd mem.,* 86 A.D.2d 804, 448 N.Y.S.2d 650 (1st Dep't 1982). An attorney may represent multiple clients until an actual conflict exists. *See Aetna Casualty & Surety Co. v. United States,* 570 F.2d 1197, 1200-02 (4th Cir.), *cert. denied,* 439 U.S. 821 (1978); *Sapienza v. New York News, Inc.,* 481 F.Supp. 671, 679 (S.D.N.Y.1979); *Schmidt v. Magnetic Head Corp.,* 97 A.D.2d 151, 163-64, 468 N.Y.S.2d 649, 658 (2d Dep't 1983); N.Y.Jud.Law App.Code of Professional Responsibility DR 5-105(c), *quoted in International Elec. Corp. v. Flanzer,* 527 F.2d 1288, 1296 (2d Cir.1975). The resolution of the motions to amend and to dismiss the pendent claims demonstrates the prematurity of this motion. The absence of the state law claims probably eliminates any real possibility of conflict between the defenses of the corporation and the individual employees. This motion is denied without prejudice.

### C. Rule 11

**\*7** Plaintiff seeks the imposition of sanctions under Rule 11 for defendants' counsel's actions in litigating these motions. Particularly, plaintiff objects to the manner with which opposing counsel interposed the issue whether plaintiff had an employment contract with HIP. In support of its motion to dismiss the complaint, defendants' counsel submitted an attorney's affidavit which stated, in relevant part, that "[u]pon information and belief, Plaintiff does not have an employment contract with Defendant HIP." Affidavit of Richard Block, executed Jan. 20, 1988, at para. 6. Defendants' memorandum in support of their motion to dismiss relied exclusively on Block's assertion of fact in arguing that plaintiff's claim of tortious interference with contract must be dismissed for failure to state a claim for relief. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss, dated Jan. 22, 1988, at 20. Plaintiffs' counsel correctly objected to this presentation in his responding affidavit. *See*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 6

Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Wisehart Mar. 16, 1988 Aff. at para. 9(b) ( "Block has no personal knowledge and is ineligible to submit such statements in affidavit form."). Counsel continued with the familiar observation that for purposes of a motion to dismiss for failure to state a claim, the complaint's allegations must be deemed true, and stated that Block's affidavit should be disregarded in respect to the Rule 12(b)(6) motion. *See id.*

Not content to let sleeping dogs lie, or more appropriately, let the dogs slink inconspicuously from the field, defendants submitted reply papers, including an affidavit of Fred Blickman, Vice President for Human Resources with HIP. Blickman states that plaintiff "does not and never did have an employment contract of any kind with H.I.P." Affidavit of Fred Blickman, executed Mar. 25, 1988, at para. 2. Defendants offered this evidence in support of their argument that "Plaintiff fails to state a claim for tortious interference with contractual relations." Defendants' Reply Memorandum of Law, dated Mar. 25, 1988, at 20. Plaintiff responded by moving to strike the Blickman Affidavit, or for a continuance to develop a factual record, and for sanctions. *See* Wisehart Mar. 29, 1988 Aff. at para. 10. Defendants responded to this request. Counsel "respectfully request[ed] that their motion to dismiss be determined by this Court on the basis of defendants' original moving papers, plaintiff's answering papers and defendants' reply." Affidavit of Robin Stout, executed Mar. 30, 1988, at para. 2. Basing a decision on those papers only, the court was informed, is in accordance with "standard Federal Court practice." *Id.* Counsel summarily dismissed plaintiff's further objection that the defendants were seeking to transform the motion to dismiss into one for summary judgment, stating:

**\*8** Defendants do not believe that the submission of the Blickman Reply Affidavit transforms the instant motion into a motion for summary judgment.... That affidavit is directed expressly to whether plaintiff has stated causes of action concerning her alleged "contract," the proper province of a motion to dismiss.

Stout Mar. 30 Aff. at para. 3(b) (citation to Wisehart Aff. omitted).

