**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE BIOPURE CORPORATION DERIVATIVE LITIGATION** | Master Docket No. 1:04-cv-10177 -NG (Consolidated Derivative Action)<br><br>Assigned to: Judge J. Nancy Gertner<br><br>Magistrate Judge Alexander |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

THE UNDERSIGNED HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that the following Stipulation and [Proposed] Protective Order (the "Protective Order") be entered in this action pursuant to Fed. R. Civ. P. 26(c):

**PROCEEDINGS AND FORM OF INFORMATION GOVERNED**

1.      This Protective Order shall govern the handling, disclosure, and use of all Information which is furnished orally, in writing, by visual inspection or otherwise, by, through, or on behalf of any Party or any third party (the "Disclosing Party") to any other Party ("the Receiving Party") in connection with discovery to be conducted in the above-entitled action (the "Litigation"). "Information" includes, but is not limited to, documents and things produced by any Disclosing Party to another Party; responses to requests to produce documents or things; responses to interrogatories; responses to requests for admissions; deposition testimony and exhibits; motions, memoranda of law, and affidavits or declarations; and all copies, excerpts, summaries, compilations, designations, and portions thereof, and all electronically compiled, stored, and recorded versions thereof, as well as testimony and oral conversations derived therefrom or related thereto.

## **DEFINITIONS**

As used in this Protective Order, the following terms shall have the meanings set forth below:

2. "Confidential" or "Confidential Information" means all Information of a personal or private nature (financial or otherwise) and all Information of a scientific, technical, financial and/or commercial nature of any sort including, but not limited to: (i) trade secrets and other proprietary technical, research, and development Information, (ii) compliance, regulatory, personnel, and administrative information; (iii) commercial, financial, budgeting, and accounting Information, (iv) Information about existing and potential customers, (v) marketing studies, projections, and market performance Information, (vi) Information about business strategies, decisions, and negotiations, (vii) Information relating to sales and marketing, (viii) profit and loss Information, (ix) marketing and strategic planning Information (including, but not limited to, market share and marketing segment Information), (x) proprietary Information about affiliates, parents, and subsidiaries, and (xi) Information pertaining to third persons with whom a Disclosing Party has had or is maintaining a business relationship. Any party may designate as Confidential any Information that was authored by said party or its related companies and personnel but produced by a non-party or included in a transcript of oral testimony by a non-party, and the provisions of this Protective Order shall apply to any such designation as if the party making such designation was the Disclosing Party.

3. The term "Party" shall mean John Parrott or Laurie Parrot; or Biopure Corporation**,** Jane Kober, Thomas A. Moore, Carl W. Rausch, J. Richard Crout, David N. Judelson, Charles A. Sanders, C. Everett Koop, Daniel P. Harrington, or Howard Richman, and any other party named in the Verified Consolidated Second Amended Shareholder Derivative Complaint, or subsequently added as a plaintiff or defendant.

## DESIGNATION OF CONFIDENTIAL INFORMATION

4. All Confidential Information shall have stamped or affixed thereon the word "CONFIDENTIAL." The Disclosing Party shall use due care in deciding whether to label Information as Confidential. Subject to paragraph 17 hereof, the designation of Confidential Information shall be made at the following times:

    a. For documents and things, prior to the time such documents and things, or copies thereof, are physically delivered to the Receiving Party. In the event that the Disclosing Party elects to permit inspection of requested documents and things pursuant to Federal Rule of Civil Procedure 34(b), rather than delivering originals or copies of the materials to the requesting Party, no designation of Confidential Information need be made prior to the inspection, and for purposes of the inspection, all documents and things subject thereto shall be treated as Confidential Information. Documents offered by the Disclosing Party for such inspection by the Receiving Party shall be inspected only by persons allowed access to Confidential Information under paragraph 11 below. At any such inspection of documents and things, the Receiving Party shall not make any copies thereof, but shall identify the Information that the Receiving Party wishes to have copied and delivered to it. Following the inspection, the Disclosing Party shall promptly number, copy, and deliver to the Receiving Party the identified documents and things, and shall, prior to delivery thereof, label any such Information that it designates as Confidential in accordance with this paragraph 4.

    b. For written responses to interrogatories or requests for admissions, at the time of service of the written response;

    c. For deposition testimony, at the time of the testimony or in writing within thirty (30) days after receipt by the Disclosing Party of the transcript of the deposition, in accordance with paragraph 14 below; and

   d. For oral disclosures, other than deposition testimony as previously addressed, through confirmation in writing within ten (10) days of the first disclosure thereof.

