UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION DERIVATIVE LITIGATION | Master Docket No. 1:04-cv-10177 (NG)<br><br>Assigned to Judge Nancy Gertner<br><br>Magistrate Judge Alexander |

### DECLARATION OF JAY B. PIEPER

JAY B. PIEPER declares as follows:

1. My name is Jay B. Pieper. I am a Director of Biopure Corporation ("Biopure").

2. I am the Vice President for Corporate Development and Treasury Affairs of Partners HealthCare System, Inc., the parent company of Brigham and Women's Hospital and Massachusetts General Hospital. I am also a member of the boards of the following companies: Eclipsys; WorldCare, Inc.; Controlled Risk Insurance Company (CRICO), Ltd.; and the Harvard Clinical Research Institute.

3. I formerly served as member of the board of Financial Executives International and was Chairman of the Boston Organization of Teaching Hospital Financial Officers.

4. I joined Biopure's Board of Directors in October 2004. I have never been an employee of Biopure. Prior to joining the Board of Biopure, I did not know any of the individual Defendants in this action. I was asked about joining the Board by Zafires Zafirelis, Chief Executive Officer of Biopure, who is not a Defendant in this action and was not Chief Executive at the time of the events giving rise to this litigation. My acquaintance with Mr. Zafirelis was through membership in a now defunct tennis club. I agreed; I stood for election; and I joined the Board.

5. Apart from sitting on the Board with those Defendants still on the Board, I have not formed any social or business relationship with any of the Defendants.

6. On May 1, 2006, the Biopure Board formed the Special Litigation Committee ("Committee") and appointed me and fellow Director, Guido Neels, to serve on it. Mr. Neels and I both joined the Biopure Board after the events alleged in the Derivative Complaint. A true copy of the Board resolution creating the Committee is attached hereto as Exhibit A.

7. The Committee retained independent counsel to assist in the investigation of the claims and allegations in this case. After interviewing two different law firms, the Committee selected DLA Piper US LLP ("DLA Piper") to serve as counsel. DLA Piper's team was led by John A.D. Gilmore and Theodore Altman ("Counsel"), lawyers experienced in securities litigation and the standards of conduct required for directors and officers under Delaware law.

8. At the Committee's request, Counsel undertook an extensive review of the claims and allegations set forth in the Derivative Complaint. Counsel devoted over 1,000 hours to the investigation. Counsel interviewed numerous individuals, including all of the Defendants in this action, except one, who was in poor health, considered a large number of documents, and reviewed the record associated with the investigation by the United States Securities and Exchange Commission, which included transcripts of testimony taken from twenty witnesses (including all of the Defendants) and tens of thousands of pages of documents. Counsel also interviewed Biopure's current CEO, Mr. Zafirelis, and Mr. Hutt, a former chief counsel of and expert on the FDA. The Committee personally heard presentations from counsel for both the Plaintiffs and the Defendants.

9. Counsel periodically reported to the Committee through telephone conferences and in-person meetings on the progress of their work and responded to questions from the Committee.

10. Through this process, the Committee reached conclusions about whether it was in the best interests of Biopure to pursue this litigation. At the Committee's request, Counsel undertook to prepare a report on the investigation and the Committee's conclusions ("Report"). Counsel consulted with Guido and me as they prepared the Report.

11. For the reasons set forth in the final Report, the Committee concluded that the detriments of pursuing the litigation outweigh any benefits that might be achieved. A true copy of the Report is attached hereto as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2007.

*/s/ Jay B. Pieper*

**EXHIBIT A**

EXHIBIT A

## Resolution Establishing a Special Litigation Committee

WHEREAS a consolidated derivative action was filed on behalf of the Company against certain of its present and former directors and officers (*In re: Biopure Derivative Litigation*, D.Mass., the "Derivative Action");

WHEREAS the Company moved to dismiss the Derivative Action on the basis of a failure to make demand on the Board of Directors, and that motion was denied on or about March 28, 2006, and this Resolution is made without conceding that any member of the Company's Board of Directors is not independent or is interested for purposes of considering a shareholder demand; and

WHEREAS it would be proper for the Board of Directors to delegate to a Special Litigation Committee the responsibility for determining whether it is in the best interests of the Company to pursue any of the claims alleged in the Derivative Action;

NOW THEREFORE, the following resolution is adopted by the Board of Directors of the Company:

RESOLVED that Guido J. Neels and Jay B. Peiper are appointed to serve as a Special Litigation Committee by the full Board of Directors; further, it is

RESOLVED that the Special Litigation Committee is authorized to exercise all lawful authority of the Board of Directors in determining what actions, if any, should, in the best interests of the Company, be taken with respect to the above-referenced Derivative Action and any similar suits that have been or may be filed on the Company's behalf.

**EXHIBIT B**

EXHIBIT B

THIS HAS BEEN FILED UNDER SEAL ON JUNE 22, 2007

PER ORDER OF THE COURT

IN RE: BIOPURE CORPORATION DERIVATIVE LITIGATION,
MASTER DOCKET NO. 1:04-CV-10177-NG

THE REPORT OF THE SPECIAL LITIGATION COMMITTEE
OF BIOPURE CORPORATION