UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION | ) | Master Docket No. 1:04-cv-10177-NG |
| DERIVATIVE LITIGATION | ) | (Consolidated Derivative Action) |
| | ) | |
| | ) | Assigned to: Judge J. Nancy Gertner |
| | ) | |
| | ) | Magistrate Judge Alexander |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

**I.     INTRODUCTION**

Plaintiffs have moved the Court, pursuant to Fed. R. Civ. P. 37(a)(2)(B) and in accordance with the Court's Scheduling Order entered on April 30, 2008 (Docket No. 95), for an order compelling Defendants to produce all minutes of the meetings of the Board of Directors ("Board") of Biopure Corporation ("Biopure") from October 12, 2004 (the date on which the first member of the Special Litigation Committee ("SLC") was appointed to the Board) to the present.

The basis for this motion is that these minutes are clearly relevant to the issue of the independence of the members of the SLC or that they may lead to the discovery of admissible evidence. However, Defendants have failed to produce any of the minutes with the exception of one set, dated May 1, 2006, relating solely to the formation and composition of the SLC. Therefore, for the reasons explained below, Plaintiffs respectfully request that the Court enter an order compelling Defendants to produce all of the Board minutes from October 12, 2004 to the present.

1

## II.     PROCEDURAL BACKGROUND

On March 28, 2006 the Court entered an order denying the Defendants' motion to dismiss and granting Plaintiffs' leave to amend.  Docket Entry No. 40.  *See also In re Biopure Corp. Derivative Litig.,* 424 F. Supp. 2d 305 (D. Mass. 2006).  Defendants thereafter filed a motion for reconsideration which was denied on May 1, 2006.  *See* Electronic Order entered May 1, 2006. Later that same day, the Board formed the SLC which consisted of two members, Jay B. Pieper and Guido J. Neels, both of whom had been serving on the Board during the pendency of the instant lawsuit.  *See* Resolution Establishing a Special Litigation Committee, attached as Exhibit A to the Declaration of Jay B. Pieper re Motion to Dismiss the Verified Consolidated Second Amended Complaint by Special Litigation Committee to Biopure Corporation, filed with the Court on June 22, 2007, Docket Entry No. 75.

Mr. Pieper was appointed to the Board in October 2004.  Piper Decl., at 1, ¶ 4.  Mr. Neels was appointed to the Board in August 2005.  *See* Declaration of Guido J. Neels (Correct) re Motion to Dismiss the Verified Consolidated Second Amended Complaint by Special Litigation Committee to Biopure Corporation, filed with the Court on June 22, 2007, Docket Entry No. 78. On May 23, 2006 the SLC filed a motion to stay the proceedings pending its investigation. Docket Entry No. 58.   The parties subsequently briefed both the motion to stay and the issue of whether Plaintiffs were entitled to discovery concerning the SLC process.  Docket Entry Nos. 64-65, 67.

On June 19, 2006 this Court entered an electronic order staying this action pending an investigation into the allegations of this case by the SLC.  The Court further held that "plaintiffs

are permitted to conduct discovery on the question of the SLC members' disinterestedness and independence." Specifically, the Court's electronic order stated:

> Judge Nancy Gertner: Electronic ORDER entered granting 58 Motion of the Special Litigation Committee ("SLC") of Biopure Corporation to stay proceedings. This action will be stayed until September 1, 2006 with the following exceptions: the defendants are ORDERED to produce to the plaintiffs the documents they produced to the SEC and provided to the federal securities plaintiffs in case number 03cv12628NG pursuant to my Order dated May 26, 2006. In addition, plaintiffs are permitted to conduct discovery on the question of the SLC members' disinterestedness and independence. The motion of the Special Litigation Committee 67 for leave to file a reply memorandum in support of their motion to stay is also hereby DENIED. (Filo, Jennifer) (Entered: 06/19/2006)

Electronic Order dated June 19, 2006.

On June 28, 2006, Plaintiffs served their "Requests for Production of Documents to Defendants Regarding Independence and Disinterestedness of SLC." Exhibit A. Specifically, Request No. 6 sought "All copies of the minutes of the Board since October 12, 2004 [the date in which Mr. Pieper was appointed to the Board]." *Id.* at 5. Defendants objected to this request and refused to produce any minutes other than those minutes from October 12, 2004 "concerning the formation, composition and or independence of the SLC." Exhibit B, at 9.

During a meet and confer held on April 11 and 14, 2008, Plaintiffs requested Defendants withdraw their objections to Request No. 6 and produce the requested minutes. By letter of April 16, 2008 counsel for the Defendants responded stating that "there would be no additional minutes to produce because the only references in the minutes to the derivative litigation are privileged status updates from counsel." Exhibit C. By letter of April 17, 2008 counsel for Plaintiffs clarified that they were not limiting the request to only those minutes which expressly refer to the derivative litigation; rather, that Plaintiffs believed they were entitled to those minutes to determine if they contain any information bearing upon the independence or disinterestedness of the SLC. Exhibit D. To the extent any privilege issue existed to the relevant

3

portions of the minutes, Plaintiffs' counsel stated an appropriate response would be to produce them in redacted form with a corresponding privilege log. *Id.* By letter of May 2, 2008 counsel for Defendants again confirmed that they would not produce any additional minutes in response to the request, privileged or otherwise. Exhibit E.

On April 30, 2008 the Court entered a Scheduling Order requiring any motions to compel be filed by May 5, 2008. Because Defendants have failed to produce the minutes which Plaintiffs believe are clearly relevant to the issue of the SLC's independence and disinterestedness or which may lead to admissible evidence on those issues, Plaintiffs have filed the instant motion.

