UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION ) <br> DERIVATIVE LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | Master Docket No. 1:04-cv-10177-NG <br> (Consolidated Derivative Action) <br><br> Assigned to: Judge J. Nancy Gertner <br><br> Magistrate Judge Alexander |

**PLAINTIFFS REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS REGARDING INDEPENDENCE AND DISINTERESTEDNESS OF SLC**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Rules of Civil Procedure, Plaintiffs hereby demand that Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., Evertt Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Kober, Howard Richman, Jay B. Pieper, and Guido Neels produce the documents described below for inspection and copying at Segal Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02108 within the time permitted by the Federal Rules of Civil Procedure, or at such other location and date upon which the parties may mutually agree.

I.   **DEFINITIONS**

Except as to the following definitions specific to this particular litigation, Plaintiffs incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.5(c):

    a)    "Biopure" means Biopure Corporation and its predecessors, successors, divisions, subsidiaries, officers, directors, employees, agents or anyone acting or purporting to act on its behalf.

    b)    "Board" means the Board of Directors of Biopure.

c)  The term "Individual Defendants" means Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Gober and Howard Richman.

d)  "Special Litigation Committee" means the special litigation committee formed by Biopure consisting of Guido J. Neels and Jay B. Pieper.

e)  The term "Financial Statements" includes, but is not limited to, interim, final, pro forma, actual, projected, complete, or partial, annual, quarterly, monthly, weekly or otherwise, audited or unaudited, budgets, budget plans, balance sheets, schedules of direct costs, schedules of miscellaneous income, schedules of general services, fiscal serviceman administrative services, statements of earnings and earnings per share, income statements, cash flow statements, statement of revenues and statements of expenses, all notes or other commentary concerning any of the foregoing and all underlying workpapers and all drafts used in connection with the preparation of any of the foregoing.

f)  "SEC" means the Securities and Exchange Commission.

g)  "SEC filings" means all documents filed or prepared for the purpose of filing with the SEC and any other state or federal regulatory agency, including, but not limited to, Forms 8-K, 10-K, 10-Q, 424(b)(3), Schedules TO-T, 13-D, 14A, 14D-1 and 14D-9 and any drafts thereof or amendments thereto.

h)  "FDA" means the U.S. Food and Drug Administration.

i)  "BLA" means Biologic License Application.

j)  "Business relationship" or business affiliation" refer to any relationship, whether formal, informal, contractual or legal, concerning any employment, occupation, profession or any commercial or business activity for monetary gain, personal gain or livelihood. "Business relationship" or "business affiliation" also includes, without limitation, any monetary, asset, financial or labor investment.

II.   INSTRUCTIONS

a)   In responding to these document Requests, you shall produce separately all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of your agents and representatives.

b)   References to an individual, partnership, limited liability company or corporation include any and all agents, employees, representatives and attorneys and all other persons or entities acting on your behalf or under your control.

c)   If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were furnished together with their job titles, subject matter, basis on which privilege or other objection is claimed and the number of each Request to which such document responds. If you claim privilege or any other objection with regard to only part of a document, produce the part to which there is no objection.

d)   If you are aware of any documents or copies thereof that may be responsive to these Requests but are no longer in your possession, custody or control, or have been lost or destroyed, identify each document in detail, including whether: (i) the document is missing, lost or destroyed; (ii) the document has been transferred or delivered to another person and, if so, at whose request; (iii) who prepared it; (iv) to whom it was prepared for and sent to; (v) when it was prepared or sent; (vi) the content of the document; (vii) the person who destroyed it; and (viii) why it was lost or destroyed.

e)   If any individual Request is ambiguous in any way, please send a letter to the undersigned counsel describing the ambiguity and it will be promptly clarified in a reply letter. If any individual Request (or subpart thereof) is deemed to be unduly burdensome, please send a letter to the undersigned counsel specifying the reasons why the Request is unduly burdensome

and stating whatever information and knowledge you have of the information or documents called for in the Request, and (generally) an attempt will be made to rephrase the Request (or subpart thereof) in a reply letter to lessen the burdens of compliance. Any such reply letter may be treated by the parties to whom it is addressed as a modification of the particular Request.

f) Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the Requests herein: (i) the singular shall include the plural and the plural shall include the singular; and (ii) a masculine, feminine or neuter pronoun shall not exclude the other genders, all to the end that the interpretation applied results in the more expansive production.

g) In making production, produce all documents as kept in the normal course of business and identify the file from which each document was taken.

### III. TIME PERIOD

Unless stated otherwise, the time period to which these Requests refer is October 12, 2004 through the date of production. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a Request, you must produce the earlier or subsequent document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the production Request.

