UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION, DERIVATIVE LITIGATION ) ) ) ) ) ) | Master Docket No. 1:04-cv-10177 (NG)<br><br>Assigned to Judge J. Nancy Gertner<br><br>Magistrate Judge Alexander |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING INDEPENDENCE AND DISTINERESTEDNESS OF SLC

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, Defendants Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., Jane Kober, and Howard P. Richman, ("Defendants") hereby respectfully object and respond to Plaintiffs' First Request for Production of Documents (the "Request" or "Requests") served on June 28, 2006 as follows:

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each individual response, whether or not expressly incorporated by reference in each response:

1. Defendants object to the "Definitions" and "Instructions," and to the Requests to the extent that they seek to impose obligations on Defendants that exceed those imposed by the Federal Rules of Civil Procedure and Local Rules of this District Court. Defendants adopt the Definitions in Local Rule 26.5(c) for their responses below.

2. Defendants object to the Requests to the extent that they call for speculation or conjecture, or call for Defendants to form or adopt opinions or legal conclusions

3. Defendants object to the Requests to the extent that they are vague, ambiguous and overly broad and, therefore, require Defendants, to the best of their ability, to make a subjective determination as to what documents are being sought.

4. Defendants object to the Requests to the extent that the Requests use the term "relate to" as that term is unclear, vague, ambiguous, overly broad, unduly burdensome, and includes within its scope production irrelevant documents not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendants object to the Requests to the extent that they call for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Every response to the Requests below is subject to this objection and no document within these protections will be produced. The inadvertent production of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

6. Defendants further object to the Requests to the extent that they seek production of documents or information already in the Plaintiff's possession, that is publicly available, and/or is equally available to Plaintiffs. Defendants will not produce documents it has previously provided to Plaintiffs.

7. Defendants object to the Requests to the extent that they seek documents and/or things that are irrelevant to the claims and defenses in this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendants object to the Requests to the extent that they seek the production of documents that are not located within Defendants' possession, custody, or control

LITDOCS/646415.3

2

9.  Defendants object to the Requests to the extent that they use vague, ambiguous, undefined or argumentative terms.

10. Defendants object to the Requests to the extent they assume the truth of facts not proven or facts not in evidence.

11. Defendants object to the Requests to the extent that they imply or presuppose that the documents or communications requested constitute "all" documents or communications during the relevant time period. Defendants therefore make no representation as to whether the documents or communications currently in their possession, custody or control, constitute "all" documents or communications that exist or existed during such time period. Nor do Defendants purport to have knowledge of "all" documents or communications that are the subject of each Request.

12. Defendants reserve the right to rely, at the time of trial or in other proceedings in this action, upon responses and evidence in addition to the responses provided herein regardless of whether, *inter alia*, any such responses are based on newly discovered evidence.

13. Defendants' responses shall not be deemed to constitute an admission that any particular document exists, is relevant, or is admissible as evidence, or that any statement or characterization in the request is accurate or complete.

14. The following responses are submitted subject to, and without in any way waiving or intending to waive, the above objections, as well as:

   a.  objections as to competency, relevancy, materiality, authenticity or admissibility of evidence for any purpose of any of the responses given or the subject matter thereof in any subsequent proceeding in, or the trial of, this action or any other action or proceeding;

b. the right to object to other discovery procedures involving or relating to the same subject matter as the request for production herein responded to; and

c. the right at any time to revise, correct, or clarify any of the responses set forth herein.

15. All of the Defendants' responses are made subject to these General Objections. Counsel for Defendants will be prepared to discuss the objections represented herein with Plaintiffs' counsel for the purpose of resolving any disputes that may arise without need for intervention by the Court.

## RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing General Objections, Defendants respond to the specific Requests as follows:

### Document Request No. 1:

All documents considered by any director on the Board in connection with the appointment of the Special Litigation Committee.

### Response to Document Request No. 1:

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent it seeks documents beyond

the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents considered by any director on the Board in connection with the appointment of the Special Litigation Committee.

**Document Request No. 2:**

All documents concerning or comprising any file maintained by Biopure regarding the Special Litigation Committee.

**Response to Document Request No. 2:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Defendants further object to the Request to the extent that it seeks the production of documents that are not located within Defendants' possession, custody, or control. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents concerning or comprising any file maintained by Defendants concerning the formation, composition or independence of the SLC.

**Document Request No. 3:**

All documents concerning the selection or retention of any law firm by the Special Litigation Committee, including, but not limited to, all documents concerning any representation or solicitation of representation received by any of the Individual Defendants from such law firm. There is no time limit to this request and it includes such documents received by current subsidiaries and affiliates of Biopure even if received prior to their having become a subsidiary of Biopure.

**Response to Document Request No. 3:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents concerning the selection or retention of any law firm by the Special Litigation Committee.

