UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION | ) | Master Docket No. 1:04-cv-10177 (NG) |
| DERIVATIVE LITIGATION | ) | |
| | ) | |
| | ) | Assigned to Judge Nancy Gertner |
| | ) | |
| | ) | Magistrate Judge Alexander |

DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL

Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO #636860
Jason D. Lane, BBO #665816
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

A/72525799.1

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

I.   PLAINTIFFS' ATTEMPTED USE OF THE BROAD STANDARD FOUND UNDER FED. R. CIV. P. 26 EXTENDS WELL BEYOND THE STANDARD ARTICULATED IN *ZAPATA* AFTER A SLC FILES A MOTION TO DISMISS. ..........3

II.  PLAINTIFFS SEEK DISCOVERY FOR A PURPOSE THAT FAILS TO ESTABLISH THAT A DIRECTOR WOULD BE DEEMED NON-INDEPENDENT UNDER DELAWARE LAW. ............................................................7

 CONCLUSION ................................................................................................................................8

A/72525799.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Strougo v. Padegs*, 27 F. Supp. 2d 442 (S.D.N.Y. 1998) ...................................................7

## STATE CASES

*Abbey v. Computer & Communications Technology Corp.*, 1983 WL 18005 (Del. Ch. Apr. 13, 1983) .............................................................................................3

*In re Best Lock Corp. Shareholder Litig.*, 2000 Del Ch. LEXIS 175 (Del. Ch. Dec. 18, 2000) .................................................................................................5

*H.F. Ahmanson & Company v. Great Western Financial Corp.*, 1997 Del Ch. LEXIS 55 (Del Ch. Apr. 25, 1997) ........................................................................5

*Kaplan v. Wyatt*, 1984 WL 8274 (Del. Ch. Jan. 18, 1984) .............................................3, 4

*Kindt v. Lund*, 2001 WL 1671438 (Del. Ch. Dec. 14, 2001) .............................................4

*Melzer v. CNET Networks, Inc.*, 934 A. 2d 912, 917 (Del. Ch. 2007) ..............................6

*In re Netsmart Technologies, Inc. Shareholders Litigation*, 924 A.2d 171 (Del. Ch. March 14, 2007) ...........................................................................................5

*In re Oracle Corp. Derivative Litigation*, 808 A.2d 1206, 1212 (Del. Ch. 2002) ..............2

*Romero v. Dowdell*, 2006 Del. Ch. LEXIS 82 (Del Ch. Apr. 28, 2006) ............................5

*Zapata Corp. v. Maldonado*, 430 A. 2d 779 (Del. 1981) ..............................................2, 3

## FEDERAL STATUTES

Fed. R. Civ. P. Rule 23.1 ................................................................................................3, 7

Fed. R. Civ. P. Rule 26 .......................................................................................................3

## STATE STATUTES

Del Corp. Code § 220(b)....................................................................................................5

## PRELIMINARY STATEMENT[1]

Plaintiffs have moved this Court to compel Defendants to produce three and one-half years of highly confidential minutes of the meetings of the Board of Directors ("Board") of Biopure Corporation ("Biopure"). Plaintiffs' asserted reason is that they should be allowed to examine all of Biopure's confidential deliberations in the event they might happen across any "relevant" information or discussions which reflect upon the Biopure special litigation committee's ("SLC") independence or disinterestedness. For the reasons set forth below, Plaintiffs are not entitled to any board minutes other than those which have already been produced.

Plaintiffs bring this Motion twenty-one months after Defendants responded to their initial request for documents. Defendants had initially responded to Plaintiffs Requests for Production of Documents to Defendants Regarding Independence and Disinterestedness of SLC on July 31, 2006. With that response, Defendants produced Biopure board minutes reflecting the formation and composition of the SLC on May 1, 2006. In that response, Defendants also objected to the request for the production of all minutes of the Board since October 12, 2004 on numerous grounds, including that the request sought documents beyond the scope of permissible discovery as limited by the Court in its June 19, 2006 Order. Plaintiffs failed to raise any issues regarding Defendants' objections until April 11, 2008 during a meet and confer.

Plaintiffs now make this motion despite the fact that, in addition to the production of certain minutes, Defendants have also reviewed the Board minutes dating back to October 12, 2004 and informed Plaintiffs that the limited discussions by the Board referencing the pending litigation consist of privileged updates from counsel and are therefore protected from disclosure. [*See* Exhibits A and B] The alternative reason put forward by Plaintiffs simply amounts to a

---

[1] This opposition to Plaintiffs' Motion to Compel is filed on behalf of Defendants Thomas A. Moore, Carl W. Rausch, David N. Judelson, Charles A. Sanders, M.D., C. Everett Koop, M.D., Daniel P. Harrington, J. Richard Crout, M.D., and Nominal Defendant Biopure Corporation (collectively, the "Defendants").

