

Not Reported in A.2d                                                                                                                                                 Page 1
Not Reported in A.2d, 1983 WL 18005 (Del.Ch.)
**(Cite as: Not Reported in A.2d, 1983 WL 18005)**

H Abbey v. Computer & Communications Technology Corp.
Del.Ch.,1983.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.
ABBEY
v.
COMPUTER & COMMUNICATIONS TECHNOLOGY CORP. et al.
**CIVIL ACTION No. 6941.**

Submitted: March 14, 1983.
Decided: April 13, 1983.

Joseph A. Rosenthal, Morris and Rosenthal, P.A., Wilmington.
William O. LaMotte, III, Morris, Nichols, Arsht & Tunnell, Wilmington.
Robert K. Payson, Potter, Anderson & Corroon, Wilmington.
BROWN, Chancellor.

*1 The present posture of this matter is that it is at the third step of the special litigation committee procedure established in *Zapata Corp. v. Maldonado,* Del.Supr., 430 A.2d 779 (1981). Once the Special Litigation Committee was appointed in this case, a motion was made and argued to stay all proceedings by the derivative plaintiff pending the investigation and report of the Committee. Thereafter, the Committee having recommended dismissal of the suit, another application was made to continue the stay pending a hearing and determination on the Committee-sponsored motion to dismiss under *Zapata.* Plaintiff has now responded to this by moving for an order authorizing discovery which, plaintiff contends, is necessary to enable her to adequately prepare to resist the motion to dismiss.

In *Zapata,* in addressing the subject of a motion to dismiss brought on by a special litigation committee, the Supreme Court stated that "[u]nder appropriate Court supervision, akin to proceedings on summary judgment, each side should have an opportunity to make a record on the motion." 430 A.2d 788. At the same page reference the Supreme Court also said as follows with regard to the function of this Court in considering such a motion:

"First, the Court should inquire into the independence and good faith of the committee and the bases supporting its conclusion. *Limited discovery may be ordered to facilitate such inquiries.*" (Emphasis added.)

I take this to mean that as to the record to be made on a motion to dismiss initiated on the corporation's behalf by a special litigation committee, the derivative plaintiff is not entitled to discovery as a matter of right. Rather, the statement that "[l]imited discovery may be ordered" would seem clearly to confine discovery to that which the Court may choose to permit in a given case based upon the circumstances as they appear to the Court. Simply stated, the extent and means of discovery at this stage is governed by the discretion of the Court rather than by any right of the derivative plaintiff.

This, of course, requires the Court to read the report of the special litigation committee before passing on the scope of any "limited" discovery to which the plaintiff may be entitled. I fail to see how the Court could make any meaningful ruling without doing so. The purpose of the limited discovery is to "facilitate" the inquiry of the Court into the independence and good faith of the committee and the reasonableness of the bases supporting its conclusions. Unless the Court familiarizes itself initially with the content of the report, it can scarcely pass upon the areas of information which will serve to facilitate its inquiries.

This feature of the new procedure carries with it a potentially disturbing aspect. It means that the Court is to decide on the extent of any additional factors it may wish to consider before deciding whether or not to dismiss the plaintiff's case. In one sense, this permits the Court to make a determination in advance as to what discovery is relevant as opposed to the normal discovery procedure of permitting the parties to develop the facts supporting their respective positions on their own. Yet, it would seem that this must be if the *Zapata* procedure is to be anything

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-10177-NG     Document 100-3     Filed 05/12/2008     Page 2 of 3

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 1983 WL 18005 (Del.Ch.)
**(Cite as: Not Reported in A.2d, 1983 WL 18005)**

other than an empty exercise at additional work. The present motion of the plaintiff illustrates the point.

*2 The complaint in this case seeks a recovery against certain directors of the corporation for profits allegedly derived by them as a result of selling stock in the corporation based upon inside information. It is charged that these insiders knew at the time that they made their sales that the corporation was about to experience a drop-off in orders from a key customer and that this, when coupled with alleged internal discord at a subsidiary and the intended acquisition by the corporation of another business, would surely cause the market price of the corporation's shares to drop. It is charged that the insiders sold before this information became public knowledge and thus while the market price for the shares was high.

