Westlaw.

Not Reported in A.2d  Page 1
Not Reported in A.2d, 2001 WL 1671438 (Del.Ch.)
**(Cite as: Not Reported in A.2d, 2001 WL 1671438)**

Kindt v. Lund
Del.Ch.,2001.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.
KINDT
v.
LUND, et al.
**No. Civ.A. 17751.**

Submitted Sept. 28, 2001.
Decided Dec. 14, 2001.

Dear Counsel:
CHANDLER, J.
***1** I have considered your positions with regard to defendant Nu Skin's motion for a protective order. For the reasons that follow, I conclude that defendant's motion must be granted to the extent that plaintiff's document request fails to seek documents that bear upon the special litigation committee's good faith and independence.

Upon the commencement of a derivative action against Nu Skin, the Board of Directors appointed a special litigation committee ("Special Committee") to investigate the matters asserted in the complaint. In its report ("Report"), dated August 31, 2000, the Special Committee recommended the company move to dismiss the complaint, which the company did on September 11, 2000. Thereafter, plaintiff served her First Request for Production of Documents Directed to the Special Litigation Committee ("Request"). On December 8, 2000, Nu Skin moved to obtain a protective order. This Court then entered a stipulated order requiring Nu Skin to provide plaintiff with any and all minutes of the Special Committee, those portions of the minutes of the Board of Directors of the Company relating to the creation or functioning of the Special Committee, including documents relating to the appointment of its members, and any retention or engagement letters between or among the Special Committee, its counsel or its financial advisor. Although the Company contends it has provided all of the documents consented to in the stipulation, plaintiff responds that she only received the minutes of the Special Committee, redacted minutes of the Company's Board of Directors related to the creation or functioning of the Special Committee, and an engagement letter addressed to one of the Committee's advisor's, KPMG. Plaintiff now requests this Court to allow additional discovery of documents necessary to assess the Special Committee's independence.

It is well established that when a Delaware court addresses a special committee's recommendation to dismiss a derivative claim, the two-fold *Zapata*[FN1] standard applies. *Zapata* prescribes that the Board of Directors remains in control to the exclusion of the derivative plaintiff until one of two things occurs: either (1) the court "finds bad faith or a lack of independence or reasonableness on the part of the special litigation committee" or (2) the court "second guesses the reasonable and good faith recommendation of the committee and substitutes its business judgment for that of the duly authorized agent of the board of directors."[FN2]

> FN1.*Zapata Corp. v. Maldonado,* Del.Supr., 430 A.2d 779 (1981).
>
> FN2.*Abbey v. Computer & Communications Technology Corp., et al.,* Del. Ch., C.A. No. 6941, letter op. at 7, Brown., C. (Apr. 13, 1983).

Plaintiff contends that assessment of the Committee's decision requires more meaningful discovery. She correctly cites *Abbey*[FN3] for the proposition that depositions of the Special Committee members and the production of the documentary materials used and relied upon by the Committee, all properly serve to elucidate the course of the investigation and the motives behind it. The *Abbey* Court found, however, that allowing full-blown discovery into a special committee's investigation would eviscerate the very purpose of having a special committee. Additionally, the *Abbey* Court relied on the Supreme Court's analysis in *Zapata,* concluding that allowable discovery must be limited in scope. It further remarked that the discovery procedures applicable to

Not Reported in A.2d                                                                                                                              Page 2
Not Reported in A.2d, 2001 WL 1671438 (Del.Ch.)
**(Cite as: Not Reported in A.2d, 2001 WL 1671438)**

the challenge of a special committee's motion to dismiss must be focused in light of its purpose, *i.e.,* verification of the independence and good faith of the committee.[FN4] Consistent with this reasoning, I decline plaintiff's invitation to read the *Zapata* standard more broadly. Thus, I will evaluate the document requests in light of the procedural posture of the underlying action. To challenge a special litigation committee's recommendation to dismiss a derivative action, one must demonstrate that the committee lacked good faith and independence. The permitted discovery here should be designed to facilitate the parties' and the courts' examination of these two pertinent attributes. Due to the inquiry's precise focus, I conclude that part of the plaintiff's request for document production exceeds the allowable scope and purpose contemplated by *Zapata.*

> FN3.*Id.*
>
> FN4.*Id.*

**\*2** Plaintiff's discovery request comprises two categories of documents. First, the request asks for all transcripts, notes and summaries of witness interviews conducted by the Committee.[FN5] In addition, plaintiff seeks to obtain all documents reviewed and relied upon by the Committee, including all drafts of the Report and memoranda and opinions procured by the advisors to the Committee.[FN6] The second category of information relates to the underlying challenged transactions at the heart of the lawsuit. This second category includes a request for all memoranda and opinions produced by the advisors to the Committee, the advisors to any party to the challenged transactions, the legal and financial advisors to the Transaction Committee, and minutes of the meetings of the Board of Directors.[FN7] In addition, plaintiff asks for documents concerning the negotiation and drafting of the terms and provisions of various purchase agreements,[FN8] as well as documents concerning compliance with provisions embedded in individual agreements.[FN9]

> FN5.*Cf.* Pl.'s First Req. for Produc. of Docs. Directed to the Special Litig. Comm. Reqs., Reqs. 1-3, 6.
>
> FN6.*Id.,* Req. 4.
>
> FN7.*Id.,* Reqs. 4, 5.
>
> FN8.*Id.,* Reqs. 7, 9, 11, 12, 13, 15.
>
> FN9.*Id.,* Reqs. 8, 10.

The first category of requests concerns the procedure by which the Committee reached its decisions. Thus, the requests seek to explore the quality of the Committee's determinations, as well as the Committee's compliance with the good faith and independence requirement. As a result, I conclude that these requests are proper and must be granted.

The document requests embraced by the second category, however, pertain to the underlying operative facts upon which plaintiff posits her derivative claim. Therefore, these requests appear to be designed to "flesh out" the underlying action, rather than to advance the pending challenge to the Committee's recommendations. As this Court remarked earlier in *Kaplan v. Wyatt,*[FN10] an "all-encompassing discovery is not within the spirit of *Zapata* since its mandate contemplates only such discovery as fits the occasion in view of the Court."Because the second category of requests ignores the narrow objective of ascertaining the Committee's good faith and independence, I am of the view that the requests fail to serve *Zapata's* described purpose. Thus, I grant the requested protective order to this extent.

> FN10.Del. Ch., 484 A.2d 501, 511 (1984), *aff'd,*Del.Supr., 499 A.2d 1184 (1985).

Finally, of course, it is true that Delaware law permits plaintiff, on the basis of the Report and the discoverable documents, to depose the Committee members in order to assess the Committee's good faith and independence.[FN11]

> FN11.*Carlton Investments v. TLC Beatrice International Holdings, Inc.,* Del. Ch., C.A. No. 13950, mem. op. at 12, Allen, C. (Jan. 28, 1997) (holding that "the SLC report and accompanying documents should provide a sufficient basis ... to depose the SLC members themselves and determine whether the investigation was done in good faith and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
Not Reported in A.2d, 2001 WL 1671438 (Del.Ch.)  
**(Cite as: Not Reported in A.2d, 2001 WL 1671438)**

Page 3

in an informed manner and whether the conclusions reached can be thought fair").

IT IS SO ORDERED.

Del.Ch.,2001.  
Kindt v. Lund  
Not Reported in A.2d, 2001 WL 1671438 (Del.Ch.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.