UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION | ) | **Master Docket No. 1:04-cv-10177 (NG)** |
| DERIVATIVE LITIGATION | ) | |
| | ) | |
| | ) | **Assigned to Judge Nancy Gertner** |
| | ) | |
| | ) | **Magistrate Judge Alexander** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL**

    Robert A. Buhlman, BBO #554393
    Michael D. Blanchard, BBO #636860
    Jason D. Lane, BBO #665816
    BINGHAM McCUTCHEN LLP
    150 Federal Street
    Boston, MA 02110
    (617) 951-8000

A/72544280.1

**TABLE OF CONTENTS**

ARGUMENT ..............................................................................................................................1

I.  PLAINTIFFS "INHERENT BIAS" ARGUMENT IS REJECTED BY THE
    CASES THEY CITE TO AND UNDER CONTROLLING DELAWARE LAW..............1

II. PLAINTIFFS' PRIVILEGE ARGUMENT FAILS.........................................................2

CONCLUSION ...........................................................................................................................3

A/72544280.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Burlington Northern and Santa Fe Railway Company v. U.S. District Court of the District of Montana*, 408 F.3d 1142 (9th Cir. 2005) ...................................................... 3

*Hasan v. Clevetrust Realty Investors*, 729 F.2d 372 (6th Cir. 1984) ................................... 1

*Peller v. The Southern Co.*, 707 F. Supp. 525, 527 (N.D. Ga. 1988) ................................. 1

*Strougo v. Padegs*, 27 F. Supp. 2d 442 (S.D.N.Y. 1998) ...................................................... 2

*U.S. v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884 (C.A. D.C. 2004) ................................................................................................................................ 2, 3

## STATE CASES

*Kaplan v. Wyatt*, 499 A.2d 1184 (Del. 1985) ....................................................................... 1

*Zapata Corp. v. Maldonado*, 430 A. 2d 779 (Del. 1981) .................................................... 1

## FEDERAL STATUTES

Fed. R. Civ. Pro 23.1 ............................................................................................................. 2

Fed. R. Civ. P. 26 .................................................................................................................. 3

Fed. R. Civ. P. 34 .................................................................................................................. 3

**ARGUMENT**

Plaintiffs, faced with a string of cases outlining the permissible scope of discovery at this stage of the litigation under Delaware law, respond by introducing two new arguments: one regarding the "inherent bias" that a minority of courts have found with respect to SLC's; and a second that Defendants have waived privilege to certain of the board minutes. Both arguments fail.

The Delaware Supreme Court itself has rejected Plaintiffs' "inherent bias" argument, stating, to the contrary, that the two-step *Zapata* test addresses just that concern. Even the cases relied upon by Plaintiffs acknowledge as much.

In addition, Defendants have not waived privilege to any documents since Defendants have not produced the documents in questions under a good faith belief, based on the string of cases cited in Defendants' Opposition to Plaintiffs Motion to Compel (Docket No. 99), that they are beyond the scope of permissible discovery.

Plaintiffs' Motion should be denied.

**I.     PLAINTIFFS "INHERENT BIAS" ARGUMENT IS REJECTED BY THE CASES THEY CITE TO AND UNDER CONTROLLING DELAWARE LAW.**

Plaintiffs' own citation to case law rejects the "inherent bias" argument they now put forth. The decision in *Hasan v. Clevetrust Realty Investors*, 729 F.2d 372 (6th Cir. 1984), principally relied upon by Plaintiffs and noting SLC's are inherently biased, represents a minority view rejected by most courts, including the courts in Delaware. Indeed, the other case Plaintiffs cite, *Peller v. The Southern Co.*, 707 F. Supp. 525, 527-28 (N.D. Ga. 1988), points to *Hasan* in stating that "[o]nly a minority of courts have found structural bias sufficient to taint the independence of ILC members...The court finds the majority view persuasive." *Peller* then cites to two Delaware court decisions which also reject the minority view of inherent bias. *Id.* citing *Kaplan v. Wyatt*, 499 A.2d 1184, 1189-90 (Del. 1985) ("allegations of natural bias not supported by tangible evidence...do not demonstrate lack of independence"); *Zapata v. Maldonado*, 430 A.2d at 787-89 (Del. 1981) (Explaining that the two-part inquiry set forth therein addresses any