Rule 11 states, in relevant part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Under the rule, two considerations assume paramount importance. First, the rule creates an " objective standard of reasonable inquiry into the factual and legal soundness of '[e]very pleading, motion, and other paper' signed by the attorney in an action." *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1010 (2d Cir.1986) (citing *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 253-54 (2d Cir.1985), *cert. denied,* --- U.S. ----, 108 S.Ct. 269 (1987)). Second, violation of Rule 11 mandates the imposition of sanctions. *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174-75 (D.C.Cir.1985); *Eastway Constr. Corp.,* 762 F.2d at 254 n. 7.

The court finds that Block's affidavit was not warranted by existing law. *See* Rule 11. It has been clear "at least" since the Supreme Court decided *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950), that "[a]ttorneys' affidavits not based upon personal knowledge [do] not ... comply with Rule 56(e)." *Kamen,* 791 F.2d at 1011. The argument counsel was supporting with Block's affidavit required affidavits made in compliance with Rule 56(e). *See* discussion of the Blickman Affidavit *infra* at 18-20. No reasonable person could conclude that this affidavit was presented to the court mistakenly. It represented the only evidentiary support for defendants' argument that plaintiff failed to state a claim for tortious interference with contract. *See* Defendants' Memorandum of Law in Support at 20. Counsel should have known that it was improper to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                Page 7

Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

present as evidence an attorney's affidavit that was not based on personal knowledge.

**\*9** The court further finds counsel's insistence on presenting the Blickman Affidavit in its reply papers, especially after having been reminded of Rule 12(b)'s requirements, not to be warranted by existing law, nor made in a good faith effort to extend the law of procedure. Mr. Stout's statement that the submission of the Blickman Affidavit does not convert the motion into one for summary judgment is distressing. It is "standard Federal Court practice" for attorneys to read the Federal Rules of Civil Procedure and to comply with their dictates. All attorneys admitted to practice in the Southern District are required, in their verified petition for admission, to state that they have read and are familiar with the Federal Rules of Civil Procedure for the district courts. *See* General Rule 2(a) of the Rules of the United States District Courts For the Southern and Eastern Districts of New York. Rule 12(b) is explicit and not susceptible of misinterpretation. It states:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). No reasonable practicioner would conclude that an affidavit controverting a pleaded factual assertion is not "matter[] outside the pleading."[FN8] "[E]ven a cursory review of Rule 12 would have revealed that" Mr. Stout's assertion " lacked any foundation in law." *Inst Fin. Group v. Chem-Nuclear Sys.,* 815 F.2d 391, 403 (6th Cir.1987). The court also rejects the assertion in the Stout Affidavit at paragraph 3(a) that the Blickman Affidavit is presented to satisfy plaintiff's counsel's objection that the Block Affidavit was not made on personal knowledge. The March 16, 1988 Wisehart Affidavit merely states the proper rule that on a motion to dismiss a complaint, the complaint's factual allegations are deemed true, so that they cannot be contested in affidavits. Having been put on notice of Rule 12(b)' s requirements, defendants' counsel ignored its obligation to its clients and this court.

In conclusion, the court finds that Rule 11 has been violated by defendants' counsel's lack of reasonable inquiry, in two separate instances. While the court has no discretion in determining whether to impose sanctions for violations of Rule 11, it is given wide discretion in deciding "the nature and extent of sanctions to impose." *Invst Fin. Group,* 815 F.2d at 401; *see Westmoreland,* 770 F.2d at 1174; Fed.R.Civ.P. 11 advisory committee note on 1983 amendment. In these circumstances, counsel solely are to blame. It is only the manner of presentation of the case, not the underlying merits, that creates the violation here.[FN9] Clients should not be expected to know the procedural rules imposed on motion practice. *Cf. International Shipping Co. v. Hydra Offshore, Inc.,* 675 F.Supp. 146, 154-55 (S.D.N.Y.1987) (client with valid claim should not be held responsible for attorney's failure to inquire whether basis for federal jurisdiction existed). Thus, the court need not concern itself with arguments that the imposition of sanctions may chill advocacy. *See* Note, *Litigant Responsibility: Federal Rule of Civil Procedure 11 and Its Application,* 27 B.C.L.Rev. 385, 405 (1986).