  5. With respect to Information that is comprised of multiple pages, disks, or parts, each individual page, disk, and/or part shall be labeled Confidential in accordance with paragraph 4, above.

## USE OF CONFIDENTIAL INFORMATION

  6. The Receiving Party shall maintain Confidential Information in strict confidence, shall not disclose the same to another, except as permitted in paragraph 11 below, and shall not use any Disclosing Party's Confidential Information for any purpose whatsoever, other than this Litigation.

  7. If, prior to trial, counsel for a Receiving Party desires to file any papers with the Court that include, refer to, or rely upon any Information that a Disclosing Party has designated as Confidential, counsel for the Party intending to use such Confidential Information shall give written notice to counsel for the Disclosing Party twenty days (20) in advance thereof so that counsel for the Disclosing Party may apply to the Court for an appropriate order, pursuant to Local Rule 7.2 of this Court, to protect the Confidential Information from public disclosure. Any written notice given to counsel under the provisions of this paragraph is to be considered Confidential. The Disclosing Party shall be allowed to file a motion on an emergency basis with this Court and the Receiving Party consents to not raise any objection to the filing of such emergency motion. If this Court denies the Disclosing Party's motion pursuant to Rule 7.2, the Receiving Party may file papers with the Court that include, refer to, or rely upon the Information that the Disclosing Party designated as Confidential and which was the subject of the denied motion.

8. The parties and any non-party that sign this Order and produce information subject to this Order shall attempt to agree upon procedures to protect at any hearing or trial the confidentiality of Confidential Information, shall, prior to such hearing or trial, submit such proposed procedures to the Court for its approval or modification, and shall submit any disputes relating thereto to the Court for its resolution.

## RESOLUTION OF DISPUTES REGARDING
## DESIGNATION OF CONFIDENTIAL INFORMATION

9. In the event that any Party disputes the propriety of a designation of Information as Confidential, such Party shall provide each other Party, or third party, if the dispute involves Information produced by such third party, with written notice, and all parties shall make good faith efforts to resolve the dispute without intervention of this Court. In the event that the parties are unable to resolve the dispute, the Party disputing the designation may request appropriate relief from this Court. The burden of establishing that the Information has been properly designated as Confidential Information is on the Disclosing Party making such designation. The challenged designation shall remain in effect until changed by order of the Court or agreement of the Disclosing Party. This Protective Order does not alter the burden imposed by law on any Disclosing Party objecting to, or otherwise seeking to limit the production or dissemination of documents and things. This Protective Order also does not alter any procedures for resolving discovery disputes established by this Court or the Federal Rules of Civil Procedure.

10. Any Party shall have the right to assert that any Information designated as Confidential by a Disclosing Party is, in fact, in the public domain. Any Information that prior to disclosure hereunder was already in the possession or within the knowledge of any person or entity other than the Disclosing Party, who absent this Protective Order, would be under no restriction with respect to such Information, or that is public knowledge, or that becomes public knowledge other than through an act or omission of a

Receiving Party, shall be deemed to be in the public domain. Any Receiving Party asserting that Confidential Information is in the public domain shall, prior to any disclosure thereof (other than the disclosures permitted in paragraph 11 of this Protective Order), notify the Disclosing Party in writing of the Receiving Party's intention to disclose such information, and shall make no such disclosure until the earlier of (i) receipt of the Disclosing Party's written agreement that the Information is in the public domain, or (ii) the tenth (10th) business day following the delivery to the Disclosing Party of said notice. If during that ten (10) business day period the Disclosing Party files a motion regarding the confidentiality of the Information at issue, the Receiving Party shall not disclose it (other than the disclosures permitted in paragraph 11 of this Protective Order) until the Court rules on that motion.