### III. ARGUMENT

In accordance with well-settled law concerning an SLC, this Court held Plaintiffs were entitled "to conduct discovery on the question of the SLC members' disinterestedness and independence." Electronic Order dated June 19, 2006. Under Delaware law, courts apply an especially heightened scrutiny to the independence and disinterestedness of an SLC. Indeed, as Delaware courts have made clear, "the SLC has the burden of establishing its own independence by a yardstick that must be ***'like Caesar's wife-'above reproach.'"*** *Beam v. Stewart*, 845 A.2d 1040, 1055 (Del. 2004) (quoting *Lewis v. Fuqua*, 502 A.2d 962, 967 (Del. Ch. 1985)) (emphasis added). "[T]he SLC analysis contemplates not only a shift in the burden of persuasion but also the availability of discovery into various issues, including independence." *Beam*, 845 A.2d at 1055. Moreover, the scrutiny is even higher where, as here, "presuit demand is already excused" and the Court "must exercise careful oversight of the bona fides of the SLC and its process." *Id.*

Under the Rule of Civil Procedure, Plaintiffs may discovery anything relevant to their claims, i.e., here, the independence of the SLC. Fed. R. Civ. P. 26(b)(1). "Relevant" is broadly

4

defined by the Rules of Civil Procedure as anything which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  For the purposes of an SLC, courts must take into "account all circumstances" which bear upon a members' independence. *In re Oracle Corp. Derivative Litig.*, 824 A.2d 917, 941 (Del. Ch. 2003).

Clearly, the Board minutes from October 2004 onward (when the first SLC member was appointed to the Board and at a time during the pendency of this litigation which they are now seeking to dismiss) are relevant or may lead to relevant information concerning the determination of independence or disinterestedness of the SLC.  For example, on January 14, 2005 -- after Mr. Pieper was appointed to the Board --  the Company filed its Annual Report on Form 10-K for its Fiscal Year 2004 with the Securities and Exchange Commission. This document was signed by the entire Board, including Mr. Pieper.  See Exhibit F.  In its discussion of the derivative litigation, the Board, including Mr. Pieper (prior to being appointed to the SLC), stated that: "We believe the . . . derivative actions are ***without merit***, and we intend to defend against them vigorously. *Id.* at 35 (emphasis added).

Notwithstanding the fact that this alone should be enough to impugn the independence and disinterestedness of Mr. Pieper concerning Plaintiffs' claims, certainly Plaintiffs should be allowed to review the Board minutes after he and Mr. Neels were appointed to the Board to determine whether any other statements or determinations were made concerning this litigation, especially when at least Mr. Pieper was making public statements concerning his belief in the lack of the merits of this litigation -- prior to his appointment to the SLC.  Furthermore, Plaintiffs should be allowed to review the minutes for any other relevant information or discussions which would or could bear upon the SLC's independence or disinterestedness.

5

Indeed, because of their relevance, board minutes have repeatedly been produced and/or ordered to be produced by Delaware courts in a wide-variety of shareholder litigation. *In re Netsmart Techs., Inc. S'holders Litig.,* 924 A.2d 171 (Del. Ch. 2007) (board minutes produced in connection with preliminary injunction proceedings); *Romero v. Dowdell, Civil Action No. 1398-N,* 2006 Del. Ch. LEXIS 82 (Del. Ch. Apr. 28, 2006) (ordering unsealing of derivative complaint that contained allegations derived from board minutes); *In re Best Lock Corp. Shareholder Litig.*, 2000 Del. Ch. LEXIS 175 (Del. Ch. Dec. 18, 2000) (ordering production of board minutes in merger related litigation); *H.F. Ahmanson & Co. v. Great W. Fin. Corp.*, Civil Action No. 15650, 1997 Del. Ch. LEXIS 55, at *13 (Del. Ch. Apr. 25, 1997) (ordering production of board minutes in suit alleging defendants violated their own bylaws by not holding a special meeting). The same result should follow here.

Finally, given that Defendants are required to keep the minutes and they are in their possession, Defendants can claim no burden by having to produce them.

**IV.   CONCLUSION**

Based on the forgoing, Plaintiffs respectfully urge the Court to order Defendants to produce all of the Board minutes from October 12, 2004 to the present.

DATED: May 5, 2008

Respectfully submitted:

/s/ Timothy L. Miles
Douglas S. Johnston, Jr. (*pro hac vice*)
George E. Barrett (*pro hac vice*)
Timothy L. Miles (*pro hac vice*)
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
djohnston@barrettjohnston.com
gbarrett@barrettjohnston.com
tmiles@barrettjohnston.com

Jeffrey P. Fink
Caroline A. Schnurer
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Plaintiffs' Co-Lead Counsel

Mary T. Sullivan
SEGAL ROITMAN, LLP
111 Devonshire St.
Boston, MA 02109
Telephone: (617) 742 0208 x 234
Facsimile:  (617) 742 2187

Plaintiffs' Liaison Counsel

James G. Stranch
BRANSTETTER, KILGORE,
  STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 5th day of May, 2008, a true copy of the foregoing *Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel* was filed through the ECF system and will be electronically sent to the registered participants and attorneys of record listed below:

Jeffrey P. Fink
Caroline A. Schnurer
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: (617) 742-0208
Facsimile: (617) 742-2187

James G. Stranch
BRANSTETTER, KILGORE,
  STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 255-5419

Robert A. Buhlman
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110

Bruce E. Falby
DLA Piper Rudnick Gray Cary US LLP
33 Arch Street
26th Floor
Boston, MA 02110-1447

                                            /s/ Timothy L. Miles
                                            TIMOTHY L. MILES