### IV. DOCUMENTS REQUESTED

REQUEST NO. 1: All documents considered by any director on the Board in connection with the appointment of the Special Litigation Committee.

REQUEST NO. 2: All documents concerning or comprising any file maintained by Biopure regarding the Special Litigation Committee.

REQUEST NO. 3: All documents concerning the selection or retention of any law firm by the Special Litigation Committee, including, but not limited to, all documents concerning any representation or solicitation of representation received by any of the Individual Defendants from such law firm. There is no time limit to this request and it includes such documents received by current subsidiaries and affiliates of Biopure even if received prior to their having become a subsidiary of Biopure.

REQUEST NO. 4: All documents, including, but not limited to, directories related to membership rolls concerning any board membership or trustee positions held by any Individual Defendant or current Board member, including the members of the Special Litigation Committee, and any clubs, organizations or associations to which any Individual Defendant or Board member, including the members of the Special Litigation Committee, has belonged since 1995, including, but not limited to, public and private corporate boards, associations and charitable foundations.

REQUEST NO. 5: All documents concerning conflicts checks including all documents evidencing any prior relationship between the Special Litigation Committee and/or its counsel and/or any consultants and any of the Individual Defendants or Biopure or its subsidiaries.

REQUEST NO. 6: All copies of the minutes of the Board since October 12, 2004.

REQUEST NO. 7: All documents reflecting any statement(s) of the Board, including the members of the Special Litigation Committee, as to the merits or lack therof of the Biopure Corporate Derivative Litigation issued since October 12, 2004.

REQUEST NO. 8:   All documents concerning any contract, monetary transaction, business relationship or business agreement among or between any of the Individual Defendants and the members of the Special Litigation Committee.

REQUEST NO. 9:   All documents concerning any contract, monetary transaction, business relationship or business agreement among or between any entity the members of the Special Litigation Committee are, or have been, affiliated with or employed by and Biopure.

REQUEST NO. 10:   All documents concerning any contract, monetary transaction, business relationship or business agreement among or between any entity any members of the Special Litigation Committee are, or have been, affiliated with or employed by any other entity which any of the other Individual Defendants are, or have been, affiliated with or employed by.

DATED: June 28, 2006

Respectfully submitted,

_____
Douglas S. Johnston, Jr. (pro hac vice)
George E. Barrett (pro hac vice)
Timothy L. Miles (pro hac vice)
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: 615/244-2202
Facsimile: 615/252-3798
djohnston@barrettjohnston.com
gbarrett@barrettjohnston.com
tmiles@barrettjohnston.com

Brian J. Robbins
Jeffrey P. Fink
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue, Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

Plaintiffs' Co-Lead Counsel

Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Plaintiffs' Liaison Counsel

James G. Stranch
BRANSTETTER, KILGORE, STRANCH & JENNINGS
227 Second Avenue North
Nashville, TN 37201
Telephone: 615/254-8801
Facsimile: 615/255-5419

Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2006, the foregoing Plaintiffs' Requests For Production of Documents to Defendants Regarding Independence and Disinterestedness has been sent via U.S. Certified Mail to the following on this date:

Robert A. Buhlman
Donald J. Savery
Eunice E. Lee
BINGHAM MCCUTCHEN, LLP
150 Federal Street
Boston, MA 02110
  617/951-8717
  617/951-8736 (fax)
robert.buhlman@bingham.com
don.savery@bingham.com

Michael D. Blanchard
BINGHAM MCCUTCHEN, LLP – Hartford
One State Street
Hartford, CT 06103
  860/240-2700
  860/240-2818 (fax)
michael.blanchard@bingham.com

Mary P. Cormier
John D. Hughes
EDWARDS & ANGELL, LLP
101 Federal Street Boston, MA 02110
  617/951-2225
  617/439-4170 (fax)
mcormier@edwardsangell.com
jhughes@eapdlaw.com

Cathy A. Fleming
EDWARDS & ANGELL, LLP
750 Lexington Avenue
New York, NY 10022

| | |
|---|---|
| John J. Tumilty<br>EDWARDS ANGELL PALMER &<br>  DODGE, LLP<br>111 Huntington Avenue<br>Boston, MA  02199<br>  617/951-3372<br>  617/227-4420 (fax)<br>jtumilty@eapdlaw.com | John D. Gilmore<br>DLA PIPER RUDNICK GRAY CARY<br>  US LLP<br>One International Place, 21st Floor<br>100 Oliver Street<br>Boston, MA  02110-2600<br>  617/406-6000<br>  617/406-6100 (fax)<br>john.gilmore@dlapiper.com |

*/s/ Douglas S. Johnston, Jr.*
DOUGLAS S. JOHNSTON, JR.