**Document Request No. 4:**

All documents, including, but not limited to, directories related to membership rolls

concerning any board membership or trustee positions held by any Individual Defendant or current Board member, including the members of the Special Litigation Committee, and any clubs, organizations or associations to which any Individual Defendant or Board member, including the members of the Special Litigation Committee, has belonged since 1995, including, but not limited to, public and private corporate boards, associations and charitable foundations.

**Response to Document Request No. 4:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents sufficient to indicate board membership, trusteeship, or any club, organization, or association membership in which both any Individual Defendant or current Board member and Mr. Neels or Mr. Piper are involved or have been involved since 1995, as reflected in documents the Defendants have.

**Document Request No. 5:**

All documents concerning conflict checks including all documents evidencing any prior relationship between the Special Litigation Committee and/or its counsel and/or any consultants and any of the Individual Defendants or Biopure or its subsidiaries.

**Response to Document Request No. 5:**

Defendants' General Objections are incorporated by reference as if fully stated herein.

Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents concerning conflict checks between the Special Litigation Committee and/or its counsel and/or any consultants, on the one hand, and any of the Individual Defendants or Biopure or its subsidiaries, on the other hand.

**Document Request No. 6:**

All copies of the minutes of the Board since October 12, 2004.

**Response to Document Request No. 6:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent it seeks documents beyond

the permissible scope as limited by the Court in its June 19, 2006 Order. Defendants further object to the Request to the extent that it seeks the production of documents that are not located within Defendants' possession, custody, or control. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected copies of the minutes of the Board since October 12, 2004 concerning the formation, composition or independence of the SLC.

**Document Request No. 7:**

All documents reflecting any statement(s) of the Board, including the members of the Special Litigation Committee, as to the merits or lack thereof of the Biopure Corporate Derivative Litigation issued since October 12, 2004.

**Response to Document Request No. 7:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it calls for the production of documents or information protected by the attorney-client privilege, the attorney work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, immunity, statute, regulation, rule or protection. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents reflecting any statement(s) of the members of the Special Litigation Committee as to the merits or lack thereof of the Biopure Corporate Derivative Litigation issued since October

12, 2004.

### Document Request No. 8:

All documents concerning any contract, monetary transaction, business relationship or business agreement among or between any of the Individual Defendants and the members of the Special Litigation Committee.

### Response to Document Request No. 8:

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents concerning any contract, monetary transaction, business relationship or business agreement among or between any of the Defendants and the members of the Special Litigation Committee.

### Document Request No. 9:

All documents concerning any contract, monetary transaction, business relationship or business agreement among or between any entity the members of the Special Litigation Committee are, or have been, affiliated with or employed by and Biopure.

### Response to Document Request No. 9:

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad

LITDOCS/646415.3

10

and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it seeks the production of documents that are not located within Defendants' possession, custody, or control. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce non-privileged, non-protected documents concerning any contract, monetary transaction, business relationship or business agreement among or between any entity owned or controlled by any member of the Special Litigation Committee and Biopure.

**Document Request No. 10:**

All documents concerning any contract, monetary transaction, business relationship or business agreement among or between any entity any members of the Special Litigation Committee are, or have been, affiliated with or employed by any other entity which any of the other Individual Defendants are, or have been, affiliated with or employed by.

**Response to Document Request No. 10:**

Defendants' General Objections are incorporated by reference as if fully stated herein. Defendants further object to this Request on the grounds that the Request is vague, overly broad and unduly burdensome and seeks productions of documents that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the Request to the extent that it seeks the production of documents that are not located within Defendants' possession, custody, or control. Defendants further object to the Request to the extent it seeks documents beyond the permissible scope as limited by the Court in its June 19, 2006 Order. Subject to and without waiving the forgoing objections, Defendants will produce

non-privileged, non-protected documents concerning any contract, monetary transaction, business relationship or business agreement among or between any entity owned or controlled by any member of the Special Litigation Committee and any entity owned or controlled by any Defendant.

Respectfully Submitted,

THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, C. EVERETT KOOP, DANIEL P. HARRINGTON, J. RICHARD CROUT, JANE KOBER, HOWARD P. RICHMAN

By their attorneys,

Robert A. Buhlman (BBO # 554393)
Donald J. Savery (BBO # 564975)
Michael D. Blanchard (BBO # 636860)
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

*John Tumilty / JDL*

John D. Hughes (BBO# 243660)
John J. Tumilty (BBO # 560017)
Mary P. Cormier (BBO# 635756)
**EDWARDS ANGELL PALMER & DODGE LLP**
101 Federal Street
Boston, MA 02110
(617) 439-4444

Cathy A. Fleming (*pro hac vice*)
**EDWARDS ANGELL PALMER & DODGE LLP**
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

*Attorneys for Defendant Howard P. Richman*

Dated: July 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon plaintiff's local counsel by hand, and upon the attorney of record for each other party by hand or overnight delivery on July 31, 2006.

Robert A. Buhlman