1

fishing expedition through the Board minutes, a purpose clearly not allowed under applicable Delaware law.[2]  Biopure's board minutes contain highly confidential information regarding capital financing and other financial information, discussions regarding clinical testing and trials, as well as a myriad of other confidential topics which have nothing to do with this litigation.

Plaintiffs' attempt to obtain discovery of the confidential board minutes of Biopure falls well outside the discovery permitted under the Delaware Supreme Court's decision in *Zapata Corp. v. Maldonado*, 430 A. 2d 779 (Del. 1981) and the subsequent decisions from the Delaware courts which have clearly laid out the discovery permitted by plaintiffs after a special litigation committee ("SLC") has filed a motion to dismiss.  The extent of discovery relative to board minutes permitted by the Delaware courts is limited to portions of minutes which relate to the <u>creation</u> or <u>functioning</u> of the SLC.  As Plaintiffs note in their Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel ("Plaintiffs' Memorandum"), Defendants have already provided minutes responsive to that request. (Plaintiffs' Memorandum at 1)  In light of the fact that Plaintiffs seek board minutes dating 17 months prior to the formation of the SLC, it is quite clear that these minutes are outside the allowable scope of discovery and Plaintiffs' Motion should be denied.

## ARGUMENT

The Plaintiffs' Motion asks this Court to rewrite the law to broaden the standard employed by Delaware courts for over the last quarter century regarding discovery granted after a SLC files a motion to dismiss.  The Plaintiffs, in order to demonstrate their preferred standard, cite to a number of cases decided by Delaware courts outside the context of discovery granted after the filing of a motion to dismiss.

The Plaintiffs then highlight what they believe to be an example of one of the members of

---

[2] Because Biopure is a Delaware corporation, the law of Delaware governs the appointment and conduct of a special litigation committee.  *See In re Oracle Corp. Derivative Litigation*, 808 A.2d 1206, 1212 (Del. Ch. 2002) ("The deference Delaware law pays to the special litigation committee process is a matter of our state's substantive, not procedural, law.")

the SLC's supposed non-independence by pointing to language in a Form 10-K filed by Biopure in January 2005 regarding the Biopure Board's position relative to the derivative litigation. What Plaintiffs fail to add is that Defendants filed a Motion to Dismiss the Shareholder Derivative Complaint four months <u>prior</u> to the filing of the Form 10-K, arguing that Plaintiffs had failed to comply with the pre-suit demand requirements under Rule 23.1 of the Federal Rules of Civil Procedure. (Docket No. 20) The statement which appeared in the Form 10-K was not a judgment on the merits of the litigation as Plaintiffs assert, but rather a judgment that Plaintiffs failed to comply with the procedural requirements under Fed. R. Civ. P. 23.1.

The Plaintiffs Motion not only attempts to rewrite over a quarter century of established law, it also attempts to rewrite the history of this case. For these reasons Plaintiffs' Motion should be denied.

I.  **PLAINTIFFS' ATTEMPTED USE OF THE BROAD STANDARD FOUND UNDER FED. R. CIV. P. 26 EXTENDS WELL BEYOND THE STANDARD ARTICULATED IN *ZAPATA* AFTER A SLC FILES A MOTION TO DISMISS.**

The Delaware Court's decision in *Zapata Corp. v. Maldonado* spoke directly to the issue of permissible discovery after a SLC files a motion to dismiss, and that decision made clear that the standard is much narrower than the discovery permitted under Fed. R. Civ. P. 26. The Court stated "[f]irst, the Court should inquire into the independence and good faith of the committee and the bases supporting its conclusions. <u>Limited</u> <u>discovery</u> may be ordered to facilitate such inquiries." *Id.* at 788. (emphasis added) Subsequent Delaware court decisions have looked to that language when reviewing plaintiffs discovery motions after a SLC has filed a motion to dismiss. *See, e.g., Kaplan v. Wyatt*, 1984 WL 8274, at *2 (Del. Ch. January 18, 1984)

The Court in *Abbey v. Computer & Communications Technology Corp.*, 1983 WL 18005, at *1 (Del. Ch. April 13, 1983) expanded upon the language in *Zapata* in stating "I take this to mean that as to the record to be made on a motion to dismiss on the corporation's behalf by a special litigation committee, the derivative plaintiff is not entitled to discovery as a matter of right." Contrary to the assertion in Plaintiffs' Memorandum that they may discover anything relevant to their claims pursuant to Fed. R. Civ. P. 26, Delaware case law makes it clear that

plaintiffs have no right to discovery at this stage of the case. It is up to the Court's discretion to determine what discovery may be permissible in order to assist the Court in following the two-step *Zapata* process.