I have read the report of the Special Litigation Committee. In general, it finds that the sales of stock by the insiders were made for legitimate personal reasons, primarily to generate funds to pay personal income tax and other obligations, and that the decisions to sell predated the development of the factors on which the plaintiff relies. The report finds that the drop-off in business was in large part attributable to conditions in the particular industry in which the corporation was involved, and that to a considerable degree this industry slowdown was foreseeable by market analysts based upon publicly available information as of the time that the sales were made. The report also takes the position that neither the acquisition and new business venture by the corporation nor the replacement of a key officer at the allegedly troubled subsidiary caused any measurable adverse effect on the market price of the corporation's shares once such facts were publicly disclosed. For these and other reasons the report concludes that it would not be in the best interests of the corporation for the suit to be pursued.

Plaintiff now says that to properly prepare to meet this recommendation it is necessary for her to take the deposition of the individual defendants and other corporate officers and directors, to depose the persons interviewed by the Committee, to depose the key corporate customer so as to ascertain just when it imparted knowledge that it would be cutting back on its orders, to depose the banks at which the individual defendants had outstanding loans, to depose the stockbrokers through whom the sales were made, and to depose the officer of the subsidiary who was replaced. Plaintiff also wishes to take the deposition of the Special Litigation Committee as well as to have production of all documents relied upon or referred to by the Committee in its report.

From the foregoing, it would seem obvious that what the plaintiff seeks in an effort to combat the motion of the Committee to dismiss is for all practical purposes all of the discovery she would need to prepare her case. Obviously, one way to attack the reasonableness of a special litigation committee's investigation is to take full discovery over all ground covered by the committee and all facts covered by the complaint in an effort to see what holes, if any, can be found in the committee's approach. But if a derivative plaintiff is to be permitted full discovery of his case under the guise of making a record in opposition to a motion to dismiss brought by a special litigation committee, what would be the need for having the special litigation committee procedure to begin with? Surely, the Supreme Court must have intended something else. Otherwise it would not have made the reference to "limited" discovery.

*3 I think that what we are dealing with at this stage is the independence and the reasonableness of the Committee's investigation, and thus, to that extent, the reasonableness of the basis for its conclusions. I do not think that the standard should be to permit the plaintiff to take full Court authorized discovery of the same matters investigated informally by the Committee and to then compare the one against the other in order to test for good faith and reasonableness. The point is a close one in a new and cloudy area of the law. It is particularly awkward to tell a litigant that he may suffer dismissal of his suit before being afforded a full opportunity to develop the facts of his case.

However, in the context of derivative actions, this now appears to be the status of the law. Under *Zapata* the board of directors, through its litigation committee, is still in control to the exclusion of the derivative plaintiff until such time as either (1) this Court finds bad faith or a lack of independence or reasonableness on the part of the special litigation committee or (2) this Court second guesses the reasonable and good faith recommendation of the committee and substitutes its business judgment for that of the duly authorized agent of the board of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3
Not Reported in A.2d, 1983 WL 18005 (Del.Ch.)
**(Cite as: Not Reported in A.2d, 1983 WL 18005)**

directors.

Applied to this case I conclude that plaintiff will be limited to taking the deposition of the Special Litigation Committee with a view toward establishing just what was done in the course of its investigation, and why. This will include production of the documentary materials utilized or relied upon by the Committee during its investigation. Under the circumstances of this matter, I cannot find that the additional discovery sought by the plaintiff is warranted at this procedural stage of the case.

To the extent that plaintiff's motion seeks discovery of the Special Litigation Committee, it is granted. In all other respects the motion is denied. IT IS SO ORDERED.

Del.Ch.,1983.
Abbey v. Computer & Communications Technology Corp.
Not Reported in A.2d, 1983 WL 18005 (Del.Ch.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.