1

possible inherent bias by not affording complete deference to the SLC.) *Id*. Unsurprisingly then, Plaintiffs' cannot distinguish the decision in *Strougo* v. *Padegs* where the court, applying the narrow *Zapata* standard (which governs here) held in a well-reasoned opinion that an SLC member named as a defendant and who moved to dismiss did not lack independence. *Strougo*, 27 F. Supp. 2d 442, 449 (S.D.N.Y. 1998).  The *Strougo* court cites to two decisions to support its reasoning that a motion to dismiss asserting that Plaintiffs failed to comply with the procedural requirements under Fed. R. Civ. Pro 23.1 is not a judgment on the merits of the case. In short, Plaintiffs' argument that an SLC member must be deemed to have "pre-judged" evidence based upon his signature to an SEC filing asserting a belief that the derivative action is without merit rests on a minority view decision from another jurisdiction which has been rejected under governing Delaware law.

## II.   PLAINTIFFS' PRIVILEGE ARGUMENT FAILS.

Plaintiffs' assertion that Defendants have waived privilege to any of the board minutes is surplusage. Defendants withheld the board minutes in question because those board minutes were <u>not</u> <u>responsive</u> -- i.e., not subject to the limited discovery permitted by this Court's June 19, 2006 Order. The Court's Order stated "plaintiffs are permitted to conduct discovery on the question of the SLC members' disinterestedness and independence." The Defendants produced the May 1, 2006 board minutes responsive to the Order and objected to the remainder of the request as beyond the scope of permissible discovery. Defendants' privilege log concerned documents within Defendants' possession, custody or control that **are responsive to the requests but privileged**. Plaintiffs' contention that Defendants' exclusion of these documents from the privilege log is curious, at best.

Indeed, courts have held that where a party has a reasonable belief that a discovery objection is applicable, a failure to list that document in a privilege log does not warrant a waiver of the privilege. In *U.S. v. British American Tobacco (Investments) Ltd.*, 387 F.3d 884 (C.A. D.C. 2004), the defendants did not list a privileged memorandum on their privilege log since they had a reasonable belief that three of their general objections applied to the document in

question. The Court of Appeals overturned the District Court's decision, citing its earlier decision on a previous appeal in which it stated "[w]aiver is not automatic, particularly if the party reasonably believed that its objections applied to the document. As the federal rules, case law and commentators suggest, waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Id.* at 890-91. The Court found that if the District Court ruled that the discovery objections were not valid, that would be the appropriate time to list the document on a privilege log.[1]

## **CONCLUSION**

For the forgoing reasons, the Defendants respectfully request that Plaintiffs' Motion be denied.

---

[1] The Plaintiffs' reliance on *Burlington Northern and Santa Fe Railway Company v. U.S. District Court of the District of Montana*, 408 F.3d 1142 (9th Cir. 2005) is misplaced. That decision discusses the proper timing of asserting the attorney-client privilege and the interplay between Fed. R. Civ. P. 26(b)(5) and 34. Burlington Northern did not hold that a party's failure to assert privileges with respect to documents beyond the scope of discovery requests somehow results in the waiver of the privilege.

Respectfully submitted,

**THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON, J. RICHARD CROUT, M.D., AND BIOPURE CORPORATION**

By their attorneys,


/s/ Robert A. Buhlman
Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO#636860
Jason D. Lane, BBO #665816
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated:  May 21, 2008

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served electronically upon the attorney of record for each party on May 21, 2008.

                               /s/ Robert A. Buhlman
                               Robert A. Buhlman