**\*10** In determining an appropriate sanction, the court is mindful that different courts have viewed either deterrence or compensation as the primary rationale behind Rule 11. *See Anschutz Petroleum Mktg. Corp. v. E.W. Saybolt & Co.,* 112 F.R.D. 355, 357 (S.D.N.Y.1986). Because of the nature of the violation here, and because it appears that allowing reasonable compensation to plaintiff's counsel will not be sufficient to convey the court's plain meaning, the court determines that each rationale separately should be satisfied.

First, plaintiff's counsel is directed to serve and file an affidavit detailing the time expended on, and costs incurred in meeting, this particular point. This should include all expenditures relating to the otherwise wholly unnecessary April 7, 1988 Reply Affidavit of Arthur Wisehart. The affidavit should include time spent ascertaining the damage done

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                  Page 8
Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

and developing the affidavit itself. This time is recoverable on a "but-for" principle. *See Miller v. Affiliated Fin. Corp.,* 600 F.Supp. 987, 992 n. 9 (N.D.Ill.1984).

Second, to insure that the deterrence function of Rule 11 is satisfied, the court directs defendants' counsel to pay to the Clerk of the Court the amount of $2,500.00. The court further directs counsel to file a certificate of compliance with the Clerk of the Court within ten days from this date. Counsel are enjoined from passing any part of these awards on to their clients, directly or indirectly. *See Anschutz Petroleum Mktg. Corp.,* 112 F.R.D. at 360.

CONCLUSION

Plaintiff is granted leave to file an amended complaint that conforms to the conclusions reached in this opinion within twenty days from April 15. [FN*] The parties are directed to proceed with discovery, which shall be concluded 60 days from April 15. Plaintiff's counsel should file an affidavit detailing its expenses in connection with the Rule 11 award at the earliest possible date.

SO ORDERED.

FN* This is a corrected version of the court's Opinion and Order dated April 15, 1988.

FN1. Plaintiff states claims under New York common law for tortious interference with contract, breach of contract, intentional infliction of emotional distress, and defamation (slander). *See generally* Exhibit A to Wisehart Mar. 16, 1988 Aff. Plaintiff also alleges a claim under New York Executive Law § 296 (McKinney 1982 & Supp.1988). *See* para. 20 of proposed Amended Complaint. This court "sits as a state court [with respect to pendent state claims], and is bound by principles of state law." *Hunnewell v. Manufacturers Hanover Trust Co.,* 628 F.Supp. 759, 761 (S.D.N.Y.1986); *see*

*Collins v. Manufacturers Hanover Trust Co.,* 542 F.Supp. 663, 672 (S.D.N.Y.1982). New York courts would be divested of subject matter jurisdiction over this claim, because the plaintiff has made a complaint to the New York Division of Human Rights. *See Emil v. Dewey,* 49 N.Y.2d 968, 969, 406 N.E.2d 744, 745, 428 N.Y.S.2d 887, 887 (1980) (*mem.*); *Low v. Gibbs & Hill, Inc.,* 92 A.D.2d 467, 468, 459 N.Y.S.2d 47, 48 (1st Dep't 1983) (*mem.*). (Although this fact becomes clear only upon consideration of matters outside the pleadings, such consideration is proper when the issue is the court's subject matter jurisdiction. *See Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986).) Plaintiff contends that jurisdiction is properly laid in this court because she "believe[s] that the ... Division of Human Rights is in the process of dismissing the complaint for reasons of administrative convenience." Plaintiff's Memorandum in Opposition, dated Mar. 16, 1988, at 5. The possibility of such action is far from the reality. This court is without jurisdiction over this claim. Plaintiff need not move to add this claim if jurisdiction should later vest. The court exercises its discretion and dismisses all the pendent state claims without prejudice, for reasons stated in the text at 5-11 & footnote 4.