## ACCESS TO CONFIDENTIAL INFORMATION

11.     Notwithstanding paragraph 6, Confidential Information may be disclosed to:

a.     The Receiving Party;

b.     All counsel for the Receiving Party and such counsels' secretarial, clerical and paralegal staffs, and litigation support providers (for example, outside copy services, graphic artists and visual aid providers, and jury consultants) whose duties and responsibilities require access to Confidential Information;

c.     Experts and consultants who are not present employees of any Party, or of any parent, subsidiary, affiliate or related company of any Party, and the secretarial and clerical staffs of such experts and consultants (and employees thereof), who are requested by the Receiving Party's counsel to furnish technical, consulting and/or expert services in connection with the Litigation;

      d.    Witnesses at depositions or trial, provided that the Disclosing Party's original designation shall continue to apply and portions of transcripts relating to the Confidential Information shall remain confidential;

      e.    Court officials involved in this Litigation (including, but not limited to court reporters and officers before whom depositions are taken, including stenographic and videographic reporters and any persons operating audio or video reporting equipment at depositions) and any necessary secretarial, clerical or other lay personnel of such court officials or officers; and

      f.    Any other person agreed to by the parties in writing or allowed by the Court. Provided that before any Receiving Party discloses another Party's Confidential Information to any individual described in Paragraphs 11c (but excluding the secretarial and clerical staffs of such experts and consultants (and employees thereof)) or 11f, counsel for the Receiving Party shall: (i) provide such person with a copy of this Protective Order; (ii) explain to such person its terms, and (iii) obtain the person's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms. In the event the Receiving Party fails to comply with the provisions of this Order governing disclosure of Confidential Information, the Receiving Party shall be responsible for any unauthorized disclosure of Confidential Information by any person to whom the Receiving Party disclosed such information in violation of this Order.

12.    Each Party shall maintain every other Party and third party's Confidential Information in a location and under circumstances to ensure that access is limited to those persons entitled to have access to such Confidential Information under this Protective Order.

13.    In the event that Confidential Information is disclosed to any person other than the persons to whom disclosure is authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the undersigned counsel of all pertinent facts relating to such disclosure and shall make

every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such Confidential Information.

## DEPOSITIONS

14. Depositions or portions thereof shall constitute Confidential Information if, and only if (a) during the course of the deposition counsel for any Disclosing Party on the record so designates the same, or (b) within thirty (30) days of the date of receipt of the written transcript, counsel for any Disclosing Party notifies counsel for the other Parties in writing of the portion(s) of the deposition testimony, by page(s) and line(s) of the transcript, that constitutes Confidential Information. Until the expiration of such thirty (30) day period, all Information disclosed during the course of any deposition shall be treated by each Receiving Party as Confidential Information. Deposition transcripts associated with, as well as documents produced in the context of, any separate proceedings or investigations may be designated as Confidential consistent with the provisions of this Protective Order.

## PARTY'S OWN INFORMATION

15. A Disclosing Party is free to do whatever it desires with its own Confidential Information.

## RENDERING ADVICE TO CLIENTS

16. Nothing in this Protective Order shall prevent or otherwise restrict counsel for a Party from rendering legal advice to such Party with respect to the Litigation and, in the course thereof, referring to or relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with the Party, counsel shall not disclose Confidential Information if that disclosure would be contrary to this Protective Order.

**NO WAIVER**

17.     It is preferred that Confidential Information be designated as such prior to, or contemporaneously with, the production or disclosure of the Information to a Receiving Party. However, a Disclosing Party that has produced or disclosed Information without designating it Confidential Information may later designate such Information as Confidential by giving written notice to counsel for the Receiving Party. Under such circumstances, no Receiving Party shall have any obligation or liability due to any disclosure of the Information that occurred prior to the receipt of such notice.

18.     Other than as specified herein, the taking of, or the failure to take, any action to enforce any provision of this Protective Order, or the failure to object to any designation of Information as Confidential, shall not constitute a waiver of any rights to later seek and obtain protection or relief in this Litigation or any other litigation, including, but not limited to, the right to claim that any Information is or is not proprietary to any Disclosing Party, is or is not entitled to particular protection. The designation or lack of designation of Information as Confidential shall not constitute an admission that such Information is or is not Confidential or proprietary and such designation or lack thereof shall not be used in any way as evidence in this action. The procedures set forth herein shall not affect the rights of any Disclosing Party to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a Disclosing Party of the necessity of providing complete and proper responses to discovery requests.