The Delaware courts have spent the last quarter century laying out what types of discovery is permissible, and it is clear from those decisions that Plaintiffs' attempt to compel the production of all of Biopure's board minutes is well beyond the permissible scope. A Delaware Court did permit the production of board minutes in one instance, however the production was limited to minutes relating to the creation and functioning of the SLC. *Kindt v. Lund*, 2001 WL 1671438, at *1 (Del. Ch. Dec. 14, 2001). As noted by Plaintiffs, Defendants have already produced board minutes relating to the creation and functioning of the SLC. (Plaintiffs' Memorandum at 1) The Court denied plaintiffs' request to obtain all the minutes of the meetings of the Board of Directors, stating that it was amongst the document requests which "ignored the narrow objective of ascertaining the Committee's good faith and independence." *Id.* at *2. Plaintiffs request to obtain three and one-half years of Biopure's board minutes is also well outside the narrow objective of ascertaining the SLC's good faith and independence and should similarly be denied.

Plaintiffs cite four cases to support their argument that they are entitled to review all board minutes under the broad "relevance" standard they have put forth. Tellingly, none of these cases are in the context of a discovery request in the wake of a SLC's filing of a motion to dismiss. The reason for that is simple, courts do not grant such discovery under the *Zapata* standard and Plaintiffs' attempt to access these records in the instant case should similarly be denied.

Like *Zapata* and *Kaplan*, this case is governed by the standard for cases in which a SLC has filed a motion to dismiss. Delaware courts have stated that rather than aiding plaintiffs in developing facts which would support the merits of their case, the purpose of discovery at this stage in the process is to aid the Court in evaluating defendants' motion to dismiss. *Kaplan v. Wyatt*, *supra*, 1984 WL 8274, at *2. Hence a court reviewing discovery requests after a SLC

files a motion to dismiss does not utilize the broad Fed. R. Civ. P. 26 standard that Plaintiffs are attempting to employ in this case, but rather the much narrower standard in *Zapata*.

In *H.F. Ahmanson & Company v. Great Western Financial Corp.*, 1997 Del Ch. LEXIS 55 (Del Ch. April 25, 1997), the Court did order the defendants to produce board minutes. However the decision involved a dispute over a takeover battle and the Court only required the defendants to turn over any documents, including board minutes if applicable, related to why the board of directors postponed an annual meeting and why that meeting could not be rescheduled promptly. There was no blanket order by the Court to turn over all board minutes to plaintiffs, and defendants were only required to turn over records which potentially reflected their deliberations and demonstrated whether they fulfilled their fiduciary duty as board members.

In re *Best Lock Corp. Shareholder Litig.*, 2000 Del Ch. LEXIS 175 (Del Ch. December 18, 2000) involved a request for documents related to a freeze-out merger. Although plaintiffs requested certain board minutes, the Court noted that the requests were "well within the normal scope of discovery." *Id*. The Delaware courts are quite clear that discovery requests following the filing of a motion to dismiss by a SLC are anything but the "normal scope of discovery" since merits discovery is not allowed at this stage.

In re *Netsmart Technologies, Inc. Shareholders Litigation*, 924 A.2d 171 (Del. Ch. March 14, 2007) once again involved litigation concerning a merger. Although board minutes are cited throughout the decision, it is unclear whether the parties even had a dispute about producing board minutes, much less a decision by the Court ruling on such a dispute. It is also not clear from the decision how the plaintiffs originally obtained the board minutes (*e.g.,* as part of merits discovery).

In the final case cited by Plaintiffs, *Romero v. Dowdell*, 2006 Del. Ch. LEXIS 82 (Del Ch. April 28, 2006), the plaintiffs sought an inspection of certain books and records pursuant to Section 220 of the Delaware Code. The corporation assented to the request, however the dispute involved whether certain parts of the minutes had to be filed under seal pursuant to Delaware Court of Chancery Rule 5(g). A request for inspection of books and records pursuant to 8 Del.

Code § 220(b) is entirely different from discovery requests made after a SLC files a motion to dismiss, with an entirely separate set of standards applied by the Delaware courts. *See, e.g.. Melzer v. CNET Networks, Inc.*, 934 A. 2d 912, 917 (De. Ch. 2007) (Analyzing the "proper purpose" standard under the statute in a case involving whether the board fulfilled their fiduciary duty.) The only reason the plaintiffs in *Romero* even had copies of board minutes is because they made a proper request for inspection pursuant to Section 220.

In addition, with regards to the board minutes in dispute, the Court found that the information contained in the minutes was already either reflected in the complaint or not confidential and therefore not required to be filed under seal. Clearly that set of facts does not apply to the case at hand. The board minutes the Plaintiffs seek involve Biopure board meetings well beyond the time frame of the events contained in Plaintiffs' complaint and are not reflected in any document outside of the board minutes. The information contained in Biopure's board minutes is not only highly confidential, it is also irrelevant to the dispute at hand.