FN2. It is not necessary to decide an issue raised by the parties, whether Title VII permits the recovery of either compensatory or punitive damages, *compare People of the State of New York v. Holiday Inns, Inc.,* 656 F.Supp. 675, 684 (W.D.N.Y.1984) (dictum) (question is unresolved in the Second Circuit) *with Sims v. Mme. Paulette Dry Cleaners,* 638 F.Supp. 224, 232 (S.D.N.Y.1986) (neither general nor punitive damages are recoverable under Title VII), at this time.

FN3. The ADEA claim and the state claims would have to be tried first. "When

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 9

Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

issues common to both legal and equitable claims are to be tried together, the legal issues are to be tried first, and the findings of the jury are binding on the trier of the equitable claims." *GTE Sylvania Inc. v. Continental T.V., Inc.,* 537 F.2d 980, 986 n. 7 (9th Cir.1976) (en banc) (citing *Beacon Theatres v. Westover,* 359 U.S. 500, 510-11 (1959)), *aff'd,* 433 U.S. 36 (1977).

FN4. A plaintiff prevailing on a claim under New York Executive Law § 296 is entitled to recover compensatory damages, N.Y.Exec. Law § 297(4)(c)(iii) (McKinney 1982), which may include compensation for mental anguish. *See Batavia Lodge No. 196, Loyal Order of Moose v. New York State Div. of Human Rights,* 35 N.Y.2d 143, 145-46, 316 N.E.2d 318, 319, 359 N.Y.S.2d 25, 26-27 (1974); *Board of Educ. v. McCall,* 108 A.D.2d 855, 855, 485 N.Y.S.2d 357, 358 (2d Dep't 1985) (*mem.*). For this reason, the court declines to exercise pendent jurisdiction over this claim, even if jurisdiction over it, which does not exist currently, *see supra* footnote 1, were to vest at some later time.

FN5. Under the self-publication rule, the originator of the defamatory statement is held "liable for damages caused by the statement where the originator knows, or should know, of circumstances whereby the defamed person has no reasonable means of avoiding publication of the statement or avoiding the resulting damages." *Lewis v. Equitable Life Assurance Soc'y of the United States,* 389 N.W.2d 876, 888 (Minn.1986).

FN6. This resolution moots plaintiff's cross-motion for a continuance.

FN7. The court cannot agree with plaintiff's counsel that these allegations " are indicative of the types of skulduggery in the workplace to which women have frequently been forced to consent as a condition of retaining employment." *See* Reply Affidavit of Arthur Wisehart, executed Apr. 7, 1988, at para. 17.

FN8. Defendants should have been alerted to the distinction between a motion to dismiss and one for summary judgment by a case they cited in their moving papers. After citing the Block Affidavit, Defendants' Memorandum in Support states: "Thus, Plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted. *Oakley v. St. Joseph's Hosp.,* 116 A.D.2d 911 (3d Dept.1986)." Defendants' Memorandum in Support at 20. *Oakley* states in the first paragraph that it is an appeal of an order " which partially denied defendant's motion *for summary judgment* dismissing various causes of action in the complaint." 116 A.D.2d at 911-12, 498 N.Y.S.2d at 219 (emphasis added).

FN9. Because the merits of the argument are not the basis of the violation, the court need not consider whether Rule 11 focuses "on the filing of the entire pleading or motion, as opposed to parts of the document." *Martinez, Inc. v. H. Landau & Co.,* 107 F.R.D. 775, 778 (N.D.Ind.1985).

FN* April 15 was the date of the court's original Opinion and Order.

S.D.N.Y.,1988.
Burger v. Health Ins. Plan of Greater New York
Not Reported in F.Supp., 1988 WL 60267 (S.D.N.Y.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.