**SUBPOENA OF CONFIDENTIAL
INFORMATION PRODUCED IN LITIGATION**

19.     In the event that any Receiving Party is served with a subpoena or other request to produce Confidential Information of any Disclosing Party, which is sought by any person or entity not a Party to this Litigation, whether in another action or in

connection with any legal process, said Receiving Party shall promptly notify in writing counsel for the Disclosing Party. Any person or entity not a Party to this Litigation seeking such Confidential Information through such subpoena or other legal process shall be apprised of this Protective Order by counsel for the Party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

## TERMINATION OF LITIGATION

20.     Within thirty (30) days of the final disposition of this Litigation, including any and all appeals therefrom, attorneys for the Receiving Party shall return to the Disclosing Party, or shall destroy, all Confidential Information (including all copies thereof) of the Disclosing Party, and, upon request of the Disclosing Party, the attorney for the Receiving Party shall deliver to the Disclosing Party or its attorneys of record, written confirmation that there has been compliance with the terms of this paragraph 20; provided, however, that the Receiving Party's counsel may retain one copy of the pleadings and other papers filed with the Court or served in the course of the Litigation, including depositions, deposition exhibits and the trial record, and work product that includes aspects of Confidential Information, subject to the obligations hereunder.

## CHANGES TO THIS PROTECTIVE ORDER

21.     This Protective Order may be changed only by written agreement of the Parties as approved by the Court, or further order of the Court, and is without prejudice to the rights of any Party to seek relief from or variation of any of its provisions.

## CONTINUING OBLIGATIONS OF CONFIDENTIALITY

22. Except as otherwise expressly provided herein above, the obligations of this Protective Order shall survive the termination of the Litigation and continue in full force and effect.

## EXECUTION IN COUNTERPARTS

23. This Protective Order may be signed by counsel in counterparts.

*** 

LITDOCS/645771.1

AGREED:

Plaintiffs, by their attorneys,

Defendants, by their attorneys,

**/s/ Douglas S. Johnson, Jr.**
Douglas S. Johnston, Jr. (*pro hac vice*)
George E. Barrett (*pro hac vice*)
Timothy L. Miles (*pro hac vice*)
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
(615) 244-2202

Brian J. Robbins
Jeffrey P. Fink
ROBBINS UMEDA & FINK LLP
1010 Second Avenue, Suite 2360
San Diego, CA 92101
(619) 525-3990

*Plaintiffs' Co-Lead Counsel*

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

*Plaintiffs' Liaison Counsel*

**/s/ Robert A. Buhlman**
Robert A. Buhlman (BBO# 554393)
Donald J. Savery (BBO#564975)
Michael D. Blanchard (BBO# 636860)
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Attorneys for Defendants Biopure Corporation, Jane Kober, Thomas A. Moore, Carl W. Rausch, J. Richard Crout, David N. Judelson, Charles A. Sanders, C. Everett Koop, and Daniel P. Harrington*

**/s/ Cathy A. Fleming**
Cathy A. Fleming (*pro hac vice*)
John D. Hughes (BBO# 243660)
Mary P. Cormier (BBO# 635756)
EDWARDS ANGELL PALMER & DODGE, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

*Attorneys for Defendant Howard P. Richman*

12

SO ORDERED this ____ day of____ 2006.

_____
U.S.D.J.

### Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 30th day of June, 2006.

/s/ Jennifer L. Holden
Jennifer L. Holden

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE BIOPURE CORPORATION DERIVATIVE LITIGATION** | **Master Docket No. 1:04-cv-10177 -NG (Consolidated Derivative Action)**<br><br>**Assigned to: Judge J. Nancy Gertner**<br><br>**Magistrate Judge Alexander** |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Stipulation and Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulation and Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Protective Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit the use of Confidential Information disclosed to me solely for purposes of this action.

7. Upon request of counsel for the Party for whom I was employed or retained, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto to such counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____