None of the decisions cited by Plaintiffs addresses whether a blanket request for all board minutes reflecting highly confidential deliberations concerning a corporation's ongoing business is permissible after a SLC files a motion to dismiss. In fact, not one case cited by Plaintiffs even suggests that a court employing Delaware law would grant such a request outside the *Zapata* procedure, much less within *Zapata's* narrow framework.

Plaintiffs also intend to take depositions of both Mr. Neels and Mr. Pieper within the next few weeks. [*See* Exhibit C] Plaintiffs will have ample opportunity to question both Mr. Neels and Mr. Pieper as to topics relevant to the independence and disinterestedness of the SLC members. There is no need for Plaintiffs to review three and one-half years of board minutes containing highly confidential and unrelated information on those narrow topics. In addition, Plaintiffs have a copy of the Report of the Special Litigation Committee of Biopure Corporation ("SLC Report") which, in addition to providing an extensive analysis of the SLC's investigation, lays out each member's background.

## II. PLAINTIFFS SEEK DISCOVERY FOR A PURPOSE THAT FAILS TO ESTABLISH THAT A DIRECTOR WOULD BE DEEMED NON-INDEPENDENT UNDER DELAWARE LAW.

The Board minutes Plaintiffs seek do not relate to the independence or disinterestedness of the SLC. Plaintiffs' contend that by signing an Annual Report on Form 10-K ("Form 10-K") stating that Biopure finds the "derivative actions [to be] without merit", Mr. Pieper demonstrated he was non-independent as he had pre-judged the merits of Plaintiffs' case. (Plaintiffs' Memorandum at 5.) Relevant case law shows that this contention is clearly baseless.

In *Strougo v. Padegs*, 27 F. Supp. 2d 442, 447 (S.D.N.Y. 1998), the Court employed the two-part test articulated under *Zapata* in reviewing a SLC's motion to dismiss. The Court stated that even in an instance in which a member of a SLC was initially named as a defendant <u>and</u> moved to dismiss, it would not be enough to disqualify such an individual from serving as a member of a SLC. The Court explained that "since a motion to dismiss is designed to test the legal sufficiency of the complaint…[and not] the evidence at issue, it cannot be concluded that [the SLC member] prejudged the evidence in this case" *Id.*, at 449.

In the current case, Plaintiffs' contend that the fact that Mr. Pieper signed a Form 10-K in which the singular statement was made that Biopure Corporation intends to vigorously contest the suit is enough to allow them discovery of three and one-half years of board minutes. As an initial matter, the Plaintiffs fail to explain the context under which that statement was made. On September 27, 2004, the Defendants filed a Motion to Dismiss the Shareholder Derivative Complaint arguing that that Plaintiffs had failed to plead demand futility in accordance Fed. R. Civ. P. 23.1. Although the Court later denied Defendants' motion, that ruling was not issued until March 28, 2006 (Docket No. 40.) Any statements made by Biopure that the company intended to vigorously contest the suit during that time frame cannot be construed as to be a judgment on the merits of the case because, quite simply, an argument that Plaintiffs failed to follow the pre-suit demand requirements under Fed. R. Civ. P. 23.1 was a procedural argument designed to "test the legal sufficiency of the complaint."

It should also be noted that the exact same language Plaintiffs point to in the Form 10-K appears in Biopure's Form 10-Q filed on September 13, 2004, approximately one month <u>before</u> Mr. Pieper even joined the board of directors and two weeks prior to the time Biopure filed its Motion to Dismiss. (Exhibit D, at 30.) Clearly, Mr. Pieper's addition to the Board did not cause the Board to take this position relative to the pending derivative litigation and the motion that had already been filed prior to his joining the Board.

If a Court analyzing a motion to dismiss under the *Zapata* standard fails to find a member of a SLC to be non-independent even after initially being named as a defendant and after moving to dismiss the litigation, an individual would not be deemed non-independent for signing a Form 10-K along with all of the other board members. In a situation, such as this, where the Defendants had already filed a motion to dismiss testing the legal sufficiency of the complaint prior to the member of the SLC even joining the company's Board, there is no evidence of that SLC member's lack of independence or disinterestedness.

## **CONCLUSION**

For the forgoing reasons, the Defendants respectfully request that Plaintiffs' Motion be denied.

Respectfully submitted,

**THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON, J. RICHARD CROUT, M.D., AND BIOPURE CORPORATION**

By their attorneys,

/s/ Robert A. Buhlman
Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO#636860
Jason D. Lane, BBO #665816
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated:  May 12, 2008

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served electronically upon the attorney of record for each party on May 12, 2008.

                                            /s/ Robert A. Buhlman
                                            Robert A. Buhlman